**WADLEIGH, STARR & PETERS, PLLC**
Pierre A. Chabot – NHBA # 17606
*Admitted Pro hac vice*
Elizabeth E. Ewing – NHBA #269009
*Admitted Pro hac vice*
95 Market Street
Manchester, NH 03101
Telephone: (603) 669-4140
pchabot@wadleighlaw.com
eewing@wadleighlaw.com

**AKERMAN LLP**
Kanika D. Corley (SBN 223607)
kanika.corley@akerman.com
601 W. Fifth Street, Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendant,
THE TRUSTEES OF DARTMOUTH COLLEGE

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. JEFFREY ISAACS,<br><br>Plaintiff,<br><br>v.<br><br>USC KECK SCHOOL OF MEDICINE, GEISEL SCHOOL OF MEDICINE AT DARTMOUTH, DARTMOUTH HITCHCOCK MEDICAL CENTER, NH BOARD OF MEDICINE, GIBSON DUNN & CRUTCHER LLP, and JOHN or JANE DOE,<br><br>Defendants. | CASE NO. 2:19-cv-08000-DSF-RAO<br>The Hon. Dale S. Fischer<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) AND FED. R. CIV. P. 12(b)(6)**<br><br>[*Served concurrently with Defendant's Memorandum of Points and Authorities, Request for Judicial Notice, [Proposed] Order, and Notice of Interested Parties*]<br><br>Date:         November 4, 2019<br>Time:         1:30 p.m.<br>Courtroom:  7D<br>Complaint Filed: September 16, 2019 |

50399081;1

1

**ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 4, 2019, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 7D of the above-entitled Court, located at 350 West 1st Street, Los Angeles, CA 90012, Defendant Trustees of Dartmouth College d/b/a Geisel School of Medicine at Dartmouth will, and hereby do, move this Court to dismiss Plaintiff Dr. Jeffrey Isaacs's Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(6).

The grounds for the Motion are that the Court lacks personal jurisdiction over the Trustees of Dartmouth College because Plaintiff failed to allege that the Trustees of Dartmouth College have had any purposeful contacts with California and has failed to demonstrate, pursuant to 18 U.S.C. § 1965, that no other court would have personal jurisdiction over all Co-Defendants.

As further and independent grounds for dismissal of all claims, Plaintiff's Complaint is barred by res judicata because the claims in the Complaint arise from the same facts as Plaintiff's claims that were resolved on the merits by the Federal District Court for the District of New Hampshire in Plaintiff's 2012 and 2017 lawsuits. In addition, Plaintiff's Complaint is time-barred. Plaintiff discovered the alleged injury of which he complains no later than September 30, 2013. To fall within the Racketeer Influenced and Corrupt Organizations Act ("RICO") limitations period, his Complaint had to be filed within four years of that date. His *Bivens* claim had to be filed within two years of September 30, 2013. Plaintiff did not file those claims until 2019, well

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

50399081;1

after the limitations periods had run. Plaintiff's intentional infliction of emotional distress claim is subject to a two-year statute of limitations. The basis of that claim is the defendants' refusal to consider Plaintiff's reapplications to the DHMC residency program, submitted each year between 2013 and 2019. His claim, which arises from applications submitted more than two years before his Complaint was filed, is therefore time-barred.

Finally, Plaintiff's Complaint fails to plausibly plead facts sufficient to state a RICO claim, a *Bivens* claim, or an intentional infliction of emotional distress claim. His RICO claim fails because he has not pled facts sufficient to show a pattern of predicate acts that caused him harm. His *Bivens* claim fails because he is pursuing the claim against entities, not individuals, and because he does not allege that any defendant was acting under color of federal law. Plaintiff's intentional infliction of emotional distress claim fails because the conduct in which he alleges that the Trustees of Dartmouth College engaged is not "extreme and outrageous" as a matter of law.

This Motion is based upon this Notice, the concurrently submitted Memorandum of Points and Authorities and the exhibits cited therein, all Court files and records in this action, and upon such other matters as may be presented to the Court in connection with this Motion and at the hearing. The Trustees of Dartmouth College hereby incorporate the arguments made in Co-Defendant Dartmouth Hitchcock Medical Center's Motion to Dismiss Plaintiff's Complaint.

50399081;1

This Motion is made following the conference of counsel with Plaintiff pursuant to L.R. 7-3, which took place on July 26, 2019.

DATED: October 7, 2019

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Kanika D. Corley*
    Kanika D. Corley
    Attorneys for Defendant, THE TRUSTEES OF DARTMOUTH COLLEGE

Pierre A. Chabot – NHBA # 17606
*Admitted Pro hac vice*
Elizabeth E. Ewing – NHBA #269009
*Admitted Pro hac vice*
**WADLEIGH, STARR & PETERS, PLLC**
95 Market Street
Manchester, NH 03101
Telephone: (603) 669-4140
pchabot@wadleighlaw.com
eewing@wadleighlaw.com

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

50399081;1