**SULLOWAY & HOLLIS, P.L.L.C.**
William D. Pandolph, *pro hac vice*
*wpandolph@sulloway.com*
9 Capitol Street
Concord, NH 03301
Telephone: (603) 223-2800

**AKERMAN LLP**
Kanika D. Corley  (SBN 223607)
*kanika.corley@akerman.com*
601 W. Fifth Street, Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

Attorneys for Defendant,
DARTMOUTH HITCHCOCK MEDICAL CENTER

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DR. JEFFREY ISAACS,<br><br>              Plaintiff,<br><br>v.<br><br>USC KECK SCHOOL OF MEDICINE, GEISEL SCHOOL OF MEDICINE AT DARTMOUTH, DARTMOUTH HITCHCOCK MEDICAL CENTER, NH BOARD OF MEDICINE, GIBSON DUNN & CRUTCHER LLP, AND JOHN OR JANE DOE,<br><br>              Defendants. | CASE NO. 2:19-cv-08000-DSF-RAO<br>The Hon. Dale S. Fischer<br><br><br>**DEFENDANT DARTMOUTH HITCHCOCK MEDICAL CENTER'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:        January 6, 2020<br>Time:        1:30 p.m.<br>Courtroom:  7D<br>Complaint Filed: September 16, 2019 |

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

50624796;1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 6, 2020, at 1:30 p.m. in Courtroom 7D of the United States District Court for the District of Central California, defendant Dartmouth Hitchcock Medical Center ("DHMC") will move, pursuant to Federal Rules of Civil Procedure 12(b)(2), (5) and (6), to dismiss with prejudice all claims asserted by Plaintiff Dr. Jeffrey Isaacs ("Dr. Isaacs") against DHMC on the following grounds:

1.    This Court lacks personal jurisdiction over DHMC.

2.    Dr. Isaacs' claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, his claim pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, and his claim for intentional infliction of emotional distress must be dismissed because they are barred by res judicata, barred by the applicable statutes of limitations, and because Dr. Isaacs fails to state a claim for which relief may be granted.

3.    Dr. Isaacs' claim for declaratory relief must be dismissed because the issue has already been determined through a state administrative proceeding, and he has no basis for such relief.

PLEASE TAKE FURTHER NOTICE that DHMC hereby joins in and supports the Motion to Dismiss filed by Defendant Trustees of Dartmouth College d/b/a Geisel School of Medicine at Dartmouth, which is scheduled to be heard on November 25, 2019 at 1:30 p.m.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities included herein, matters that may be judicially noticed, the papers and records on file herein, all other pleadings which will be filed by the parties in this action, and such further evidence and argument as the Court may permit or require.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

50624796;1

1    This Motion is made following the telephonic conference held pursuant to
2    Local Rule 7-3 on October 23, 2019.

3                                      **RELIEF SOUGHT**

4    DHMC seeks dismissal of all of Plaintiff's claims against DHMC, with
5    prejudice.

6

7    DATED:  October 30, 2019           Respectfully submitted,

8

9                                       **AKERMAN LLP**

10

11                                      By:  */s/ Kanika D. Corley*
12                                           Kanika D. Corley
13                                           Attorneys    for   Defendant,   DARTMOUTH
                                             HITCHCOCK MEDICAL CENTER
14
15                                      William D. Pandolph, *pro hac vice*
                                        **SULLOWAY & HOLLIS, P.L.L.C.**
16                                      *wpandolph@sulloway.com*
17                                      9 Capitol Street
                                        Concord, NH 03301
18                                      Telephone: (603) 223-2800
19
20
21
22
23
24
25
26
27
28

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

50624796;1

# **Table of Contents**

**Page**

I.    Introduction ........................................................................................1

II.   Factual Background ...........................................................................1

III.  Argument ...........................................................................................6

    A.    Dr. Isaacs' Claims Must Be Dismissed Because This Court Lacks
           Jurisdiction Over DHMC. ........................................................6

    B.    Dr. Isaacs' Claims are Barred By Res Judicata. ....................8

    C.    Dr. Isaacs' Claims Are Barred By the Statute of Limitations. ...........13

    D.    Dr. Isaacs' Request For Declaratory Judgment is Inappropriate........16

    E.    Dr. Isaacs Fails to State Claims for which Relief May Be Granted. ..18

          1.    Legal Standard ...............................................................18

          2.    Intentional Infliction of Emotional Distress ................19

          3.    Bivens ..............................................................................19

          4.    RICO ................................................................................21

IV.   Joinder ..............................................................................................25

V.    Conclusion ........................................................................................25

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# Table of Authorities

## Cases

*Adam Bros. Farming, Inc. v. Cty. of Santa Barbara*
  604 F.3d 1142 (9th Cir. 2010).................................................................10

*Allen v. McCurry*
  449 U.S. 90 (1980) ..........................................................................................9

*Amarelis v. Notter Sch. of Culinary Arts, LLC*
  No. 6:13-cv-54-Orl-31KRS, 2014 U.S. Dist. LEXIS 152065
  (M.D. Fla. Oct. 8, 2014)..............................................................................25

*Anza v. Ideal Steel Supply Corp.*
  547 U.S. 451(2006) .......................................................................................19

*Ballard v. Savage*
  65 F.3d 1495 (9th Cir. 1995)..........................................................................7

*Bancroft & Masters, Inc. v. August National, Inc.*
  223 F.3d 1082 (9th Cir. 2000)........................................................................7

*Barantsevich v. VTB Bank*
  954 F. Supp. 2d 972 (C.D. Cal. 2013) ..........................................................8

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544 (2007))..............................................................................18, 23

*Bivens v. Six Unknown Fed. Narcotics Agents*
  403 U.S. 388 (1971) ......................................................................................19

*Burger King Corp. v. Rudzewicz*
  471 U.S. 462 (1985) ........................................................................................7

*Clements v. Airport Auth. of Washoe County*
  69 F.3d 321 (9th Cir. 1995)............................................................................9

*Corr. Servs. Corp. v. Malesko*
  534 U.S. 61 (2001) ..................................................................................19, 21

*Costantini v. Trans World Airlines*
  681 F.2d 1199 (9th Cir. 1982).......................................................................10

*De Anza Properties X, Ltd. v. County of Santa Cruz*
  936 F.2d 1084 (9th Cir. 1991).......................................................................15

*Eclectic Props. E., Ltd. Liab. Co. v. Marcus & Millichap Co.*
  751 F.3d 990 (9th Cir. 2014).........................................................................24

*Edejer v. DHI Mortgage Co.*
  2009 U.S. Dist. LEXIS 52900 (N.D. Cal. June 12, 2009) ..........................16

*Forsyth v. Humana, Inc.*
  114 F.3d 1467 (9th Cir. 1997).......................................................................21

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

50624796;1

*Frankel v. Cole*
No. 06-CV-439 (CBA)(RER), 2006 U.S. Dist. LEXIS 96775
(E.D.N.Y. Apr. 20, 2007)..................................................................................25

*Goldberg v. Cameron*
694 F. App'x 564 (9th Cir. 2017)...................................................................11

*Gomez v. Bank of Am., N.A.*
642 F. App'x 670 (9th Cir. 2016)...................................................................18

*Grimmett v. Brown*
75 F.3d 506 (9th Cir. 1996)..............................................................13, 14, 15

*Guild Wineries & Distilleries v. Whitehall Co.*
853 F.2d 755 (9th Cir. 1988)...........................................................................17

*Gutierrez v. Givens*
989 F.Supp. 1033 (S.D. Cal. 1997)..................................................................8

*H.J. Inc. v. Northwestern Bell Tel. Co.*
492 U.S. 229 (1989)........................................................................................24

*Havensight Capital, LLC v. Facebook, Inc.*
No. CV 17-6727 FMO (MRWx), 2018 U.S. Dist. LEXIS 163469
(C.D. Cal. Sep. 24, 2018).................................................................................11

*Hawkins v. County of L.A.*
2015 U.S. Dist. LEXIS 18443 (C.D. Cal. Jan. 9, 2015) ..................................2

*Hurley v. Lindsay*
207 F.2d 410 (4th Cir. 1953)...........................................................................16

*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*
11 F.3d 1460 (9th Cir. 1993)...........................................................................12

*In re Multidistrict Vehicle Air Pollution*
591 F.2d 68 (9th Cir.)................................................................................14, 15

*Integral Dev. Corp. v. Tolat*
No. C 12-06575 JSW, 2013 U.S. Dist. LEXIS 153705
(N.D. Cal. Oct. 25, 2013).................................................................................16

*Isaacs v. Arizona Board of Regents*
608 Fed. Appx. 70; 2015 U.S. App. LEXIS 5576 (3rd Cir. April 7, 2015) ..............5

*Isaacs v. Dartmouth-Hitchcock Med. Ctr.*
Civil No. 12-cv-040-LM, 2014 U.S. Dist. LEXIS 54183
(D.N.H. April 18, 2014)..........................................................................passim

*Isaacs v. Trustees of Dartmouth Coll.*
No. 17-cv-00040-LM, 2018 U.S. Dist. LEXIS 19045
(D.N.H. Feb. 5, 2018) .................................................................................5, 10

*Isaacs v. Trustees of Dartmouth College*
No. CIV.A. 13-5708, 2014 U.S. Dist. LEXIS 118046
(E.D. Pa. Aug. 25, 2014).............................................................................5, 10

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 • FAX: (213) 627-6342

iii

*Izenberg v. ETS Servs., LLC*
   589 F. Supp. 2d 1193 (C.D. Cal. 2008) ....................................21, 22, 23, 24

*Jablon v. Dean Witter & Co.*
   614 F.2d 677 (9th Cir. 1980)................................................................15

*Jackson v. E. Bay Hosp.*
   980 F. Supp. 1341 (N.D. Cal. 1997) ......................................................20

*Just Film, Inc. v. Merch. Servs.*
   No. C 10-1993 CW, 2010 U.S. Dist. LEXIS 130230
   (N.D. Cal. Nov. 29, 2010) ...................................................................24

*Kuzmicki v. Hanrahan*
   No. 3:17-cv-00342-RCJ-VPC, 2018 U.S. Dist. LEXIS 75688
   (D. Nev. May 4, 2018) .......................................................................20

*Leon v. IDX Sys. Corp.*
   464 F.3d 951 (9th Cir. 2006).................................................................10

*Lopez v. Wells Fargo Bank, N.A.*
   727 F. App'x 425 (9th Cir. 2018) .........................................................15

*Marceau v. IBEW Local 1269*
   No. CV 05-02874-PHX-MHM, 2006 U.S. Dist. LEXIS 47766
   (D. Ariz. July 7, 2006) .......................................................................14

*McDaniel v. Loyola Univ. Med. Ctr.*
   No. 13-cv-06500, 2014 U.S. Dist. LEXIS 120042
   (N.D. Ill. Aug. 28, 2014)....................................................................20

*MGIC Indem. Corp. v. Weisman*
   803 F.2d 500 (9th Cir. 1986)..................................................................2

*Mir v. Frandzel*
   No. 2:15-cv-04101-CAS(FFMx), 2016 U.S. Dist. LEXIS 109418
   (C.D. Cal. Aug. 16, 2016) .....................................................................9

*Morse v. N. Coast Opportunities*
   118 F.3d 1338 (9th Cir. 1997)...............................................................20

*Myers v. Bennett Law Offices*
   238 F.3d 1068 (9th Cir. 2001)................................................................7

*Odom v. Microsoft Corp.*
   486 F.3d 541 (9th Cir. 2007).................................................................22

*Or. Laborers-Employers Health & Welfare Tr. Fund v. Philip Morris, Inc.*
   185 F.3d 957 (9th Cir. 1999).................................................................25

*Osk Dev. v. Cty. of Lake*
   No. C-91-3749-VRW, 1995 U.S. Dist. LEXIS 7038
   (N.D. Cal. May 12, 1995) ...................................................................18

*Pace Industries, Inc., v. Three Phoenix Co.*
   813 F.2d 234 (9th Cir. 1987).................................................................14

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

iv

*Papai v. Harbor Tug and Barge Co.*
  67 F.3d 203 (9th Cir. 1995)..................................................................................2

*Pincay v. Andrews*
  238 F.3d 1106 (9th Cir. 2001).......................................................................13, 14

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*
  735 F. App'x 241 (9th Cir. 2018)......................................................................18

*Pyle v. Hatley*
  239 F. Supp. 2d 970 (C.D. Cal. 2002) ...............................................................6, 7

*Ramallo Bros. Printing Inc. v. El Dia, Inc*.
  490 F.3d 86 (1st Cir. 2007) ...............................................................................12

*Rebel Communications, LLC v. Virgin Valley Water District*
  2013 U.S. Dist. LEXIS 120887 (D. Nev. Aug. 26, 2013) ......................................16

*Religious Tech. Ctr. v. Wollersheim*
  796 F.2d 1076 (9th Cir. 1986)...........................................................................25

*Rendell-Baker v. Kohn*
  457 U.S. 830 (1982)..........................................................................................20

*Rezner v. Bayerische Hypo Und Vereinsbank AG*
  630 F.3d 866 (9th Cir. 2010).............................................................................19

*Schwarz v. Meinberg*
  761 F. App'x 732 (9th Cir. 2019) ......................................................................15

*Scott v. Kuhlmann*
  746 F.2d 1377 (9th Cir. 1984).............................................................................8

*Semegen v. Weidner*
  780 F.2d 727 (9th Cir. 1985).............................................................................24

*Severance v. Pavlovic*
  No. CV 18-10348-VBF (PLA), 2019 U.S. Dist. LEXIS 34202
  (C.D. Cal. Feb. 4, 2019) ..............................................................................19, 21

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*
  322 F.3d 1064 (9th Cir. 2003).............................................................................9

*Taylor v. Sturgell*
  553 U.S. 880 (2008) ...........................................................................................8

*Turtle Island Restoration Network v. U.S. Dep't of State*
  673 F.3d 914 (9th Cir. 2012).............................................................................11

*United States ex rel. Robinson Rancheria v. Borneo, Inc.*
  971 F.2d 244 (9th Cir. 1992)...............................................................................2

*United States v. Doherty*
  786 F.2d 491 (2d Cir. 1986)..............................................................................16

*United States v. State of Washington*
  759 F.2d 1353 (9th Cir. 1985)...........................................................................16

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*United States v. Turkette*
  452 U.S. 576 (1981) .......................................................................... 21

*Univ. of Tenn. v. Elliott*
  478 U.S. 788 (1986) .......................................................................... 17

*Van Strum v. Lawn*
  940 F.2d 406 (9th Cir. 1991) ........................................................... 21

*Vega v. United States*
  881 F.3d 1146 (9th Cir. 2018) .................................................... 19, 20

*Volm v. Legacy Health Sys.*
  237 F. Supp. 2d 1166 (D. Or. 2002) ............................................... 19

*Warden v. Cross*
  94 F. App'x 474 (9th Cir. 2004) ................................................. 22, 24

*Yagman v. Garcetti*
  743 F. App'x 837 (9th Cir. 2018) .................................................... 11

*Ziglar v. Abbasi*
  137 S. Ct. 1843 (2017) ..................................................................... 20

**Statutes**

18 U.S.C. § 1341 ................................................................................ 23

18 U.S.C. § 1503 ................................................................................ 23

18 U.S.C. § 1512 ................................................................................ 23

18 U.S.C. § 1513(e) ........................................................................... 23

18 U.S.C. § 1961(4) ..................................................................... 21, 24

18 U.S.C. § 1962(c) ........................................................................... 21

18 U.S.C. § 1964(c) ........................................................................... 18

28 U.S.C. § 2201(a) ........................................................................... 15

**Other Authorities**

4 K. Davis, Administrative Law Treatise § 21.9 (2d ed. 1983) ................... 17

Restatement (Second) of Judgments § 83 (1982) .................................. 17

**Rules**

Fed. R. Civ. P. 12(b)(5) ........................................................................ 7

Fed. R. Civ. P. 4(m) ............................................................................. 7

Fed. R. of Civ. P. 12(b)(6) .................................................................. 18

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

50624796;1

Fed. R. of Civ. P. 8(a) ........................................................................................ 18

Fed. R. of Civ. P. 9(b) ................................................................................. 18, 23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

50624796;1

## I.     Introduction

To date, plaintiff Dr. Jeffrey Isaacs ("Dr. Isaacs") has filed at least 12 Complaints asserting various claims against Dartmouth-Hitchcock Medical Center and/or Mary Hitchcock Memorial Hospital (collectively "DHMC") arising from his: (a) dismissal from a residency program in March 2012, in part, because of his failure to disclose his prior dismissal from the Keck School of Medicine of the University of Southern California ("Keck"); (b) March 2014 public reprimand from the New Hampshire Board of Medicine ("Board") for the same; and (c) non-acceptance back into the residency program after repeated applications.

The suit is barred by res judicata due to the number of times Dr. Isaacs has already tried, and failed, to challenge these actions, including on grounds that defendants improperly obtained and relied on information regarding his dismissal from Keck.  Similarly, the issue he seeks to resolve through a declaratory ruling has already been determined by a state administrative agency.  As evidenced by his constant, long-standing litigating, it is obvious that Dr. Isaacs knew of his current claims long before he brought the instant action, and, therefore, his claims also are barred by the applicable statutes of limitations.  His claims also fail substantively as he has failed to plead sufficient facts to state a claim for any of his causes of action. Finally, this action against DHMC should be dismissed because this Court lacks personal jurisdiction over DHMC.

## II.     Factual Background

Dr. Isaacs began attending medical school at Keck in 2005. Complaint ("Compl.") ¶ 14.  He was disciplined and ultimately expelled after contacting another student in violation of a stay-away order.  *Id*. ¶¶ 23, 27-28, 30.  *See also Isaacs v. Dartmouth-Hitchcock Med. Ctr.*, Civil No. 12-cv-040-LM2014, U.S. Dist. LEXIS 54183, *5 (D.N.H. Apr. 18, 2014) (summary judgment order deeming certain facts admitted by Dr. Isaacs) ("During his first year [at Keck], [Dr. Isaacs] was suspended

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1

1    and ultimately dismissed for harassing a classmate") (Pandolph Decl., Ex. 1).[1]

2         Dr. Isaacs filed a lawsuit against Keck, among other defendants, arising out of

3    his expulsion from the program. Compl. ¶ 32. The parties entered into two settlement

4    agreements to resolve that litigation. *Id*. ¶¶ 34-38. Dr. Isaacs claims that these two

5    settlement agreements: (a) authorize him not to disclose his attendance at and

6    dismissal from Keck to any third party, including any medical licensing board; and (b)

7    preclude any third party from learning of or considering his dismissal from Keck. *See*

8    *id*. ¶¶ 35-36, 40.

9         In September 2009, Dr. Isaacs submitted an Electronic Residency Application

10   Service ("ERAS") application to the University of Arizona ("UA"), in which he

11   omitted his attendance at Keck. *Isaacs*, 2014 U.S. Dist. LEXIS 54183, at *5. A few

12   weeks after starting his residency at UA, Dr. Isaacs was issued a "Notice of

13   Deficiency" that cited, among other things, his "[d]emonstrated incompetence in

14   professional activities related to the fulfillment of assigned duties and responsibilities

15   associated with [his] position." *Id.* at *5. Several weeks later, Dr. Isaacs was notified

16   that he was going to be put on probation, "based upon his performance and his poor

17   evaluations." *Id.* at *5-6. In response, he resigned. *Id.* at *6.

18        In September 2010, Dr. Isaacs submitted an ERAS application to a residency

19   program sponsored by DHMC. *Id.* at *6; *see* Compl. ¶¶ 16, 68. In his application,

20

21

22        [1] This Court may consider previous court orders in deciding this Motion to
     Dismiss. *See Papai v. Harbor Tug and Barge Co.*, 67 F.3d 203, 207, n.5 (9th Cir.
23   1995) (judicial notice of orders and decisions made by other courts is proper); *United
     States ex rel. Robinson Rancheria v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)
24   (judicial notice of "proceedings in other courts, both within and without the federal
     judicial system, if those proceedings have a direct relation to matters at issue" is
25   proper); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (courts
     may take judicial notice of matters of public record outside the pleadings). This is
26   especially true insofar as DHMC is seeking to dismiss this action based on res
     judicata. *Hawkins v. County of L.A.*, 2015 U.S. Dist. LEXIS 18443, **3-4 (C.D. Cal.
27   Jan. 9, 2015) ("Where, as here, however, Defendant has moved to dismiss the action
     based on *res judicata* and has requested that the Court take judicial notice of the
28   pleadings in other cases to establish the basis for *res judicata*, the Court is allowed to
     consider those pleadings.").

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

50624796;1

1  Dr. Isaacs omitted both his attendance at USC and his residency at UA. *Isaacs*, 2014

2  U.S. Dist. LEXIS 54183 , at *6-7.

3      Based upon this application, he was offered admission, *id*., and began the

4  residency program at DHMC in July 2011, Compl. ¶ 68. Within days, concerns

5  regarding his ability to handle the work arose, and in mid-September 2011, he was

6  placed on a Performance Improvement Plan. *Isaacs*, 2014 U.S. Dist. LEXIS 54183, at

7  *10-11. Shortly after beginning his second rotation in January 2012, he was placed on

8  administrative leave. *Id*. at *12. Dr. Isaacs was dismissed from the residency

9  program by letter dated March 19, 2012, because of both continued performance

10  issues and omissions in his ERAS application and application for a medical training

11  license. *See id.* at *12-14.

12      In March 2012, the New Hampshire Board of Medicine "commenced an

13  investigation to determine whether [Dr. Isaacs] committed professional misconduct

14  pursuant to RSA 329:17, VI and 329:18" in connection with his May 2011 application

15  for a resident training license. *See* Pandolph Decl., Ex. 2 ("Final Decision and Order"

16  of New Hampshire Board of Medicine).[2] By a decision dated March 11, 2014, the

17  Board determined that Dr. Isaacs had provided false information on his May 2011

18  application. Although the Board found that it need not take action on Dr. Isaacs'

19  training license because it had been "revoked" or "canceled by operation of law" as of

20  the date of his termination from the residency program, it nonetheless reprimanded

21  him. *Id.*

22      From the outset, Dr. Isaacs has maintained that he did not have to disclose his

23  attendance and dismissal to DHMC or the Board, and, therefore, those entities could

24  not consider his omission (or the fact and circumstances of his dismissal from Keck)

25  in disciplining him because of his settlement agreements with Keck, whereby Keck

26  _____

27      [2] The Board's Order was also submitted with the Plaintiff's Complaint, (ECF
   Doc. 1-2 at 125-32), but is an incomplete copy. DHMC attaches a complete copy as
28  an exhibit to this Motion. Pandolph Decl., Ex. 2.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

50624796;1

agreed, *inter alia*, not to "release or disclose Isaacs' disciplinary records to any third party." Compl. ¶ 35. The Board disagreed, finding that whether Dr. Isaacs:

> entered into a settlement agreement [with Keck] does not negate the fact that he attended a medical educational institution which ultimately dismissed him and will never allow him to return. The fact remains that there was discipline and expulsion from a medical institution notwithstanding the representation that the records have been sealed or a subsequent agreement "annulled all contracts." That [Dr. Isaacs] brought a lawsuit against [Keck], which the parties settled and where [Keck] denied liability for the claims against it *does not immunize [Dr. Isaacs] from answering the application question truthfully*.

Pandolph Decl., Ex. 2 at 7 (ECF Doc. 1-2 at 131) (emphasis added).[3]

These events led to a series of lawsuits by Dr. Isaacs against DHMC and other defendants. Shortly before he was dismissed from his DHMC residency, in February 2012, Dr. Isaacs filed a complaint in the United States District Court for the District of New Hampshire. *Isaacs*, 2014 U.S. Dist. LEXIS 54183, at *15. After it was amended, that action brought claims of: (1) violation of the ADA; (2) wrongful termination; (3) violation of N.H. RSA 354-A; (4) breach of contract; (5) breach of the covenant of good faith and fair dealing; (6) negligent misrepresentation; (7) violation of Section 504 of the Rehabilitation Act; (8) fraud; (9) intentional infliction of emotional distress; and (10) negligent infliction of emotional distress, all arising from Dr. Isaacs' residency at DHMC and his dismissal from the residency program. The

---

[3] Notwithstanding any agreement between Dr. Isaacs and Keck whereby Keck agreed not to "release or disclose Isaacs' disciplinary records to any third party," Compl. ¶ 35, the fact that Dr. Isaacs was dismissed from Keck and why is a matter of public record via the Public Access to Court Electronic Records ("PACER") service. *See id.* ¶ 240. *See, e.g.*, *Isaacs v. University of Southern California*, Case 2:06-cv-03338-GAF-E (CM/ECF Doc. 68 Declaration of Peter J. Katsufrakis) (Pandolph Decl., Ex. 3). *See also* Pandolph Decl., Ex. 2 at 5 (ECF 33-1 at 59) (indicating that the New Hampshire Board of Medicine's investigator obtained documents reflecting that Dr. Isaacs "was dismissed from the Keck School" as "public records available on-line from the federal court system"). Notwithstanding, Dr. Isaacs maintains (erroneously) that a "source" associated with Keck informed DHMC and/or the New Hampshire Board of Medicine about Dr. Isaacs' attendance and dismissal from Keck. *See* Compl. ¶ 240.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    court granted summary judgment in favor of the defendants on all claims. *Id.* at *74.

2        Dr. Isaacs filed a related complaint in the Pennsylvania federal court in

3    September 2013. The claims were related to Dr. Isaacs' "residency application" and

4    actions/proceedings undertaken in connection with the same. *Isaacs v. Trustees of

5    Dartmouth College*, No. CIV. A. 13-5708, 2014 U.S. Dist. LEXIS 118046 (E.D. Pa.

6    Aug. 25, 2014) (Pandolph Decl., Ex. 4). The claims included conspiracy related to the

7    disclosure of information about his prior attendance at a "California medical school"

8    and "false performance criticisms" during his medical residency (Count 1); intentional

9    infliction of emotional distress (Count 2); breach of contract (Count 3); civil

10    obstruction of justice relating to the alleged deletion of certain emails (Count 4); and a

11    request that the Board of Medicine be enjoined from taking adverse action against

12    Dr. Isaacs concerning his "licensure application" and for MHMH to "retract their letter

13    dismissing" Dr. Isaacs (Count 5).[4] By order dated August 25, 2014, Dr. Isaacs' claims

14    were dismissed. *Id.* The dismissal was affirmed by the United States Court of

15    Appeals for the Third Circuit in April 2015. *Isaacs v. Arizona Board of Regents*, 608

16    Fed. App'x 70; 2015 U.S. App. LEXIS 5576 (3d Cir. Apr. 7, 2015) (Pandolph Decl.,

17    Ex. 7).

18        In February 2017, Dr. Isaacs sued DHMC and others in the District of New

19    Hampshire once again. *See Isaacs v. Trustees of Dartmouth Coll.*, No. 17-cv-00040-

20    LM, 2018 U.S. Dist. LEXIS 19045 (D.N.H. Feb. 5, 2018) (Pandolph Decl., Ex. 8).

21    This action also pertained to his 2010 application for a medical residency, his 2011-12

22    medical residency, his 2012 dismissal from the residency program, actions taken by

---

[4] In his September 2013 Complaint, Dr. Isaacs asserted that Keck "agreed to seal any and all disciplinary records pertaining to [him]" and issued "a broad acquittal of [him] and discharge[ed] prior enrollment matriculation contracts" (Complaint ¶ 9), and asserted claims based on "evidence" that "someone [*i.e.*, John Doe #2] was leaking information about California to his residency programs, in violation of settlement agreements" because he or she "did not want [Dr. Isaacs] to become a licensed doctor" (Complaint ¶¶ 15, 22) (Pandolph Decl., Ex. 5). In December 2013, he added a conspiracy claim premised on the transmission of "knowledge of acquitted and sealed disciplinary actions … with the intent to cause embarrassment, reputational and career loss to [him]." Amended Complaint ¶ 36 (Pandolph Decl., Ex. 6).

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

50624796;1

the New Hampshire Board of Medicine related to the same, and the denial of re-applications to the residency program in 2013, 2014, 2015, and 2016.  Specifically, Dr. Isaacs brought several claims against DHMC, including:  Fifth Amendment due process violation (Count II); violation of 42 U.S.C. § 1983 (Count III); violation of 42 U.S.C. § 1985(3) (Count IV); violation of Title IX (Count V); ADA and Title IX retaliation (Count VII); and a claim seeking injunctive relief (Count VIII).[5] *Id.* at *3.  These claims were dismissed.

In the instant Complaint, Dr. Isaacs alleges (as relevant to DHMC): Intentional Infliction of Emotional Distress (Count III); an implied cause of action under Bivens (Count V); a violation of RICO (Count VII); and seeks declaratory relief (Count I).  Once again, the lawsuit revolves around Dr. Isaacs' expulsion from Keck, his dismissal from DHMC, the proceedings before the New Hampshire Board of Medicine, and his failure to be re-admitted to the DHMC residency program.  Overall, he alleges that the defendants have prevented him from training for a medical license and deprived him of a medical career.  Compl. ¶ 8-9, 14.

### III.    Argument

### A. Dr. Isaacs' Claims Must Be Dismissed Because This Court Lacks Jurisdiction Over DHMC.

This Court lacks personal jurisdiction over DHMC as a nonresident as to Dr. Isaacs' claims.  "Due process requires that nonresident defendants have certain minimum contacts with the forum state, so that the exercise of personal jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"  *Pyle v. Hatley*, 239 F. Supp. 2d 970, 978 (C.D. Cal. 2002) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  "General jurisdiction may be asserted over a

---

[5] Again, Dr. Isaacs insisted that the settlement agreement with Keck "ordered [him] not to disclose his enrollment at Keck" (Complaint ¶ 120) (Pandolph Decl., Ex. 9), and that DHMC "did not acquire these [sealed] records through the normal channels" (*Id*. ¶ 125).  *But see id*. ¶ 119 (noting that a settlement agreement with Keck "is available on PACER").

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

nonresident defendant whose contacts with a state are substantial, continuous or systematic." *Pyle*, 239 F. Supp. 2d at 978. Here, Dr. Isaacs has not alleged, nor could he show, that DHMC has such contacts such that general jurisdiction is appropriate.

For specific jurisdiction to apply: (1) the defendant must purposefully direct its activities to the forum state or perform some act by which it purposefully avails itself of the privileges of conducting activities in the forum; (2) the claim must arise out of or relate to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice. *Id*. Here, DHMC has not purposely directed actions toward California. "The 'purposeful availment' requirement ensures that a defendant will not be hauled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citations omitted). In this case, Dr. Isaacs' only example of DHMC directing activity toward the state is that someone at Keck might have shared records with DHMC. DHMC itself took no action to reach into this forum. DHMC's only real connection to this forum is a result of Dr. Isaacs attending Keck prior to enrolling at DHMC (which, due to his omissions, DHMC was not even aware of when it admitted him). This is exactly the kind of "random" or "fortuitous" contact that cannot serve as a basis for jurisdiction over a defendant. Additionally, Dr. Isaacs must show that any contacts by DHMC give rise to the current suit. *See Bancroft & Masters, Inc. v. August National, Inc*., 223 F.3d 1082, 1088 (9th Cir. 2000); *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). This requirement is measured in terms of "but for" causation; that is, the plaintiff "must show that [he] would not have suffered an injury 'but for' [defendants'] forum[-]related conduct." *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001). Here, Dr. Isaacs' claimed injuries do not depend on any conduct by DHMC directed to this forum. Per his allegations, he would have suffered an injury even if DHMC were not involved at all, as these events began long before Dr. Isaacs had any connection to DHMC. *See* Compl. ¶ 254 ("Dartmouth defendants didn't participate in the enterprise years 2006-2011"). For

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL: (213) 688-9500 – FAX: (213) 627-6342

7

1    these reasons, this Court lacks jurisdiction over DHMC, and the case against it must

2    be dismissed.

3        Further, this Court may not exercise jurisdiction over DHMC based on Dr.

4    Isaacs' RICO claim. Although that statute generally allows for nationwide service of

5    process, *see* 18 U.S.C. § 1965(b), it does not apply here. "To take advantage of

6    nationwide service under RICO, however, a plaintiff must adduce evidence that there

7    is *no other district* in the United States that would have personal jurisdiction over all

8    of the alleged co-conspirators." *Barantsevich v. VTB Bank*, 954 F. Supp. 2d 972, 989

9    (C.D. Cal. 2013) (emphasis added). Dr. Isaacs "has the burden of showing

10   affirmatively that this is the case." *Id.* at 990. Dr. Isaacs has not made any showing

11   that no other district would have personal jurisdiction over all the defendants in this

12   case. *See Gutierrez v. Givens*, 989 F. Supp. 1033, 1038 (S.D. Cal. 1997) ("Plaintiffs

13   have not demonstrated that no other district exists in which all Defendants would be

14   subject to jurisdiction. Therefore, personal jurisdiction cannot be established under

15   § 1965(b) at this time.").

16       B. Dr. Isaacs' Claims are Barred By Res Judicata.

17       The claims against DHMC must be dismissed because they are barred by the

18   doctrine of res judicata. A court may rule on res judicata arguments via a motion to

19   dismiss. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam)

20   (affirming the district court's dismissal of a plaintiff's complaint where "[t]he

21   defendants raised res judicata in their motion to dismiss under Rule 12(b)(6)" because

22   although "[o]rdinarily affirmative defenses may not be raised by motion to

23   dismiss, . . . this is not true when, as here, the defense raises no disputed issues of

24   fact").

25       "The preclusive effect of a judgment is defined by claim preclusion and issue

26   preclusion, which are collectively referred to as res judicata." *Taylor v. Sturgell*, 553

27   U.S. 880, 892 (2008) (internal quotes omitted). "Under the doctrine of claim

28   preclusion, a final judgment forecloses successive litigation of the very same claim,

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

whether or not relitigation of the claim raises the same issues as the earlier suit." *Id.* (quotation omitted).  "Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Id.* (quotation omitted).  "By precluding parties from contesting matters that they have had a full and fair opportunity to litigate, these two doctrines protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* (quotations and brackets omitted).

"Under the federal doctrine of claim preclusion, or res judicata, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Mir v. Frandzel*, No. 2:15-cv-04101-CAS(FFMx), 2016 U.S. Dist. LEXIS 109418, at *11-12 (C.D. Cal. Aug. 16, 2016) (quoting *Allen v. McCurry*, 449 U.S. 90, 93 (1980)). "Claim preclusion is a broad doctrine that bars bringing claims that were previously litigated as well as some claims that were never before adjudicated." *Clements v. Airport Auth. of Washoe Cty.*, 69 F.3d 321, 327 (9th Cir. 1995).  For a dismissal of an action to have preclusive effect, the adjudication must have: "(1) involved the same 'claim' as this suit; (2) have reached a final judgment on the merits; and (3) have involved the same parties or their privies." *Mir v. Frandzel*, 2016 U.S. Dist. LEXIS 109418, at *12.  "The fact that res judicata depends on an 'identity of claims' does not mean that an imaginative attorney may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated [in the previous action]. . . . Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077-78 (9th Cir. 2003).

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Here, for all of Dr. Isaacs' claims, the second and third prongs of the test are easily satisfied.    Previous litigation, *see Isaacs v. Dartmouth-Hitchcock Medical Center*, 2014 U.S. Dist. LEXIS 54183 (D.N.H. April 18, 2014); *Isaacs v. Trustees of Dartmouth College*, 2014 U.S. Dist. LEXIS 118046 (E.D. Pa. Aug. 25, 2014); *Isaacs v. Trustees of Dartmouth Coll.*, 2018 U.S. Dist. LEXIS 19045 (D.N.H. Feb. 5, 2018), *aff'd*, No. 18-1560 (1st Cir. Jan. 3, 2019), *petition for cert. denied*, 2019 U.S. LEXIS 5067, at *1 (U.S. Oct. 7, 2019) (No. 18-1411) involved both Dr. Isaacs and defendant DHMC as parties.    Those prior actions ended in final judgments on the merits for Dr. Isaacs' claims.    *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 962 (9th Cir. 2006) ("A dismissal with prejudice is a determination on the merits.").

The first prong—that the same claim is involved—is also satisfied here.    Courts determine whether or not two claims are the same for purposes of claim preclusion based upon:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982).

The instant action and Dr. Isaacs' previous suits clearly arise out of the same "transactional nucleus of facts," notwithstanding that this is his first time bringing a RICO claim or a *Bivens* cause of action.[6]    *See Adam Bros. Farming, Inc. v. Cty. of Santa Barbara*, 604 F.3d 1142, 1149 (9th Cir. 2010) ("The substance of [plaintiff's] state and federal complaints is nearly identical. . . . For purposes of res judicata, it is irrelevant that [plaintiff] attempts to recover under different legal theories.").    The conduct that Dr. Isaac challenges is the same that he challenged in earlier suits, *i.e.*, the use of his allegedly sealed Keck file, his treatment during his residency at Dartmouth, his dismissal from his residency, and his inability to be

---

[6] Dr. Isaacs voluntarily dismissed a prior action, *Isaacs v. Dartmouth Hitchcock Med. Cntr.*, No. 2:19-cv-02011-DSF-RAO, bringing RICO and *Bivens* claims. *See* Compl. ¶ 21.

50624796;1

readmitted to the program.  All of his claims could have been brought in prior suits and, accordingly, they are now barred.  *See Havensight Capital, LLC v. Facebook, Inc.*, No. CV 17-6727 FMO (MRWx), 2018 U.S. Dist. LEXIS 163469, at *24-25 (C.D. Cal. Sep. 24, 2018); *see also Goldberg v. Cameron*, 694 F. App'x 564, 565-66 (9th Cir. 2017).

Even assuming that Dr. Isaacs' current claim does in fact challenge actions that occurred after the previous court orders, such as the denial of recent applications to the residency program, Compl. ¶¶ 143-147, his Complaint is still barred by issue preclusion because he challenges the same type of acts by the defendants and raises the same issues, which were already litigated and decided in favor of DHMC.  In a similar case, a plaintiff continued to challenge parking tickets he received.  *Yagman v. Garcetti*, 743 F. App'x 837, 839 (9th Cir. 2018).  The plaintiff argued that his case "present[ed] a new, unprecluded claim" because it was based on a ticket received in 2015–after he filed his two previous complaints.  *Id*.  The Ninth Circuit rejected this argument, explaining that "a new factual event does not necessarily give rise to a new legal claim where the challenge is to the same ongoing procedure or policy and the new factual event is alleged only as an example of a long-standing practice of non-compliance with the law."  *Id*. at 839-40 (citing *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012)) (quotation marks, brackets, and ellipsis omitted).  "[T]o avoid the preclusive effect of [earlier] judgments," a plaintiff "must identify a factually different procedure distinct from and occurring after the one alleged in his earlier complaints."  *Yagman*, 743 F. App'x at 839.

Similarly, in *Turtle Island Restoration Network* the Court found a group's action precluded when the certifications that formed the factual basis for the Complaint were "new only in the sense that they are made annually and involve different countries."  *Turtle Island Restoration Network*, 673 F.3d at 919.  The Court declined to accept the plaintiff's argument that it brought new claims that were not precluded because "there would be nothing stopping it from bringing a new general challenge to the

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

certification process based on next year's certification decisions, and every year from now on. That's exactly the kind of piecemeal litigation res judicata aims to prevent." *Id.* at 918-19; *see In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 11 F.3d 1460, 1464 (9th Cir. 1993) (finding claim precluded when plaintiff did not allege a new conspiracy or new acts, but rather, alleged distinct conduct "only in the limited sense that every day is a new day, so doing the same thing today as yesterday is distinct from what was done yesterday"); *see also Ramallo Bros. Printing Inc. v. El Dia, Inc.*, 490 F.3d 86, 91-92 (1st Cir. 2007) ("[A] plaintiff cannot avoid the bar of collateral estoppel simply by suing a defendant for continuing the same conduct that was found to be lawful in a previous suit brought by the same plaintiff."). Here, Dr. Isaacs continues to bring claims based upon the same facts. That he continues to apply to the residency program does not save his claims as he does not allege any new acts by the defendants. Rather, he takes issue with DHMC making the same determination on his application year after year. To the extent that Dr. Isaacs has included claims regarding the possible errors in prior judgments stemming from "new" evidence of an AAMC profile, the proper course of action would have been for Dr. Isaacs to move for relief from judgment with the issuing court based on new evidence. Fed. R. Civ. Pro. R. 59. Under Federal Rule of Civil Procedure 60, such a motion must be made within one year of the original judgment and must be evidence that "could not have been discovered in time to move for a new trial under 59(b)." Fed. R. Civ. Pro. R. 60(b)-(c); *Adams v. Hedgpeth*, No. cv-04330-VBF-FFM, 2014 U.S. Dist. LEXIS 69853, at *2-3 (C.D. Cal. Apr. 9, 2014) ("In other words, a motion seeking relief from judgment on any ground enumerated in Rule 60(b)(1), (2), or (3), must be filed no more than a year after the entry of judgment, and the petitioner's motion was filed more than a year after judgment."). Here, Dr. Isaacs "new evidence" was both reasonably discoverable during the prior action and now is outside the one-year time frame for a new trial. Dr. Isaacs allegations outline the presence of this AAMC Profile beginning in 2006. Compl. ¶ 59. When producing Dr. Isaacs' student

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

50624796;1

records two years later, USC allegedly did not produce this profile as a part of the student file. *Id.* ¶ 60. However, Dr. Isaacs alleges that the profile appeared "almost a decade later in KSOM Student Records later obtained through the district courts."[7] *Id.* ¶ 66. Dr. Isaacs had information regarding this profile during the prior litigation, therefore it was reasonably discoverable during the time of prior suits and is not "new evidence" creating a new cause of action. Such claims must be precluded.

### C. Dr. Isaacs' Claims Are Barred By the Statute of Limitations.

"The statute of limitations for civil RICO actions is four years." *Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001). The Ninth Circuit has "continuously followed the 'injury discovery' statute of limitations rule for civil RICO claims." *Id.* at 1109; *see Grimmett v. Brown,* 75 F.3d 506, 511 (9th Cir. 1996). Under this rule, "the civil RICO limitations period begins to run when a plaintiff knows or should know of the injury that underlies his cause of action." *Grimmett,* 75 F.3d at 510. "Thus, the 'injury discovery' rule creates a disjunctive two-prong test of actual or constructive notice, under which the statute begins running under either prong." *Pincay*, 238 F.3d at 1109.

Dr. Isaacs brought his claim on September 16, 2019. Accordingly, to be timely, he must not have had actual or constructive notice of his injury before September 16, 2015. Dr. Isaacs cannot satisfy this requirement. His claimed injury is the alleged thwarting of his medical career. *See* Compl. ¶¶ 8-9, 14. He knew that his career prospects were severely hindered in early 2012 when he was dismissed from his residency at DHMC. *See Isaacs*, 2014 U.S. Dist. LEXIS 54183, at *10-12. He had further notice after the New Hampshire Board of Medicine investigated him and issued a final order in March 2014. *See* Final Decision and Order, No. 13-07 (Pandolph Decl., Ex. 2). Thus, the statute of limitations for Dr. Isaacs' claims began

---

[7] The AAMC profile that Dr. Isaacs refers to in his Complaint as "new" evidence was produced by Keck to DHMC in September 2013 in response to its subpoena, bates-stamped by counsel for DHMC "USC 169," and sent to Dr. Isaacs in November 2013 during the prior litigation in the District of New Hampshire.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

13

50624796;1

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

to run well before September 2015.

Any contention by Dr. Isaacs that DHMC, or another defendant, fraudulently concealed information such that the statute of limitations period should be tolled does not save his claim. Dr. Isaacs "cannot prevail on [this point] in this case because there is a long line of our cases holding that, in order to prevail on such a claim, plaintiffs must demonstrate that they had *neither actual nor constructive notice* of the facts constituting their claims for relief." *Pincay*, 238 F.3d at 1110 (citations omitted). As discussed above, Dr. Isaacs had notice of his alleged injury prior to 2015. With that notice, the limitations period began to run, and his instant claim is untimely.

Dr. Isaacs also cannot save his claim by arguing that he has suffered separate injuries such that the "separate accrual rule" should apply. "The 'separate accrual rule' provides that a new cause of action accrues for each new and independent injury even though the RICO violation causing the injury happened more than four year earlier." *Marceau v. IBEW Local 1269*, No. CV 05-02874-PHX-MHM, 2006 U.S. Dist. LEXIS 47766, at *13 (D. Ariz. July 7, 2006) (citing *Grimmett*, 75 F.3d at 510). The Ninth Circuit has held that: "two elements characterize an overt act which will restart the statute of limitations: (1) it must be a *new and independent act* that is not merely a reaffirmation of a previous act; and (2) it must inflict *new and accumulating injury* on the plaintiff." *Grimmett*, 75 F.3d at 513 (citing *Pace Industries, Inc., v. Three Phoenix Co.*, 813 F.2d 234 (9th Cir. 1987)).

*In re Multidistrict Vehicle Air Pollution,* 591 F.2d 68 (9th Cir.) *cert. denied sub nom. AMF, Inc. v. General Motors Corp.,* 444 U.S. 900 (1979), the plaintiff accused manufacturers of a violation for refusing to buy a product from the plaintiff. *Id*. at 69. Every defendant had refused to do so by 1964, so the court found the plaintiff's 1969 suit to be untimely as it exceeded the four-year statute of limitations period. *Id*. at 70. The plaintiff argued that it suffered a new injury in 1965 when one of the manufacturers refused the plaintiff's renewed offer. *Id*. at 71. The court rejected this argument, holding that the plaintiff had been excluded from the market, and suffered

14

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

an injury, in 1964 when the manufacturers gave their "irrevocable, immutable, permanent, and final" decision.  A subsequent refusal did not create a new injury.  *Id.* at 72.  The same applies in this case.  Dr. Isaacs was dismissed from DHMC and excluded from practicing medicine there in 2012.  Thus, any injury he has sustained was incurred then.  That he continues to set himself up for rejection by re-applying for a residency every year does not mean he is suffering a new injury.  *See Grimmett*, 75 F.3d at 513 (plaintiff must suffer a new injury as a result of a new act, and not a mere reaffirmation of a previous act).

Dr. Isaacs' claims under *Bivens* and for intentional infliction of emotional distress are also time-barred as both of these causes of action have a two-year statute of limitations.  *See Schwarz v. Meinberg*, 761 F. App'x 732, 735 (9th Cir. 2019) ("The statute of limitations for a *Bivens* claim is equivalent to a personal injury claim in the forum state. … Personal injury claims in California have a two-year statute of limitations."); *Lopez v. Wells Fargo Bank, N.A.*, 727 F. App'x 425, 426 (9th Cir. 2018) (recognizing a two-year statute of limitations for intentional infliction of emotional distress claims).  In this case, for these claims to be timely, they would need to have accrued after September 16, 2017.  "Generally, the statute of limitations begins to run when a potential plaintiff knows or has reason to know of the asserted injury."  *De Anza Properties X, Ltd. v. County of Santa Cruz*, 936 F.2d 1084, 1086 (9th Cir. 1991).  The alleged injury under *Bivens* is the denial of medical training.  *See* Compl. ¶ 229.  Both that claim and his IIED claim are based on DHMC's refusal of his repeated applications to be readmitted to the residency program.  Any claim accrued several years ago, and Dr. Isaacs cannot claim to have not known about it.  Accordingly, these claims should be dismissed.  *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (a complaint may be dismissed as time-barred if the running of the statute of limitations is apparent on the face of the complaint, and the allegations of the complaint would not permit the plaintiff to prove that the statute was tolled).

50624796;1

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

D. Dr. Isaacs' Request For Declaratory Judgment is Inappropriate.

Section 2201 of the Declaratory Judgment Act provides that "in a case of actual controversy within its jurisdiction …, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a).  "[T]he primary purpose of the DJA is to have a declaration of rights not already determined, not to determine whether rights already adjudicated were adjudicated properly."  *United States v. Doherty*, 786 F.2d 491, 498-99 (2d Cir. 1986) (citing *Hurley v. Lindsay*, 207 F.2d 410, 411 (4th Cir. 1953)).  *See also Rebel Communications, LLC v. Virgin Valley Water District*, 2013 U.S. Dist. LEXIS 120887, at *1 (D. Nev. Aug. 26, 2013) ("The purpose of a declaratory judgment is to 'declare future rights of a party and not to remedy past harms."); *Edejer v. DHI Mortgage Co.*, 2009 U.S. Dist. LEXIS 52900, at *31 (N.D. Cal. June 12, 2009) ("The purpose of a declaratory judgment is to set controversies at rest before they cause harm to the plaintiff, not to remedy harms that have already occurred.").

"Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties."  *United States v. State of Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985).  Dr. Isaacs is blatantly seeking, through his request for declaratory relief, to rehash the issue of whether it was permissible for him to omit information from his applications for the residency and his medical license in light of a settlement agreement he had with Keck.  This serves no useful purpose.  Whichever way this Court might decide that issue would not terminate these proceedings or clarify anything at this point as Dr. Isaacs would likely still maintain his other claims.  For this reason, this count should be dismissed. *See Integral Dev. Corp. v. Tolat*, No. C 12-06575 JSW, 2013 U.S. Dist. LEXIS 153705, at *12-14 (N.D. Cal. Oct. 25, 2013) (dismissing claim for declaratory relief

1    when the remedies sought were "both duplicative of the relief it seeks for its other

2    substantive causes of action and seeks to remedy past harms").

3         Furthermore, Dr. Isaacs' request for such relief is also an attempt to reverse the

4    determination of the New Hampshire Board of Medicine.  After investigating, that

5    Board determined that Dr. Isaacs had been dishonest on his applications and issued a

6    reprimand.  In the process, it directly addressed the issue of whether the Keck

7    settlement altered Dr. Isaacs' responsibility to be truthful, and concluded that it did

8    not.  That decision has a preclusive effect in the instant action.

9         "The rule of federal common law the [U.S. Supreme] Court has developed

10   renders the factual determinations resulting from unreviewed state administrative

11   adjudications preclusive in a subsequent judicial proceeding."  *Guild Wineries &*

12   *Distilleries v. Whitehall Co.*, 853 F.2d 755, 758-59 (9th Cir. 1988); *see Univ. of Tenn.*

13   *v. Elliott*, 478 U.S. 788, 798 n.6 (1986) (res judicata consists of "'the obvious principle

14   that a controversy should be resolved once, not more than once.  The principle is as

15   much needed for administrative decisions as for judicial decisions.  To the extent that

16   administrative adjudications resemble courts' decisions – a very great extent – the law

17   worked out for courts does and should apply to agencies.'") (quoting 4 K. Davis,

18   Administrative Law Treatise § 21.9, at 78 (2d ed. 1983)); *see also id.* ("Where an

19   administrative forum has the essential procedural characteristics of a court, . . . its

20   determinations should be accorded the same finality that is accorded the judgment of a

21   court.  The importance of bringing a legal controversy to conclusion is generally no

22   less when the tribunal is an administrative tribunal than when it is a court.") (quoting

23   Restatement (Second) of Judgments § 83, at 269 (1982)).

24        The Ninth Circuit has "held that the federal common law rules of preclusion . . .

25   extend to state administrative adjudications of legal as well as factual issues, even if

26   unreviewed, so long as the state proceeding satisfies the requirements of fairness."  *Id.*

27   Here, Dr. Isaacs had ample notice of the hearing before the Board and an opportunity

28   to participate.  *See* Board Order, Pandolph Decl. ¶ 2.  The hearing took place after

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL: (213) 688-9500 – FAX: (213) 627-6342

17

months of investigation and evidence was presented. *Id.* There is no basis to claim that this process was unfair. Therefore, both the factual and legal determinations of the Board should be recognized and serve to preclude Dr. Isaacs' request for declaratory relief. *See Osk Dev. v. Cty. of Lake*, No. C-91-3749-VRW, 1995 U.S. Dist. LEXIS 7038, at *10-11 (N.D. Cal. May 12, 1995) (holding plaintiff's claims for declaratory and injunctive relief concerning his right to operate a pilot training school, which had already gone through administrative proceedings, were barred because they "simply re-raise[d] these issues," and "therefore fall squarely within the res judicata scope of plaintiffs' unreviewed administrative litigation").

### E. Dr. Isaacs Fails to State Claims for which Relief May Be Granted.

#### 1. *Legal Standard*

"Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 735 F. App'x 241, 245 (9th Cir. 2018). Although facts alleged in a complaint are construed in the light most favorable to the plaintiff, "to survive a motion to dismiss under Rule 12(b)(6), [Dr. Isaacs'] complaint must set forth 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Gomez v. Bank of Am., N.A.*, 642 F. App'x 670, 673 (9th Cir. 2016) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The factual allegations must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Because Dr. Isaacs brings a RICO claim, his complaint is "subject to both Federal Rule of Civil Procedure 8(a)'s requirement of a short and plain statement, and Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement." *Gomez*, 642 F. App'x at 673. "Additionally, any claim asserted under 18 U.S.C. § 1964(c), which permits persons injured by violations of § 1962 to sue for civil remedies, is only cognizable if the defendant's alleged violation proximately caused the plaintiffs' injury." *Id*. at 673-74 (citing *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461-62

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

(2006)); *Rezner v. Bayerische Hypo Und Vereinsbank AG*, 630 F.3d 866, 873 (9th Cir. 2010) (holding that in order to state a claim under § 1962(c), the plaintiffs must show that the defendants' actions were both a but-for and proximate cause of their injuries)).

### 2. Intentional Infliction of Emotional Distress

Dr. Isaacs brings a claim for intentional infliction of emotional distress based on DHMC's denial of his continual applications to the residency program. His allegations do not consist of egregious conduct necessary to maintain this cause of action. In *Volm v. Legacy Health Sys.*, 237 F. Supp. 2d 1166, 1180 (D. Or. 2002), the court evaluated a similar claim. There, the plaintiff alleged that the "defendants set out to destroy her career, intentionally encouraged a hostile atmosphere towards her at the workplace, held repeated meeting in which they blamed [plaintinff] for all problems existing at Meridian Park Family Birth Center, and leveled allegations of wrongdoing at [plaintiff] without providing her the information necessary to address them." *Id*. The court held that "[e]ven assuming that the evidence proves these facts, the conduct is not sufficient to constitute an extraordinary transgression of the bounds of socially tolerable conduct." The same conclusion should be reached in this case.

### 3. Bivens

"A Bivens claim is an 'implied right of action for damages against *federal officers* alleged to have violated a citizen's constitutional rights.'" *Severance v. Pavlovic*, No. CV 18-10348-VBF (PLA), 2019 U.S. Dist. LEXIS 34202, at *10 (C.D. Cal. Feb. 4, 2019) (quoting *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018)); *see Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). "The Supreme Court has increasingly restricted Bivens claims, however, such that they are now available only in very limited contexts." *Severance*, 2019 U.S. Dist. LEXIS 34202, at *11; *see Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 67-68 (2001) (identifying Fourth Amendment claim for police search and seizure, Fifth Amendment claim for gender discrimination where the plaintiff was explicitly excluded from alternative remedies, and Eighth Amendment claim for deliberate indifference toward

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

a prisoner's medical needs as the three recognized contexts for *Bivens* actions). "[E]xpanding the Bivens remedy is now a disfavored judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (internal quotation marks omitted); *see Vega*, 881 F.3d at 1153 (declining to extend Bivens to Fifth Amendment claim alleging violation of the right to procedural due process). Here, Dr. Isaacs' claim should not proceed as it does not arise under one of the limited contexts recognized by the Supreme Court.

The claim also must fail because it is not brought against a federal actor. Dr. Isaacs alleges that "Program Directors" at DHMC act as gatekeepers and arbiters of the residency program, which use some federal funds. Compl. ¶ 231. As such, Dr. Isaacs asserts, the program directors, who are employed by a private entity, are federal actors, presumably because of the acceptance of federal funds. This argument has been rejected in countless cases and, likewise, should not support Dr. Isaacs' claim. *See, e.g.*, *Morse v. N. Coast Opportunities*, 118 F.3d 1338, 1340-43 (9th Cir. 1997) ("The [U.S. Supreme] Court has since made it clear that governmental funding and extensive regulation without more will not suffice to establish governmental involvement in the actions of a private entity."); *Jackson v. E. Bay Hosp.*, 980 F. Supp. 1341, 1357 (N.D. Cal. 1997) ("Extensive case law establishes that a private doctor or hospital cannot be deemed a state actor merely because they are recipients of state or federal funding."); *McDaniel v. Loyola Univ. Med. Ctr.*, No. 13-cv-06500, 2014 U.S. Dist. LEXIS 120042, at *32-33 (N.D. Ill. Aug. 28, 2014) (rejecting §1983 claim "based primarily on the fact that [defendant] receives federal funding for its residency program, and therefore qualifies as a state actor"); *Kuzmicki v. Hanrahan*, No. 3:17-cv-00342-RCJ-VPC, 2018 U.S. Dist. LEXIS 75688, at *16-17 (D. Nev. May 4, 2018) ("[T]he receipt of federal funding does not transform defendants into federal actors susceptible to an equal protection and due process claim."); *Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982) (holding that a "school's receipt of public funds does not make the discharge decisions acts of the State" for purposes of 1983 claim); *Corr.*

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL: (213) 688-9500 – FAX: (213) 627-6342

20

*Services Corp. v. Malesko*, 534 U.S. 61 (2001) (refusing to extend *Bivens* to private prison that had federal contract). *See also Severance*, 2019 U.S. Dist. LEXIS 34202, at *10-13 ("Since Bivens actions and actions under 42 U.S.C. § 1983 are significantly similar, cases decided under § 1983 are generally applied by analogy when addressing an issue in a Bivens action for which there is no case on point."); *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.")

### 4. RICO

The Racketeer Influenced and Corrupt Organizations Act ("RICO") statute provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). "In order to [prevail] under RICO, [a party] must prove both the existence of an 'enterprise' and the connected 'pattern of racketeering activity.'" *United States v. Turkette*, 452 U.S. 576, 582 (1981); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1481 (9th Cir. 1997) (plaintiff must allege "(1) the conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity"). Dr. Isaacs must also plead that any violation by DHMC "was both the 'but for' and proximate cause of a concrete financial injury." *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1201 (C.D. Cal. 2008).

An "enterprise" is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). An enterprise requires "evidence of an ongoing organization, formal or informal, and . . . that the various associates function as a continuing unit." *Turkette,* 452 U.S. at 583. An "enterprise" is not the "pattern of racketeering activity"; it is "an entity separate and apart from the

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

21

pattern of activity in which it engages." *Id.* "It is essential to plead precisely in a RICO case the enterprise alleged and the RICO section allegedly violated." *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1203 (C.D. Cal. 2008) (quotations and brackets omitted).

Dr. Isaacs offers alternative theories for how the defendants formed an enterprise: (1) the defendants all participated in and made a living from federal and state funded medical training activities, and were "arbiters and gatekeepers" responsible for allocating federal funds; (2) the defendants all had a reputational or commercial stake in the national health care provider network; (3) the defendants had some stake in, or authority over, Dr. Isaacs' medical or professional career; (4) all defendants had control or publishing rights in medical training databases; (5) all defendants have some nexus to Dartmouth, Keck, or Harvard Medical School; or (6) the defendants formed a de facto enterprise with the sole purpose of carrying out a vendetta and negatively impacting Dr. Isaacs' medical career. Compl. ¶ 253.

Even if Dr. Isaacs' allegations sufficiently plead that the defendants had a common purpose, they do not plead the existence of an "ongoing organization. . . [that] function[s] as a continuing unit." *Odom v. Microsoft Corp.,* 486 F.3d 541, 551 (9th Cir. 2007) (en banc). While later in the Complaint Dr. Isaacs alleges specific actions that violated RICO, he does not plead actions by the enterprise as a whole. In *Warden v. Cross*, 94 F. App'x 474, 475 (9th Cir. 2004), the plaintiff brought a RICO action "alleging that the doctors she had sued in state court for medical malpractice conspired to commit perjury and altered and/or suppressed evidence during the state court action." The court ruled that "the association of doctors, lawyers, expert witnesses, and insurance company does not an enterprise make." *Id*. at 476. "Nor do Warden's allegations satisfy the continuity requirement, because she did not plead that, these entities continue to function as one unit following the conclusion of the underlying state action." *Id*. This is similar to the case brought by Dr. Isaacs. He alleges that the defendants somehow worked together to derail his medical career and

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

cover it up during earlier court proceedings.    This is not enough to allege an enterprise.    Particularly since Dr. Isaacs has not pled any facts that this so-called enterprise is continuing.    "Consequently, [Dr. Isaacs has] not properly pled the enterprise element of a RICO claim." *Izenberg,* 589 F. Supp. 2d at 1203.

Dr. Isaacs alleges that DHMC engaged in a number of criminal acts, including retaliation against a witness, 18 U.S.C. § 1513(e); witness tampering, 18 U.S.C. § 1512; obstruction of justice, 18 U.S.C. § 1503; wire fraud, 18 U.S.C. § 1343; and mail fraud, 18 U.S.C. § 1341, but all of his claims for predicate acts fail.

First, the retaliation statute provides:

> Whoever knowingly, with the intent to retaliate, takes any action harmful to any person, including interference with the lawful employment or livelihood of any person, <u>for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense</u>, shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 1513(e) (emphasis added).    Dr. Isaacs' Complaint is void of any facts concerning providing information to a law enforcement officer.    For this reason, he has failed to allege underlying witness retaliation acts.

His claims based on witness tampering and obstruction of justice also fail. Dr. Isaacs vaguely alleges that DHMC engaged in obstruction of justice and/or witness tampering by deleting emails, evading a summons, and testifying falsely at depositions.    Compl. ¶¶ 265-66. These allegations are deficient for a number of reasons, including his failure to properly allege that DHMC acted with the required intent to obstruct justice or tamper with witnesses.    *See* 18 U.S.C. § 1512 (b),(d). Further, Dr. Isaacs' baseless accusations do not rise to the requisite level of plausibility to make out a claim.    *See Twombly*, 550 U.S. at 570 (requiring factual allegations to "state a claim to relief that is plausible on its face").

Dr. Isaacs fails to makes claims for mail or wire fraud.    "The mail and wire fraud statutes are identical except for the particular method used to disseminate the fraud, and contain three elements: (A) the formation of a scheme to defraud; (B) the use of the mails or wires in furtherance of that scheme; and (C) the specific intent to

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 - FAX: (213) 627-6342

23

defraud." *Eclectic Props. E., Ltd. Liab. Co. v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014). Pursuant to Federal Rule of Civil Procedure 9(b), wire and mail fraud allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). "Statements of the time, place and nature of the alleged fraudulent activities are sufficient provided the plaintiff sets forth what is false or misleading about a statement, and why it is false." *Just Film, Inc. v. Merch. Servs.*, No. C 10-1993 CW, 2010 U.S. Dist. LEXIS 130230, at *35 (N.D. Cal. Nov. 29, 2010) (citations omitted); *see also Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010). Here, Dr. Isaacs offers only conclusory allegations to support these fraud claims. While he notes that false statements were allegedly entered into a database and false letters sent, he does not provide any specifics and does not explain why any such statements were false. For this reason, he has failed to plead fraud, and, to the extent his RICO claim is based on these predicate acts, it must be dismissed.

Even if Dr. Isaacs' Complaint did manage to sufficiently allege one or two predicate acts, he has not successfully alleged that DHMC engaged in a pattern of activities. A "pattern" requires the commission of at least two acts of "racketeering activity" within a ten-year period. 18 U.S.C. § 1961(5). This requirement is fulfilled by showing a "continuity of racketeering activity, or its threat." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 241 (1989). "Simply put, a single 'episode' does not satisfy the pattern requirement." *Warden*, 94 F. App'x at 476.

Dr. Isaacs also fails to plead a concrete financial loss as is required. *See Forsyth*, 114 F.3d at 1481. Although not clear, his apparent claimed financial loss is the remuneration he would receive through the medical career that he alleges has been stolen from him. "Prospective injuries [, however,] do not satisfy RICO's concrete financial injury requirement." *Izenberg*, 589 F. Supp. 2d at 1204-05; *see Amarelis v. Notter Sch. of Culinary Arts, LLC*, No. 6:13-cv-54-Orl-31KRS, 2014 U.S. Dist.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

24

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

LEXIS 152065, at *15-16 (M.D. Fla. Oct. 8, 2014) (rejecting plaintiffs' allegation that "they were injured by receiving an education that did not meet their expectations and by experiencing lower than expected career prospects," because "[s]uch expectancy interests . . . do not give rise to actionable RICO injury"); *Frankel v. Cole*, No. 06-CV-439 (CBA)(RER), 2006 U.S. Dist. LEXIS 96775, at *14 (E.D.N.Y. Apr. 20, 2007) ("[T]he alleged injury of lost business opportunities is too speculative to constitute a RICO injury.   Courts have held lost business opportunities or commissions to be compensable where a plaintiff alleged that a business opportunity had already been lost as a result of the defendant's racketeering activity.   Here, the alleged injury, if any, was prospective at the time the RICO predicate acts were committed." (citations omitted)).

To the extent Dr. Isaacs seeks injunctive relief against the defendants, he cannot obtain such relief because "[i]njunctive relief is not available to a private party in a civil RICO action." *Religious Tech. Ctr. v. Wollersheim*, 796 F.2d 1076, 1084 (9th Cir. 1986); *see also Or. Laborers-Employers Health & Welfare Tr. Fund v. Philip Morris, Inc.*, 185 F.3d 957, 967-68 (9th Cir. 1999).   Accordingly, this count must be dismissed.

## IV.   Joinder

DHMC hereby incorporates by reference any and all pleadings and documents submitted in support of the Motion to Dismiss filed by Trustees of Dartmouth College d/b/a Geisel School of Medicine at Dartmouth, as if the same were fully set forth herein.   DHMC expressly reserves its right to participate in oral argument at the time of the hearing on said Motion.   Nothing presented herein is intended to nor does it serve as a waiver of the arguments DHMC presents in its pending Motion to Dismiss.

## V.   Conclusion

For the reasons stated above, DHMC respectfully requests that this Court grant its Motion to Dismiss.

25

1  DATED:  October 30, 2019           Respectfully submitted,

2

3                                     **AKERMAN LLP**

4

5                                     By:  */s/ Kanika D. Corley*
                                             Kanika D. Corley
6                                            Attorneys   for   Defendant,   DARTMOUTH
                                             HITCHCOCK MEDICAL CENTER
7

8                                     William D. Pandolph, (*pro hac vice*)
9                                     **SULLOWAY & HOLLIS, P.L.L.C.**
                                      *wpandolph@sulloway.com*
10                                    9 Capitol Street
                                      Concord, NH 03301
11                                    Telephone: (603) 223-2800

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

50624796;1