James P. Fogelman, SBN 161584
Shannon E. Mader, SBN 235271
Katarzyna Ryzewska, SBN 300386
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
  Los Angeles, California 90071-3197
Telephone: (213) 229-7000
  Facsimile: (213) 229-7520
JFogelman@gibsondunn.com
SMader@gibsondunn.com
KRyzewska@gibsondunn.com

Attorneys for Defendant
Gibson, Dunn & Crutcher, LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. JEFFREY ISAACS,<br><br>  Plaintiff,<br><br>v.<br><br>USC KECK SCHOOL OF MEDICINE, GIESEL SCHOOL OF MEDICINE AT DARTMOUTH, DARTMOUTH HITCHCOCK MEDICAL CENTER, NH BOARD OF MEDICINE, GIBSON, DUNN & CRUTCHER, LLP and JOHN or JANE DOE,<br><br>  Defendants. | CASE NO. 2:19-CV-08000-DSF-RAO<br><br>**DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>[Defendant's Joinder, Request for Judicial Notice, Declaration of Katarzyna Ryzewska and Proposed Order Filed Concurrently herewith]<br><br>**Hearing**<br>Date:     November 25, 2019<br>Time:     1:30 PM<br>Location: Courtroom 7D<br>Judge:    Hon. Dale S. Fischer |

Gibson, Dunn & Crutcher LLP

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 25, 2019, at 1:30 p.m. in Courtroom 7D of the United States District Court for the Central District of California at First Street Courthouse, 350 West 1st Street, Los Angeles, California Defendant Gibson, Dunn & Crutcher, LLP ("Gibson Dunn") will and hereby does move the Court to dismiss with prejudice all claims asserted by Plaintiff Dr. Jeffrey Isaacs ("Plaintiff") against Gibson Dunn in the above-captioned action under Federal Rule of Civil Procedure 12(b)(6) on the following grounds:

- First, Plaintiff's claims are barred by the *Noerr-Pennington* doctrine because they are based on litigation conduct. *See Sosa v. DirecTV, Inc.*, 437 F.3d 923, 933-39 (9th Cir. 2006) (*Noerr-Pennington* applies to pre-litigation letters); *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Inv'rs, Inc.*, 944 F.2d 1525, 1528 (9th Cir. 1991) (*Noerr-Pennington* applies to a decision to accept or reject a settlement offer); *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1159 (N.D. Cal. 2014) (*Noerr-Pennington* applies to the filing of a motion to dismiss).

- Second, all of Plaintiff's state law claims are barred by the litigation privilege because they are based on litigation conduct. *See* Cal. Civ. Code § 47(b); *Blanchard v. DIRECTV, Inc.*, 123 Cal. App. 4th 903, 919 (2004).

- Third, Plaintiff fails to plead any of the essential elements of a RICO claim. He fails to allege a RICO enterprise, the operation or management of the RICO enterprise, and at least two acts of racketeering activity: his wire and mail fraud allegations are wholly conclusory and not pleaded with particularity; he pleads no facts to support his witness retaliation allegation; and his obstruction of justice claim fails because he does not allege a pending federal judicial proceeding. He also fails to plead a pattern of racketeering activity, a cognizable injury, and causation.

Gibson, Dunn & Crutcher LLP

1

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

- Fourth, Plaintiff's claim for Due Process and First Amendment Violation fails because Gibson Dunn is not a state actor. *See, e.g., Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974) (stating that the "Fourteenth Amendment offers no shield" against "private conduct, however discriminatory or wrongful") (internal quotation marks omitted); *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1926 (2019) (applying the state action doctrine to first amendment claims).

- Fifth, Plaintiff's Intentional Infliction of Emotional Distress ("IIED") fail because Plaintiff fails to plead essential elements of the claim. *See* Cal. Civ. Proc. § 335.1.

- Sixth, Plaintiff's Intentional Interference with Contractual Relations claim fails because, as USC's agent, Gibson Dunn cannot be liable for tortiously interfering with a contract to which USC is a party. *See, e.g., Schick v. Lerner*, 193 Cal. App. 3d 1321, 1329 (1987) ("[A]bsent extraordinary circumstances, an attorney may not be held liable for urging a client to breach a contract with some third party."); *Los Angeles Airways, Inc. v. Davis*, 687 F.2d 321, 325–26 (9th Cir. 1982) (stating that attorney, acting in "his fiduciary capacity as an agent, officer or director" could claim "manager's privilege," which would allow the attorney to "counsel his principal to breach a contract that he reasonably believes to be harmful to his principal's best interests").

- Finally, Plaintiff's Declaratory Judgment claim fails because Gibson Dunn is not a party to any contract with the Plaintiff.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities included herein, the Request for Judicial Notice, any other matter of which judicial notice may be taken, the declaration of Katarzyna Ryzewska, all further pleadings that will be filed by Defendant Gibson Dunn herein, the Motion to Dismiss filed by USC, the paper and records on file herein, and on such further evidence and

2

Gibson, Dunn & Crutcher LLP

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

argument as the Court may permit or require at or prior to the time of the hearing on this Motion.

This Motion is made following the telephonic conference of counsel pursuant to Local Rule 7-3, which took place on October 10, 2019.

## RELIEF SOUGHT

Gibson Dunn seeks an order dismissing Plaintiff's claims with prejudice.

Dated: October 25, 2019     GIBSON, DUNN & CRUTCHER LLP

By: */s/ James P. Fogelman*
James P. Fogelman

Attorney for Defendant

3

Gibson, Dunn & Crutcher LLP

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................... 1

II. LEGAL STANDARD ..................................................................................... 1

III. PROCEDURAL BACKGROUND .................................................................. 2

IV. ARGUMENT ................................................................................................... 3

    A. Plaintiff's Claims are Barred by the *Noerr–Pennington* Doctrine ............ 3

    B. Plaintiff's State Law Claims are Barred by the Litigation Privilege ......... 6

    C. Plaintiff's RICO Claim Fails as a Matter of Law ....................................... 8

    D. Plaintiff's Due Process and First Amendment Violation Claim Fails as a Matter of Law ................................................................................... 8

    E. Plaintiff's IIED Claim Fails as a Matter of Law ........................................ 9

    F. Plaintiff's Intentional Interference with Contractual Relations Claim Fails as a Matter of Law .................................................................. 9

    G. Plaintiff's Declaratory Judgment Claim Fails as a Matter of Law .......... 10

V. CONCLUSION .............................................................................................. 10

Gibson, Dunn & Crutcher LLP

i

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Action Apartment Ass'n, Inc. v. City*,
  41 Cal. 4th 1232 (2007) .................................................................................... 6

*Agron v. Douglas W. Dunham, Esq. & Assocs.*,
  No. 02 CIV.10071(LAP), 2004 WL 691682 (S.D.N.Y. Mar. 31, 2004) ........... 9

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*,
  526 U.S. 40 (1999) ........................................................................................... 8

*Apao v. Bank of New York*,
  324 F.3d 1091 (9th Cir. 2003) ......................................................................... 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................... 2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................... 2

*Blanchard v. DirecTV, Inc.*,
  123 Cal. App. 4th 903 (2004) .......................................................................... 8

*Boulware v. State of Nev., Dep't of Human Res.*,
  960 F.2d 793 (9th Cir. 1992) ........................................................................... 3

*Chen v. Berenjian*,
  33 Cal. App. 5th 811 (2019) ............................................................................ 8

*Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc.*,
  944 F.2d 1525 (9th Cir. 1991) ...................................................................... 4, 6

*Davis v. HSBC Bank Nevada, N.A.*,
  691 F.3d 1152 (9th Cir. 2012) ......................................................................... 2

*Digerati Holdings, LLC v. Young Money Entm't, LLC*,
  194 Cal. App. 4th 873 (2011) .......................................................................... 7

*Fotohaus, LLC v. Proforma, Inc.*,
  No. 18-CV-01827-BLF, 2019 WL 1493355 (N.D. Cal. Apr. 4, 2019) ............ 7

*Freeman v. Lasky, Haas & Cohler*,
  410 F.3d 1180 (9th Cir. 2005) ......................................................................... 6

*Goss v. Lopez*,
  419 U.S. 565 (1975) ......................................................................................... 9

*Isaacs v. DHMC et al.*,
  No. 2:19-CV-02011-DSF-RAO (C.D. Cal. 2019) ........................................... 2

*Jackson v. Metro. Edison Co.*,
  419 U.S. 345, 352 (1974) ................................................................................. 8

Gibson, Dunn & Crutcher LLP

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Kasei Pharma Corp. v. Actelion Ltd.*
    222 Cal. App. 4th 945(2013) ...................................................................................... 10

*Licari v. Voog*,
    374 F. App'x 230 (2d Cir. 2010) .................................................................................. 8

*Los Angeles Airways, Inc. v. Davis*,
    687 F.2d 321 (9th Cir. 1982) ..................................................................................... 10

*Manhattan Cmty. Access Corp. v. Halleck*,
    139 S. Ct. 1921, 204 L. Ed. 2d 405 (2019) .................................................................. 8

*Manko v. Steinhardt*,
    No. 11-CV-5430 KAM LB, 2012 WL 213715 (E.D.N.Y. Jan. 24, 2012) ................................................................................................................. 9

*McFarlin v. Gormley*,
    No. CV-06-1594-HU, 2008 WL 410104 (D. Or. Feb. 12, 2008) ................................ 3

*Mintz v. Blue Cross of Cal.*,
    172 Cal. App. 4th 1594 (2009) .................................................................................. 10

*Moss v. Bank of New York Tr.*,
    No. C 10-01734 JSW, 2011 WL 13243802 (N.D. Cal. Oct. 13, 2011) ....................... 7

*Nguyen v. Proton Tech. Corp.*,
    69 Cal. App. 4th 140 (1999) ........................................................................................ 7

*OG Int'l, Ltd. v. Ubisoft Entm't*,
    No. C 11-04980 CRB, 2012 WL 4809174 (N.D. Cal. Oct. 9, 2012) .......................... 3

*Oei v. N. Star Capital Acquisitions, LLC*,
    486 F. Supp. 2d 1089 (C.D. Cal. 2006) ....................................................................... 7

*Pac. Gas & Elec. Co. v. Bear Stearns & Co.*,
    50 Cal. 3d 1118 (1990) ................................................................................................ 7

*Rusheen v. Cohen*,
    37 Cal. 4th 1048 (2006) ............................................................................................... 7

*Rupert v. Bond*,
    68 F. Supp. 3d 1142 (N.D. Cal. 2014) ..................................................................... 4, 6

*Schick v. Lerner*,
    193 Cal. App. 3d 1321 (1987) ................................................................................... 10

*Silberg v. Anderson*,
    50 Cal. 3d 205 (1990) .................................................................................................. 7

*Shoemaker v. Myers*,
    52 Cal. 3d 1 (1990) .................................................................................................... 10

*Sosa v. DIRECTV, Inc.*,
    437 F.3d 923 (9th Cir. 2006) ............................................................................... 3, 4, 6

iii

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Gibson, Dunn & Crutcher LLP

*Tanasescu v. State Bar of California*,
No. SACV 11-00700-CJC, 2012 WL 1401294 (C.D. Cal. Mar. 26, 2012) .................................................................................................................. 8

*Theme Promotions, Inc. v. News Am. Mktg. FSI*,
546 F.3d 991 (9th Cir. 2008) ............................................................................... 3

*Tulsa Prof'l Collection Servs., Inc. v. Pope*,
485 U.S. 478 (1988) ........................................................................................ 8, 9

**Statutes**

Cal. Civ. Code § 47(b) ............................................................................................... 6

Gibson, Dunn & Crutcher LLP

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## I. INTRODUCTION

Plaintiff's Complaint against Gibson, Dunn & Crutcher, LLP ("Gibson Dunn") should be dismissed with prejudice. It is entirely without basis and without precedent. Plaintiff is suing Gibson Dunn simply for acting as counsel of record for USC Keck School of Medicine ("USC") in this action and in the prior action, which Plaintiff dismissed. This is nothing more than an improper attempt to harass USC and its counsel of record for defending against Plaintiff's meritless claims. Gibson Dunn is a complete stranger to Plaintiff. It never had anything to do with him until he sued USC and has had no contact with him outside of this lawsuit and the prior failed lawsuit. Plaintiff's claims against Gibson Dunn are based entirely on Gibson Dunn's representation of USC in this lawsuit and the prior one, which is protected petitioning activity, and they are therefore barred by the *Noerr-Pennington* doctrine and the litigation privilege.

Plaintiff's claims also fail on the merits. Indeed, the Complaint is virtually identical to the amended complaint he filed in his prior lawsuit, Case No. 2:19-CV-02011-DSF-RAO ("Case 02011"), which he dismissed in the face of USC's Opposition to his Motion for Leave to Amend and pending Motion to Dismiss. Plaintiff's dismissal of these claims in his prior lawsuit is an acknowledgement they were without merit, and they certainly have not improved simply because Plaintiff filed them a second time, maliciously adding Gibson Dunn as a defendant. Indeed, they are even more frivolous, if that is possible, as alleged against Gibson Dunn, for the claims are based entirely on the fact that Gibson Dunn is counsel of record in this action and the prior action.

For all of these reasons and those set forth below, the motion to dismiss should be granted and the claims against Gibson Dunn should be dismissed with prejudice.[1]

## II. LEGAL STANDARD

A complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face."

---

[1] As set forth in the joinder filed concurrently with this motion, Gibson Dunn joins USC's Motion to Dismiss Plaintiff's Complaint. ECF 45.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must plead *facts*, not mere legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, a complaint must plead facts that give rise to a *plausible* claim for relief, "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 68–69. In determining whether a complaint satisfies Rule 12(b)(6), "a court may look beyond the pleadings" and "may take into account documents whose contents are alleged in a complaint." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (internal quotations omitted).

### III. PROCEDURAL BACKGROUND

As the Court is aware, Plaintiff filed a nearly identical lawsuit asserting nearly identical claims against nearly identical defendants, and then dismissed that lawsuit rather than oppose the defendants' motions to dismiss. *Isaacs v. DHMC et al.*, No. 2:19-CV-02011-DSF-RAO (C.D. Cal. 2019).[2] Rather than abandon his meritless claims, Plaintiff has doubled down, inventing new and equally meritless claims against USC and Gibson Dunn based on Gibson Dunn's representation of USC in the prior lawsuit. Indeed, all of Plaintiff's new claims are based on litigation-related communications between Plaintiff and USC or Gibson Dunn in its role as USC's counsel. Until two weeks ago, Plaintiff was representing himself in pro per, and USC and Gibson Dunn had no choice but to communicate with him directly.

Plaintiff's goal in asserting these new claims is quite transparent – Plaintiff seeks to deprive USC of its counsel of record. Plaintiff's numerous emails threatening to disqualify Gibson Dunn, hold Gibson Dunn in contempt, and/or have Gibson Dunn attorneys arrested by U.S. marshals make Plaintiff's improper purpose abundantly clear. *See, e.g.*, Declaration of Katarzyna Ryzewska, Ex. 1 at 3 ("Attorney Fogelman: You are hereby notified that you shall be called as a witness at the jury trial of Isaacs vs.

---

[2] A complete recitation of the relevant procedural history can be found in USC's Motion to Dismiss Plaintiff's Complaint. ECF 45 at 4-5.

2

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Dartmouth Hitchcock et al, 19-cv-02011-DSF-RAO.").[3] Each and everyone one of Plaintiff's emails and threats is frivolous on its face. USC was entitled to have counsel in this action, as well as the prior failed action, and counsel of record is entitled to defend its client without being named as a defendant or being called as a witness.

## IV. ARGUMENT

### A. Plaintiff's Claims are Barred by the *Noerr–Pennington* Doctrine

The *Noerr-Pennington* doctrine—which "derives from the First Amendment's guarantee of 'the right of the people . . . to petition the Government for a redress of grievances,'" *Sosa v. DirecTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006) (quoting U.S. Const. amend. I)—applies to all of Plaintiff's claims. *See, e.g.*, *id.* at 932-33 (*Noerr-Pennington* applies to RICO claims); *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1007 (9th Cir. 2008) (*Noerr-Pennington* applies to state law tort claims); *Boulware v. State of Nev., Dep't of Human Res.*, 960 F.2d 793, 800 (9th Cir. 1992) (*Noerr-Pennington* applies to civil rights claims); *OG Int'l, Ltd. v. Ubisoft Entm't*, No. C 11-04980 CRB, 2012 WL 4809174, at *2-3 (N.D. Cal. Oct. 9, 2012) (*Noerr-Pennington* applies to claims for intentional interference with contract); *McFarlin v. Gormley*, No. CV-06-1594-HU, 2008 WL 410104, at *10 (D. Or. Feb. 12, 2008) (same).

Under the doctrine, "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Sosa*, 437 F.3d at 929. This includes "not only petitions sent directly to the court in the

---

[3] *See also* Ryzewska Decl., Ex. 2 at 5 ("I am available anytime Monday, Tuesday, or Wednesday to discuss a proposed Motion to Disqualify Counsel and/or Hold In contempt of Court Ordered Settlement."); Ryzewska Decl., Ex. 3 at 13 ("Please also provide me with the required forms (Rule 3.7 Lawyer as witness) stating that you/your firm is representing itself and that your client has consented. Without these forms, I am likewise unable to Meet & Confer with you."); Ex. 4 at 18 ("As you were unwilling to comply with 7-3 for a Meet & Confer for 1) Motion to Disqualify Counsel and Refer to US Marshal, and 2) Motion to Strike MTD within a reasonable amount of time, I am writing to request your firm cease all communication with me until this matter is addressed with the Judge. I do not feel comfortable accepting further communications from you, as you know, I have alleged felony witness intimidation against your firm. Please consider this a Cease & Desist letter pending judicial intervention.").

course of litigation, but also 'conduct incidental to the prosecution of the suit[.]'" *Id.* at 934-35 (quoting *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc.*, 944 F.2d 1525, 1528-29 (9th Cir. 1991)). For example, it includes "representing a party in a court proceeding . . . and filing papers with a court," *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1156 (N.D. Cal. 2014), and it includes "communications between private parties . . . so long as they are sufficiently related to petitioning activity," *Sosa*, 437 F.3d at 935, such as presuit demand letters, *id.* at 936, and the decision whether to accept or reject an offer of settlement, *see Columbia Pictures*, 944 F.2d at 1528-29.

Here, Plaintiff's claims against Gibson Dunn are based entirely on petitioning activity. For instance, Plaintiff alleges that Gibson Dunn made "false" statements in "pleadings," "took [legal] position[s]" that somehow harmed him, and wrongly "refused" his settlement demands. Specifically, he alleges that in his prior failed action:

- "Gibson Dunn ***filed false or misleading pleadings***. . . ." ECF 1 ¶ 247 (emphasis added).
- "USC Keck and Gibson Dunn ***falsely responded to this allegation*** [in a pleading]. . . ." *Id.* at ¶ 319 (emphasis added).
- "USC counsel acts as if the two settlement agreements simply don't exist; ***in a recent Pleading***, counsel said 'USC did not cause Plaintiff's omissions . . .'" *Id.* at ¶ 211 (emphasis added).
- "In 2019, USC Counsel ***refused a request*** [in a meet and confer] to 'comply with the original settlement by correcting appropriate records and 2) [sic] help reinstate Plaintiff's GME training. . . .'" *Id.* at ¶ 296 (emphasis added).
- "USC Counsel further ***took the position*** [in a pleading] that two heavily negotiated settlement agreements simply didn't exist. . . . Evidence of this position is found in USC Counsel's ***statement*** that 'USC did not "cause" Plaintiff's omission [of sealed and acquitted charges].'" *Id.* at ¶ 297 (emphases added).

Likewise, Plaintiff alleges that he was somehow harmed by meet and confer

4

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Gibson, Dunn & Crutcher LLP

communication between him and Gibson Dunn. ECF 1 ¶¶ 284, 313, 314, 317. Specifically, he identifies a series of emails sent and received on August 2 and 3, 2019, all of which related to Plaintiff's Motion for a Preliminary Injunction:

- On August 2, 2019, Plaintiff contacted Gibson Dunn, threatening to seek a preliminary injunction motion against USC unless USC agreed to his demands. Plaintiff demanded that he be permitted to file "criminal charges" with "USC police," and that USC retract what he called a "no trespass letter." Ryzewska Decl., Ex. 5 at 21-22. Gibson Dunn explained that Plaintiff was "free to call any police department and tell them anything [he] want[ed]," that no one was "blocking" Plaintiff from "from calling a police department," but that Plaintiff has "no reason" and "no right" to be on the USC campus. *Id.* at 21. As plainly evident from the exchange, this was neither a threat nor a "lifetime ban." *Id.* Instead, it was simply an assertion of USC's position during a meet and confer with Plaintiff regarding his threatened motion. Plaintiff subsequently filed the motion that was the subject of the meet and confer. ECF 13.

- In the same thread, Plaintiff also demanded that he be permitted to communicate directly with USC instead of Gibson Dunn and that he be permitted to enter USC's registrar's office to ascertain "whether [his] student records have been sealed, acquitted, dismissed, and annulled." Ryzewska Decl., Ex. 6 at 24. Gibson Dunn responded: "I still have no idea what you are talking about. If this is some new way of asking whether anyone is 'blocking' you from calling the police, all I can do is reiterate that we have nothing to do with it and are not 'blocking' such a call or standing in your way. I have nothing further to add." *Id.* Again, this is nothing but a meet and confer communication with Plaintiff regarding his threatened motion in his prior failed litigation.

- In a separate email thread started by Plaintiff on August 3, 2019, Plaintiff also demanded that he be able to access USC property because he was considering

5
Gibson, Dunn & Crutcher LLP

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

"apply[ing] to USC programs again," and stated that his email constituted a meet and confer request for a motion to disqualify USC's counsel. Ryzewska Decl., Ex. 2 at 5. Gibson Dunn responded by asking Plaintiff if he had reviewed the 2007 Settlement Agreement, which states that he would never apply to USC again, and suggesting that Plaintiff "should really consult [a] lawyer about these matters." *Id.* Once again, these statements were made during a meet and confer over Plaintiff's threatened motion. ECF 13. As counsel of record, Gibson Dunn was obviously not required to give permission to Plaintiff to enter USC's property, and was equally within its rights, during the meet and confer, to tell Plaintiff, who was representing himself, that he had no right to trespass on USC property.

Each and every one of these filings and communications constitutes petitioning activity and is therefore immune from liability under *Noerr-Pennington*. *See Sosa*, 437 F.3d at 935; *Columbia Pictures*, 944 F.2d at 1528-29; *Rupert*, 68 F. Supp. 3d at 1156.[4] Obviously, if motion practice is protected petitioning activity, the required meet and confer is protected petitioning activity. To suggest otherwise would turn our legal system on its head. Attorneys meeting and conferring with a plaintiff who is representing himself or herself should not have to live in fear being named as a defendant or called as a "witness" simply for doing their job in the case.

**B.     Plaintiff's State Law Claims are Barred by the Litigation Privilege**

California's litigation privilege provides absolute immunity for statements made in connection with a judicial proceeding. Cal. Civ. Code § 47(b); *Action Apartment Ass'n, Inc. v. City*, 41 Cal. 4th 1232, 1241 (2007). "The principal purpose of [the litigation privilege] is to afford litigants and witnesses the utmost freedom of access to

---

[4] Plaintiff does not attempt to show (nor could he) that the filings or communications were objectively baseless. *See Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184-85 (9th Cir. 2005). Indeed, Plaintiff admitted that the defenses asserted by Gibson Dunn on behalf of USC were meritorious when he voluntarily dismissed his prior complaint and prior motion for a preliminary injunction.

Gibson, Dunn & Crutcher LLP

6

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

the courts without fear of being harassed subsequently by derivative tort actions." *Silberg v. Anderson*, 50 Cal. 3d 205, 213 (1990) (internal citations omitted). In order to achieve this purpose, California courts have interpreted the privilege broadly. *Action Apartment*, 41 Cal. 4th at 1241-42. It applies to all torts except malicious prosecution, and it applies to "any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved." *Silberg*, 50 Cal. 3d at 212. *See also Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (2006). *See also Oei v. N. Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1099 (C.D. Cal. 2006) ("claims for intentional infliction of emotion distress are subject to the litigation privilege"); *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1132 (1990) (litigation privilege extends to interference with contract claims).

Here, Plaintiff bases his Intentional Infliction of Emotional Distress ("IIED") and Intentional Interference with Contractual Relations claims on his meet and confer with Gibson Dunn regarding the Motion for a Preliminary Injunction that he filed in Case 02011, as well as the Motion to Dismiss that Gibson Dunn filed on behalf of USC in Case 02011. *See* ECF 1 ¶¶ 211-212, 247; ECF 1-2 at 1. Both the filing of the Motion to Dismiss and the meet and confer exchange are protected by the litigation privilege. *See, e.g.*, *Fotohaus, LLC v. Proforma, Inc.*, No. 18-CV-01827-BLF, 2019 WL 1493355, at *3 (N.D. Cal. Apr. 4, 2019) (intentional interference claim based on the filing of a lawsuit and the sending of a cease and desist letter barred by the litigation privilege); *Moss v. Bank of New York Tr.*, No. C 10-01734 JSW, 2011 WL 13243802, at *3 (N.D. Cal. Oct. 13, 2011) (IIED claim based on "activities related to the unlawful detainer action in state court, including any filings" are "protected by the litigation privilege").[5] As such, both claims are barred by the litigation privilege.

---

[5] *See also Digerati Holdings, LLC v. Young Money Entm't, LLC*, 194 Cal. App. 4th 873, 889 (2011) ("the filing of an application for a temporary restraining order and a motion for preliminary injunction" was "protected by the litigation privilege"); *Rusheen*, 37 Cal. 4th at 1058 (the "filing of pleadings" is "protected by the litigation

7

Gibson, Dunn & Crutcher LLP

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

### C. Plaintiff's RICO Claim Fails as a Matter of Law

Plaintiff's RICO claim fails as a matter of law for the reasons set forth in USC's Motion to Dismiss, which are incorporated by reference herein. ECF 45, at 11-18. If anything, adding Gibson Dunn to an already frivolous RICO claim simply for acting as counsel of record in the prior RICO lawsuit only confirms that Plaintiff's RICO allegations defy common sense.

### D. Plaintiff's Due Process and First Amendment Violation Claim Fails as a Matter of Law

Plaintiff's claim for Due Process and First Amendment Violation fails because Gibson Dunn is not a state actor and was not exercising a traditional, exclusively state function. The First and Fourteenth Amendments do not apply to private actors unless the actor is exercising a function "'traditionally exclusively reserved to the State.'" *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1926, 204 L. Ed. 2d 405 (2019) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974)).[6] A private law firm representing a private party in a civil lawsuit is not a state actor and is not exercising a traditional, exclusively state function. *See, e.g.*, *Licari v. Voog*, 374 F. App'x 230, 231 (2d Cir. 2010) ("private attorneys . . . are not state actors"); *Tanasescu v. State Bar of California*, No. SACV 11-00700-CJC, 2012 WL 1401294, at *16 (C.D. Cal. Mar. 26, 2012) ("lawyers in private practice generally do not act under color of state law when they represent parties in court proceedings").[7]

---

privilege"); *Chen v. Berenjian*, 33 Cal. App. 5th 811, 820 (2019) ("Pleadings . . . are considered privileged."); *Blanchard v. DirecTV*, 123 Cal. App. 4th 903, 919 (2004) (litigation privilege applies to demand letters and prelitigation communications); *Nguyen v. Proton Tech. Corp.*, 69 Cal. App. 4th 140, 147 (1999) (litigation privilege "applies to pre-litigation communications as well as those occurring during the course of actual litigation").

[6] *See also Jackson*, 419 U.S. at 349 (the "Fourteenth Amendment offers no shield" against "private conduct, however discriminatory or wrongful") (internal quotation marks omitted); *Apao v. Bank of New York*, 324 F.3d 1091, 1093 (9th Cir. 2003) ("The Fourteenth Amendment . . . shields citizens from unlawful governmental actions, but does not affect conduct by private entities.").

[7] *See also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 54 (1999) (holding that "a private party's mere use of the State's dispute resolution machinery, without the 'overt, significant assistance of state officials,'" is not state action) (quoting *Tulsa*

8

Gibson, Dunn & Crutcher LLP

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Goss v. Lopez*, 419 U.S. 565 (1975) is inapposite. ECF 48. Unlike here, *Goss* involved the suspension of a student at an Ohio *public* high school. *Id.* at 574. Further, the due process right recognized in *Goss* related to an Ohio state law entitling the student to a public education. *Id.* at 573-74. Not only is USC not a public university, but Plaintiff fails to identify any law that grants general members of the public unfettered access to private university property. ECF 1 ¶ 310-23. Indeed, Plaintiff concedes that the only law cited in his Complaint does not apply to private universities. *Id.* ¶ 316 ("Even assuming CA 626 applies, ***and it appears it does not*** . . .") (emphasis added).

Additionally, Plaintiff's claim does not make sense. Gibson Dunn was required to meet and confer with Plaintiff regarding the motion practice in his failed prior action and had an obligation to set forth USC's position in the meet and confer and in the motion papers. It cannot be a violation of due process or of the First Amendment to move to dismiss a frivolous case, to oppose a frivolous motion for preliminary injunction, or to meet and confer in connection with such motion practice.

### E. Plaintiff's IIED Claim Fails as a Matter of Law

Plaintiff's IIED claim fails as a matter of law for the reasons set forth in USC's Motion to Dismiss, which are incorporated by reference herein. ECF 45, at 21-23. Not only does the claim fail on the merits, but it makes no sense. It cannot be the intentional infliction of emotional distress to move to dismiss a frivolous case, to oppose a frivolous motion for preliminary injunction, or to meet and confer in connection with such motion practice.

### F. Plaintiff's Intentional Interference with Contractual Relations Claim Fails as a Matter of Law

Plaintiff's intentional interference with contractual relations claims fails because Gibson Dunn, as USC's agent, cannot be liable for interfering with a contract to which

---

*Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 486 (1988)); *Manko v. Steinhardt*, No. 11-CV-5430 KAM LB, 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) ("private attorneys and law firms . . . do not act under color of state law and are not state actors"); *Agron v. Douglas W. Dunham, Esq. & Assocs.*, No. 02 CIV.10071(LAP), 2004 WL 691682, at *3 (S.D.N.Y. Mar. 31, 2004) ("a private attorney is not a state actor").

USC is a party. *See, e.g., Los Angeles Airways, Inc. v. Davis*, 687 F.2d 321, 325–26 (9th Cir. 1982) (holding that an attorney, acting in "his fiduciary capacity as an agent, officer or director" could claim "manager's privilege," which would allow the attorney to "counsel his principal to breach a contract that he reasonably believes to be harmful to his principal's best interests"); *Schick v. Lerner*, 193 Cal. App. 3d 1321, 1329 (1987) ("[A]bsent extraordinary circumstances, an attorney may not be held liable for urging a client to breach a contract with some third party.").[8]

The claim also fails because it makes no sense. In effect, Plaintiff is alleging that Gibson Dunn somehow "interfered" with his contracts with USC by enforcing USC's rights under the contracts. It cannot be interference with contract to move to dismiss a frivolous case, to oppose a frivolous motion for preliminary injunction, or to meet and confer in connection with such motion practice. No case has ever held that such protected activity constitutes interference with the very contract being sued over.

### G. Plaintiff's Declaratory Judgment Claim Fails as a Matter of Law

Plaintiff's declaratory relief claim fails for the same reasons set forth in USC's Motion to Dismiss. ECF 45, at 25. It also fails because it is based entirely on the settlement agreements between USC and Plaintiff. Because Gibson Dunn is not a party to these agreements, or any other agreement with Plaintiff, this claim fails as against Gibson Dunn. ECF 1 ¶ 184.

## V. CONCLUSION

For the foregoing reasons, Gibson, Dunn & Crutcher respectfully requests that the Court grant the Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

---

[8] *See also Kasei Pharma Corp. v. Actelion Ltd.*, 222 Cal. App. 4th 945, 963-64 (2013) ("'a stranger,' as used in *Applied Equipment*, means one who is not a party to the contract or an agent of a party to the contract"); *Mintz v. Blue Cross of Cal.*, 172 Cal. App. 4th 1594, 1604 (2009) ("[I]t is settled that 'corporate agents and employees acting for and on behalf of a corporation cannot be held liable for inducing a breach of the corporation's contract.'") (quoting *Shoemaker v. Myers*, 52 Cal. 3d 1, 24-25 (1990)).

10

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

| | |
|---|---|
| Dated: October 25, 2019 | GIBSON, DUNN & CRUTCHER LLP |
| | By:    */s/ James P. Fogelman* <br>        James P. Fogelman |
| | Attorney for Gibson, Dunn & Crutcher |

Gibson, Dunn & Crutcher LLP

11

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF