James P. Fogelman, SBN 161584
Shannon E. Mader, SBN 235271
Katarzyna Ryzewska, SBN 300386
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
JFogelman@gibsondunn.com
SMader@gibsondunn.com
KRyzewska@gibsondunn.com

Attorneys for Defendant
Gibson, Dunn & Crutcher, LLP

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. JEFFREY ISAACS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>USC KECK SCHOOL OF MEDICINE. GIESEL SCHOOL OF MEDICINE AT DARTMOUTH, DARTMOUTH HITCHCOCK MEDICAL CENTER, NH BOARD OF MEDICINE, GIBSON, DUNN & CRUTCHER, LLP and JOHN or JANE DOE,<br><br>　　　　　Defendants. | CASE NO. 2:19-CV-08000-DSF-RAO<br><br>**DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE**<br><br>[Defendant's Request for Judicial Notice, Declaration of Katarzyna Ryzewska, Declaration of James P. Fogelman, and Proposed Order Filed Concurrently herewith]<br><br>**Hearing**<br>Date:　　　January 27, 2020<br>Time:　　　1:30 PM<br>Location:　Courtroom 7D<br>Judge:　　Hon. Dale S. Fischer |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 27, 2020, at 1:30 p.m. in Courtroom 7D of the United States District Court for the Central District of California at First Street Courthouse, 350 West 1st Street, Los Angeles, California Defendant Gibson, Dunn & Crutcher, LLP ("Gibson Dunn") will and hereby does move this Court, pursuant to California Code of Civil Procedure Section 425.16, for an order striking all of the claims that Plaintiff Jeffrey Isaacs ("Plaintiff") has asserted against Gibson Dunn.

This Motion is made on the grounds that Plaintiff's Complaint against Gibson Dunn is a meritless "SLAPP" suit (i.e., strategic litigation against public participation) that is barred by California's anti-SLAPP statute.

Plaintiff's claims against Gibson Dunn are based entirely on Gibson Dunn's representation of Defendant USC Keck School of Medicine ("USC") in Plaintiff's previous failed action. Specifically, Plaintiff bases his claims on the filing of motions to dismiss on behalf of USC, the filing of an opposition to Plaintiff's Motion for Preliminary Injunction, and the meet and confer in connection with those filings. As a matter of law, Plaintiff's claims are subject to the protections of California Code of Civil Procedure Section 425.16, the anti-SLAPP statute, because Plaintiff's claims arise from written or oral statements made in connection with a judicial proceeding. *See* Cal. Civ. Proc. Code § 425.16(e)(1). *See also Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056, 128 P.3d 713, 717–18 (2006) (anti-SLAPP statute applies to litigation activity, including all communicative acts performed by attorneys as part of their representation of a client in a judicial proceeding).

Plaintiff's Complaint is meritless and should be stricken because Plaintiff cannot meet his burden of establishing that he will prevail on his claims against Gibson Dunn.

- First, all of Plaintiff's claims are barred by the *Noerr-Pennington* doctrine because they are based on litigation conduct. *See Sosa v. DirecTV, Inc.*, 437 F.3d 923, 933-39 (9th Cir. 2006) (*Noerr-Pennington* applies to pre-litigation

1

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

letters); *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Inv'rs, Inc.*, 944 F.2d 1525, 1528 (9th Cir. 1991) (*Noerr-Pennington* applies to a decision to accept or reject a settlement offer); *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1159 (N.D. Cal. 2014) (*Noerr-Pennington* applies to the filing of a motion to dismiss).

- Second, all of Plaintiff's state law claims are barred by the litigation privilege because they are based on litigation conduct. *See* Cal. Civ. Code § 47(b); *Blanchard v. DIRECTV, Inc.*, 123 Cal. App. 4th 903, 919 (2004); *Kashian v. Harriman*, 98 Cal. App. 4th 892, 913 (2002); *Seltzer v. Barnes*, 182 Cal. App. 4th 953, 961–62 (2010).

- Third, Plaintiff fails to prove any of the essential elements of a RICO claim. He fails to prove a RICO enterprise, the operation or management of the RICO enterprise, and at least two acts of racketeering activity: his wire and mail fraud allegations are wholly conclusory and not pleaded with particularity; he pleads no facts to support his witness retaliation allegation; and his obstruction of justice claim fails because he does not allege a pending federal judicial proceeding. He also fails to prove a pattern of racketeering activity, a cognizable injury, and causation.

- Fourth, Plaintiff's claim for Due Process and First Amendment Violation fails because Gibson Dunn is not a state actor and was not performing a function traditionally and exclusively performed by the State. *See, e.g., Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974) (stating that the "Fourteenth Amendment offers no shield" against "private conduct, however discriminatory or wrongful") (internal quotation marks omitted); *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1926 (2019) (applying the state action doctrine to First Amendment claims).

Gibson, Dunn & Crutcher LLP

- Fifth, Plaintiff's Intentional Infliction of Emotional Distress ("IIED") claim fails because Plaintiff fails to show essential elements of each claim. *See* Cal. Civ. Proc. § 335.1.

- Sixth, Plaintiff's Intentional Interference with Contractual Relations claim fails because, as USC's agent, Gibson Dunn cannot be liable for tortiously interfering with a contract to which USC is a party. *See, e.g., Schick v. Lerner*, 193 Cal. App. 3d 1321, 1329 (1987) ("[A]bsent extraordinary circumstances, an attorney may not be held liable for urging a client to breach a contract with some third party."); *Los Angeles Airways, Inc. v. Davis*, 687 F.2d 321, 325–26 (9th Cir. 1982) (stating that attorney, acting in "his fiduciary capacity as an agent, officer or director" could claim "manager's privilege," which would allow the attorney to "counsel his principal to breach a contract that he reasonably believes to be harmful to his principal's best interests").

- Finally, Plaintiff's declaratory judgment claim fails because there is no genuine, ongoing dispute and because Gibson Dunn is not a party to any contract with the Plaintiff. *See Tatung Co. v. Shu Tze Hsu*, 43 F. Supp. 3d 1036, 1064 (C.D. Cal. 2014).

This lawsuit is classic SLAPP. Gibson Dunn hereby requests that the Court strike Plaintiff's claims against Gibson Dunn and the accompanying demands for damages and other relief recited in the Prayer.

This Motion is based on this Notice of Motion and Motion; the Declaration of Katarzyna Ryzewska and Declaration of James Fogelman; Defendants' Request for Judicial Notice; the complete files and records in this action; and on such further evidence and argument that is presented prior to or at hearing on this matter.

This Motion is made following the telephonic conference of counsel pursuant to Local Rule 7-3, which took place on October 10, 2019.

Gibson, Dunn &
Crutcher LLP

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO STRIKE

1

## RELIEF SOUGHT

2     Gibson Dunn seeks an order striking Plaintiff's Complaint with prejudice.

3

4

Dated:  November 4, 2019          GIBSON, DUNN & CRUTCHER LLP

5

6

By:     */s/ James P. Fogelman*

7                                        James P. Fogelman

8                              Attorney for Defendant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................ 1

II.   FACTUAL AND PROCEDURAL BACKGROUND ........................... 2

      A.    Plaintiff's 2007 And 2008 Settlements With USC .................. 2

      B.    Plaintiff's Prior Lawsuits ......................................................... 3

      C.    Plaintiffs Sends A Demand Letter To USC, Which USC Rejects ............ 5

      D.    Plaintiff Files A Meritless Lawsuit Against USC ..................... 5

      E.    On USC's Behalf, Gibson Dunn Moves To Dismiss Plaintiff's Complaint ............ 5

      F.    Plaintiffs Files An Amended Complaint ................................... 6

      G.    On USC's Behalf, Gibson Dunn Moves To Dismiss The FAC ............ 6

      H.    The Parties Meet And Confer Regarding Plaintiff's Preliminary Injunction Motion, Which Plaintiff Files Shortly Thereafter ............ 6

      I.    On USC's Behalf, Gibson Dunn Opposes Plaintiff's Motion ............ 7

      J.    Plaintiff Threatens To Seek Gibson Dunn's Disqualification ............ 7

      K.    Without Meeting And Conferring, Plaintiff Files A Motion For Leave To File A Second Amended Complaint ............ 8

      L.    Plaintiff Again Threatens To Seek Gibson Dunn's Disqualification ............ 8

      M.    Rather Than Oppose USC's Motion To Dismiss, Plaintiff Dismisses His Lawsuit And Files A Nearly Identical Lawsuit, Naming Gibson Dunn ............ 8

III.  LEGAL STANDARD ......................................................................... 8

IV.   ARGUMENT ..................................................................................... 10

      A.    Plaintiff's Claims Against Gibson Dunn Are Based On Petitioning Activities Protected By The Anti-SLAPP Statute ............ 10

      B.    Plaintiff's Claims Against Gibson Dunn Fail As A Matter of Law ............ 12

            1.    The Claims Are Barred By The Noerr-Pennington Doctrine ............ 13

            2.    The State Law Claims Are Barred By The Litigation Privilege ............ 14

            3.    Plaintiff Cannot Prevail On His RICO Claim ............ 16

i

Gibson, Dunn &
Crutcher LLP

a.  Plaintiff Cannot Establish Gibson Dunn's "Operation
Or Management" Of A RICO Enterprise ..............................16

b.  Plaintiff Cannot Establish A RICO Enterprise ...................17

c.  Plaintiff Cannot Establish Racketeering Activity ..............18

1)  Wire And Mail Fraud ................................................18

2)  Retaliating Against A Witness And Witness
Tampering ................................................................18

3)  Obstruction Of Justice .............................................19

d.  Plaintiff Cannot Establish A Pattern Of Racketeering
Activity ....................................................................19

e.  Plaintiff Cannot Establish RICO Standing ..........................20

4.  Plaintiff's Due Process And First Amendment Violation
Claim Fails As A Matter of Law ......................................21

5.  Plaintiff's IIED Claim Fails As A Matter of Law .........................22

6.  Plaintiff's Intentional Interference With Contractual
Relations Claim Fails As A Matter of Law ...................................24

7.  Plaintiff's Declaratory Judgment Claim Fails ..............................25

V.  CONCLUSION ...................................................................25

ii

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Action Apartment Ass'n, Inc. v. City*,
    41 Cal. 4th 1232 (2007) ....................................................................... 14, 15

*Agron v. Douglas W. Dunham, Esq. & Assocs.*,
    No. 02 CIV.10071(LAP), 2004 WL 691682 (S.D.N.Y. Mar. 31, 2004) ................ 22

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*,
    526 U.S. 40 (1999) ..................................................................................... 22

*Anza v. Ideal Steel Supply Corp.*,
    547 U.S. 451 (2006) ................................................................................... 21

*Apao v. Bank of New York*,
    324 F.3d 1091 (9th Cir. 2003) .................................................................... 22

*Arons v. Lalime*,
    3 F. Supp. 2d 314 (W.D.N.Y.1998) .............................................................. 16

*Azrielli v. Cohen Law Offices*,
    21 F.3d 512 (2d Cir. 1994) ........................................................................ 16

*Baumer v. Pachl*,
    8 F.3d 1341 (9th Cir. 1993) ....................................................................... 16

*Biofeedtrac, Inc. v. Kolinor Optical Enters. & Consultants, S.R.*,
    832 F. Supp. 585 (E.D.N.Y. 1993) .............................................................. 16

*Blanchard v. DirecTV*,
    123 Cal. App. 4th 903 (2004) ..................................................................... 15

*Boulware v. State of Nev., Dep't of Human Res.*,
    960 F.2d 793 (9th Cir. 1992) ...................................................................... 13

*Boyle v. United States*,
    556 U.S. 938 (2009) ................................................................................... 17

*Briggs v. Eden Council for Hope & Opportunity*,
    19 Cal. 4th 1106 (1999) ............................................................................. 10

iii

Gibson, Dunn &
Crutcher LLP

*Canyon Cnty. v. Syngenta Seeds, Inc.*,
     519 F.3d 969 (9th Cir. 2008) .......................................................................... 20

*Chang v. Lederman*,
     172 Cal. App. 4th 67 (2009) .......................................................................... 23

*Chavez v. Mendoza*,
     94 Cal. App. 4th 1083 (2001) .......................................................................... 9

*Chen v. Berenjian*,
     33 Cal. App. 5th 811 (2019) .......................................................................... 15

*Church of Scientology v. Wollersheim*,
     42 Cal. App. 4th 628 (1996), *disapproved on other grounds* ..................................... 9

*Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc.*,
     944 F.2d 1525 (9th Cir. 1991) .................................................................. 13, 14

*Crossroads Investors, L.P. v. Federal Nat'l Mortg. Ass'n*,
     13 Cal. App. 5th 757 (2017) .......................................................................... 10

*Diaz v. Gates*,
     420 F.3d 897 (9th Cir. 2005) .......................................................................... 20

*Digerati Holdings, LLC v. Young Money Entm't, LLC*,
     194 Cal. App. 4th 873 (2011) .......................................................................... 15

*Dowling v. Zimmerman*,
     85 Cal. App. 4th 1400 (2001) .......................................................................... 9

*Eclectic Props. East v. Marcus & Millichap Co.*,
     751 F. 3d 990 (9th Cir. 2014) .......................................................................... 18

*Equilon Enters. v. Consumer Cause, Inc.*,
     29 Cal. 4th 53 (2002) .......................................................................... 9

*Finton Constr., Inc. v. Bidna & Keys, APLC*,
     238 Cal. App. 4th 200 (2015) .......................................................................... 1

*Flatley v. Mauro*,
     39 Cal. 4th 299 (2006) .......................................................................... 10

*Fotohaus, LLC v. Proforma, Inc.*,
     No. 18-CV-01827-BLF, 2019 WL 1493355 (N.D. Cal. Apr. 4, 2019) .................... 15

iv

Gibson, Dunn &
Crutcher LLP

*Fox Searchlight Pictures, Inc. v. Paladino*,
　89 Cal. App. 4th 294 (2001) ........................................................................ 9

*Freeman v. Lasky, Haas & Cohler*,
　410 F.3d 1180 (9th Cir. 2005) .................................................................... 14

*GeneThera, Inc. v. Troy & Gould Prof'l Corp.*,
　171 Cal. App. 4th 901 (2009) ...................................................................... 11

*H.J. Inc. v. Northwestern Bell Tel. Co.*,
　492 U.S. 229 (1989).............................................................................. 19, 20

*Healy v. Tuscany Hills Landscape & Recreation Corp.*,
　137 Cal. App. 4th 1 (2006) ......................................................................... 10

*Holmes v. Sec. Investor Prot. Corp.*,
　503 U.S. 258 (1992).................................................................................... 21

*Hughes v. Pair*,
　46 Cal. 4th 1035 (2009) ........................................................................ 23, 24

*Isaacs v. Dartmouth-Hitchcock Med. Ctr.*,
　2014 WL 1572559 .................................................................................... 3, 4

*Isaacs v. DHMC et al.*,
　No. 2:19-CV-02011-DSF-RAO (C.D. Cal. 2019)......................................... 1

*Isaacs v. Trustees of Dartmouth Coll.*,
　No. 17-CV-040-LM, 2018 WL 734182 (D.N.H. Feb. 5, 2018), *motion
　for relief from judgment denied*, No. 17-CV-040-LM, 2018 WL
　2225097 (D.N.H. May 15, 2018)................................................................. 4

*Isaacs v. Trustees of Dartmouth Coll.*,
　No. CIV.A. 13-5708, 2014 WL 4186536 (E.D. Pa. Aug. 25, 2014),
　*aff'd sub nom. Isaacs v. Arizona Bd. of Regents*, 608 F. App'x 70 (3d
　Cir. 2015) ................................................................................................... 4

*Isaacs v. United States Dep't of Educ.*,
　No. CV 17-11221-FDS, 2018 WL 1257760 (D. Mass. Mar. 12, 2018).................... 4

*Jackson v. Metro. Edison Co.*,
　419 U.S. 345 (1974).................................................................................... 22

v

Gibson, Dunn &
Crutcher LLP

*Johnson v. Ralphs Grocery Co.*,
   204 Cal. App. 4th 1097 (2012) ................................................................. 10

*Jolley v. Chase Home Fin., LLC*,
   213 Cal. App. 4th 872 (2013) ................................................................... 25

*Just Film, Inc. v. Buono*,
   847 F.3d 1108 (9th Cir. 2017) .................................................................. 16

*Kasei Pharma Corp. v. Actelion Ltd.*,
   222 Cal. App. 4th 945 (2013) ................................................................... 24

*Kiseskey v. Carpenters' Trust for So. California*,
   144 Cal. App. 3d 222 (1983) .................................................................... 23

*Kolar v. Donahue, McIntosh & Hammerton*,
   145 Cal. App. 4th 1532 (2006) .............................................................. 2, 11

*Licari v. Voog*,
   374 F. App'x 230 (2d Cir. 2010) .............................................................. 22

*Los Angeles Airways, Inc. v. Davis*,
   687 F.2d 321 (9th Cir. 1982) .................................................................... 24

*Ludwig v. Superior Court*,
   37 Cal. App. 4th 8 (1995) .......................................................................... 9

*Madrigal v. Allstate Indem. Co.*,
   No. CV 14-4242 SS, 2015 WL 12747906 (C.D. Cal. Sept. 30, 2015).... 23

*Makaeff v. Trump Univ., LLC*,
   715 F.3d 254 (9th Cir. 2013) .................................................................... 13

*Manhattan Cmty. Access Corp. v. Halleck*,
   139 S. Ct. 1921, 204 L. Ed. 2d 405 (2019) ............................................. 21

*Manko v. Steinhardt*,
   No. 11-CV-5430 KAM LB, 2012 WL 213715 (E.D.N.Y. Jan. 24,
   2012) ......................................................................................................... 22

*McFarlin v. Gormley*,
   No. CV-06-1594-HU, 2008 WL 410104 (D. Or. Feb. 12, 2008)............. 13

Gibson, Dunn &
Crutcher LLP

*Mendoza v. Wichmann*,
  194 Cal. App. 4th 1430 (2011) ................................................................. 10

*Mintz v. Blue Cross of Cal.*,
  172 Cal. App. 4th 1594 (2009) ................................................................. 24

*Moss v. Bank of New York Tr.*,
  No. C 10-01734 JSW, 2011 WL 13243802 (N.D. Cal. Oct. 13, 2011) ............. 15, 23

*Nguyen v. Proton Tech. Corp.*,
  69 Cal. App. 4th 140 (1999) ................................................................... 15

*Nolte v. Pearson*,
  994 F.2d 1311 (8th Cir. 1993) ................................................................. 16

*O'Malley v. N.Y.C. Transit Auth.*,
  896 F.2d 704 (2d Cir. 1990) ................................................................... 19

*Oei v. N. Star Capital Acquisitions, LLC*,
  486 F. Supp. 2d 1089 (C.D. Cal. 2006) ..................................................... 15

*OG Int'l, Ltd. v. Ubisoft Entm't*,
  No. C 11-04980 CRB, 2012 WL 4809174 (N.D. Cal. Oct. 9, 2012) .................. 13

*Pac. Gas & Elec. Co. v. Bear Stearns & Co.*,
  50 Cal. 3d 1118 (1990) .......................................................................... 15

*Religious Tech. Ctr. v. Wollersheim*,
  971 F.2d 364 (9th Cir. 1992) ................................................................... 20

*Reves v. Ernst & Young*,
  507 U.S. 170 (1993) .............................................................................. 16

*Reynolds v. Shure*,
  148 F. Supp. 3d 928 (E.D. Cal. 2015) ....................................................... 23

*Roberts v. L.A. Cty. Bar Ass'n*,
  105 Cal. App. 4th 604 (2003) .................................................................... 9

*Rohde v. Wolf*,
  154 Cal. App. 4th 28 (2007) ................................................................... 10

*Rubin v. Green*,
  4 Cal. 4th 1187 (1993) .......................................................................... 10

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO STRIKE

*Rupert v. Bond*,
    68 F. Supp. 3d 1142 (N.D. Cal. 2014) ........................................................ 14

*Rusheen v. Cohen*,
    37 Cal. 4th 1048, 128 P.3d 713 (2006) .............................................. 10, 15

*Schick v. Lerner*,
    193 Cal. App. 3d 1321 (1987) .................................................................. 24

*Sedima, S.P.R.L. v. Imrex Co.*,
    473 U.S. 479 (1985) ........................................................................... 16, 18

*Seltzer v. Barnes*,
    182 Cal. App. 4th 953 (2010) .................................................................. 16

*Sever v. Alaska Pulp Corp.*,
    978 F.2d 1529 (9th Cir. 1992) ................................................................. 20

*Shoemaker v. Myers*,
    52 Cal. 3d 1 (1990) ................................................................................... 24

*Silberg v. Anderson*,
    50 Cal. 3d 205 (1990) ............................................................................... 15

*Simo v. Union of Needletrades*,
    322 F.3d 602 (9th Cir. 2003) ................................................................... 23

*So v. Shin*,
    212 Cal. App. 4th 652 (2013) .................................................................. 23

*Sosa v. DirecTV, Inc.*,
    437 F.3d 923 (9th Cir. 2006) ............................................................. 13, 14

*Sweetwater Union High Sch. Dist. v. Gilbane Building Co.*,
    6 Cal. 5th 931 (2019) ................................................................................. 1

*Tanasescu v. State Bar of California*,
    No. SACV 11-00700-CJC, 2012 WL 1401294 (C.D. Cal. Mar. 26,
    2012) ......................................................................................................... 22

*Tatung Co. v. Shu Tze Hsu*,
    43 F. Supp. 3d 1036 (C.D. Cal. 2014) ...................................................... 25

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO STRIKE

Gibson, Dunn &
Crutcher LLP

*Theme Promotions, Inc. v. News Am. Mktg. FSI,*
    546 F.3d 991 (9th Cir. 2008) ............................................................................ 13

*Traditional Cat Ass'n, Inc. v. Gilbreath,*
    118 Cal. App. 4th 392 (2004) ......................................................................... 13

*Tulsa Prof'l Collection Servs., Inc. v. Pope,*
    485 U.S. 478 (1988) ......................................................................................... 22

*United States v. Metcalf,*
    435 F.2d 754 (9th Cir. 1970) .......................................................................... 19

*United States v. Quattrone,*
    441 F.3d 153 (2d Cir. 2006) ............................................................................ 19

*United States v. Turkette,*
    452 U.S. 576 (1981) ......................................................................................... 17

*United States v. Weber,*
    320 F.3d 1047 (9th Cir. 2003) ........................................................................ 19

*Walter v. Drayson,*
    538 F.3d 1244 (9th Cir. 2008) ........................................................................ 16

*Wong v. Jing,*
    189 Cal. App. 4th 1354 (2010) ....................................................................... 24

**Statutes**

18 U.S.C. § 1503 ..................................................................................................... 19

18 U.S.C. § 1513(e) ................................................................................................ 18

18 U.S.C. § 1961(5) ................................................................................................ 18

18 U.S.C. § 1964(c) ................................................................................................ 20

Cal. Civ. Code § 47 ................................................................................................ 10

Cal. Civ. Code § 47(b) ........................................................................................... 14

Cal. Civ. P. Code § 425.16(b) ................................................................................. 9

Cal. Civ. P. Code § 425.16(b)(1) ............................................................................ 9

ix

Gibson, Dunn &
Crutcher LLP

Cal. Civ. P. Code § 425.16(e)(1) ........................................................................ 1

**Constitutional Provisions**

U.S. Const. amend. I .......................................................................................... 13

x

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

# I.    INTRODUCTION

Plaintiff's Complaint against Gibson, Dunn & Crutcher, LLP ("Gibson Dunn") is a meritless "SLAPP" suit that should never have been filed and that should dismissed. Gibson Dunn is being sued simply for representing its client, Defendant USC Keck School of Medicine ("USC"). Plaintiff's claims against Gibson Dunn are based entirely on Gibson Dunn's defense of USC in Plaintiff's prior failed action. *See Isaacs v. DHMC et al.*, No. 2:19-CV-02011-DSF-RAO (C.D. Cal. 2019) ("Case 02011" or the "Prior Action"). Specifically, Plaintiff seeks to hold Gibson Dunn liable for statements made in a motion to dismiss that Gibson Dunn filed on USC's behalf and in a meet and confer with Plaintiff regarding Plaintiff's preliminary injunction motion. But Plaintiff never even filed an opposition to USC's motion to dismiss or a reply in support of his preliminary injunction motion. Instead, he voluntarily dismissed the Prior Action in an obvious attempt to avoid a ruling on the merits of those motions, and filed the instant action asserting a host of additional claims against USC and Gibson Dunn in a transparent attempt to punish USC and Gibson Dunn for having opposed his frivolous claims. Plaintiff's Complaint is exactly the type of "meritless suit[]" that the anti-SLAPP statute was "designed to weed out." *Sweetwater Union High Sch. Dist. v. Gilbane Building Co.*, 6 Cal. 5th 931, 945 (2019) (internal quotations omitted). *See also Finton Constr., Inc. v. Bidna & Keys, APLC*, 238 Cal. App. 4th 200, 209 (2015) ("The purpose of the statute is to dismiss meritless lawsuits designed to chill the defendant's free speech rights at the earliest stage of the case.").

A special motion to strike is subject to a two-prong analysis. The first prong requires a showing that plaintiff's cause of action arises from the type of protected activity covered by the anti-SLAPP statute. That is the case here. There can be no question that Plaintiff's claims arise from "written or oral statements made before a judicial proceeding." Cal. Civ. P. Code § 425.16(e)(1). The anti-SLAPP statute's protections for petitioning activities extends not only to the filing of lawsuits but "to conduct that relates to such litigation, including statements made in connection with or

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

in preparation of litigation." *Kolar v. Donahue, McIntosh & Hammerton*, 145 Cal. App. 4th 1532, 1537 (2006).

The second prong requires plaintiff to establish with admissible evidence a probability of prevailing on each element of the cause of action. Plaintiff cannot meet this burden. Because Plaintiff's claims are based on petitioning activity, they are barred, as a matter of law, by *Noerr-Pennington* and California's litigation privilege. Further, Plaintiff's claims fail on the merits. Plaintiff cannot prove any of the elements of his RICO claim, his intentional infliction of emotion distress claim, or his intentional interference with contract claim. And his claims for Due Process and First Amendment violation and declaratory judgment fail because Gibson Dunn is not a state actor and is not a party to his agreements with USC.

For all of these reasons and those set forth below, Gibson Dunn's Motion should be granted and Plaintiff's claims against Gibson Dunn should be stricken.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Plaintiff's 2007 And 2008 Settlements With USC

After being expelled from USC for harassing and stalking a medical student, violating a stay away order, and making violent threats against the school, Plaintiff sued USC, the victim's father, and USC officials. ECF 1 ¶¶ 14, 27, 32. Those lawsuits resulted in two settlements in 2007 and 2008, pursuant to which Plaintiff released and waived all claims against USC and agreed not to assert any claims against USC "based on, referring to, or incorporating any events, acts or omissions through and including the date hereof." *Id.* ¶¶ 33–35; ECF 1-2 at 30 (2007 Settlement Agreement ¶ 4), 35 (2008 Settlement Agreement ¶ 6). *See also* Ryzewska Decl. Exs. 1-2.

USC was subsequently forced to file a motion to enforce the settlement agreements when Plaintiff refused to dismiss the actions. See Ryzewska Decl., Ex. 3, at 15 (USC Mot. to Enforce Settlement Agreement, Case No. CV-06-3338 GAF, ECF 77) ("2008 Motion to Enforce"). In his opposition, Plaintiff argued that the agreements were

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

invalid due to lack of consideration, his alleged lack of knowledge regarding their meaning, illegality, impracticability, duress, unclean hands, undue influence, and unconscionability. *Id.*, Ex. 4, at 28-30 (Isaacs Opp. to Mot. to Enforce Settlement Agreement, Case No. CV-06-3338 GAF, ECF 78) ("2008 Opposition"). The District Court granted USC's motion, holding that "Isaacs fail[ed] to put[] forth any grounds to void the Settlement" and "the mere fact that Isaacs claims to no longer know if the Settlement accomplishes his ultimate goal is not grounds to undo the agreement." Ryzewska Decl., Ex. 5, at 31 (Order re Mot. to Enforce Settlement Agreement, Case No. CV-06-3338 GAF, ECF 81) ("2008 Order").

**B.    Plaintiff's Prior Lawsuits**

In 2010, Plaintiff received his medical degree from a different program. ECF 1 ¶ 14. After graduating, Plaintiff began a surgical residency at the University of Arizona ("UA"), from which he resigned after six weeks. Ryzewska Decl. Ex. 6, at 38 (*Isaacs v. Dartmouth-Hitchcock Med. Ctr.*, 2014 WL 1572559, at *2); Ex. 12, at 106 (Termination Ltr. from DHMC to Isaacs, Mar. 19, 2012). In September of 2010, Plaintiff submitted an application to Dartmouth Hitchcock Medical Center ("DHMC"), where he omitted both his attendance at USC and the residency at UA. *Id.* In 2011, Plaintiff began a residency at DHMC. ECF 1 ¶ 68. In January 2012, a supervisor at DHMC discovered that Plaintiff had previously been a resident at UA.  Ryzewska Decl. Ex. 6, at 38-39. On March 19, 2012, DHMC issued a letter to Plaintiff stating that he was being terminated for academic deficiencies, and for failing to disclose his attendance at USC and UA. *Id.* at 40. On March 11, 2014, the New Hampshire Board of Medicine ("Board of Medicine") revoked Plaintiff's medical license and found that his termination from DHMC was appropriate because he concealed material information in his application. *See In re Jeffrey D. Isaacs M.D.*, New Hampshire Board of Medicine, Final Decision and Order, at 8–9 (Mar. 11, 2014) (Ryzewska Decl., Ex. 7, at 63-64). The Board of

Gibson, Dunn &
Crutcher LLP

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO STRIKE

1  Medicine also reprimanded Plaintiff for failing to provide any "credible evidence" in

2  support of his position and for "knowingly" making a false statement. *Id.* at 65-66.

3        Since his termination from DHMC, Plaintiff has pursued claims against multiple

4  defendants in multiple jurisdictions. On February 3, 2012, shortly before his termination

5  from DHMC, Plaintiff filed a case against DHMC, the Mary Hitchcock Memorial

6  Hospital, and the Trustees for claims arising out of his residency and pending

7  termination. *Isaacs v. Dartmouth-Hitchcock Med. Ctr.*, 2014 WL 1572559, at *1

8  (granting summary judgment in favor of defendants). Next, on September 30, 2013,

9  Plaintiff sued the Trustees, the Arizona Board of Regents, the Board of Medicine, the

10 Mary Hitchcock Memorial Hospital, and the University of Arizona Health Sciences

11 Center for claims arising out of his termination by DHMC and the revocation of his

12 medical license by the Board of Medicine. *Isaacs v. Trustees of Dartmouth Coll.*, No.

13 CIV.A. 13-5708, 2014 WL 4186536, at *1 (E.D. Pa. Aug. 25, 2014) (Ryzewska Decl.,

14 Ex. 8), *aff'd sub nom. Isaacs v. Arizona Bd. of Regents*, 608 F. App'x 70 (3d Cir. 2015)

15 (affirming dismissal of complaint based on lack of personal jurisdiction and immunity)

16 (Ryzewska Decl., Ex. 9). On February 3, 2017, Plaintiff sued the Board of Medicine, the

17 Trustees, and DHMC for claims arising out of his dismissal from the DHMC residency

18 and the revocation of his medical license. *Isaacs v. Trustees of Dartmouth Coll.*, No. 17-

19 CV-040-LM, 2018 WL 734182, at *1 (D.N.H. Feb. 5, 2018) (Ryzewska Decl., Ex.

20 10), *motion for relief from judgment denied*, No. 17-CV-040-LM, 2018 WL 2225097

21 (D.N.H. May 15, 2018) (dismissing certain claims with prejudice and denying Plaintiff's

22 request to amend his complaint to add additional claims). Plaintiff next sued the DOE

23 on June 30, 2017, when the Office of Civil Rights declined to investigate the

24 circumstances surrounding his termination from DHMC. *Isaacs v. United States Dep't

25 of Educ.*, No. CV 17-11221-FDS, 2018 WL 1257760, at *1 (D. Mass. Mar. 12, 2018)

26 (dismissing complaint based on sovereign immunity) (Ryzewska Decl., Ex. 11). All of

27 these lawsuits have since been dismissed.

28

4

**C.      Plaintiffs Sends A Demand Letter To USC, Which USC Rejects**

On August 3, 2018, just months after the dismissal of his lawsuits against the Board of Medicine, the Trustees, the DMHC, and the DOE, Plaintiff's New Hampshire counsel sent USC's in-house counsel a letter threatening to sue USC unless USC agreed to mediate or arbitrate Plaintiff's claims. Ryzewska Decl. Ex. 13, at 113-14 (Aug. 3, 2018, Ltr. from Keith Matthews to USC). On May 24, 2019, Plaintiff's New Hampshire counsel emailed USC's counsel, again demanding that the parties agree to mediate or arbitrate. Ryzewska Decl. Ex. 14, at 115 (May 24, 2019, Email from Keith Matthews to USC).

On May 30, 2019, USC's in-house counsel rejected Plaintiff's demand, and stated that USC would vigorously defend itself and pursue all available remedies. *Id.*

On May 31, 2019, Plaintiff responded, stating that USC's response would be considered "further violations of the RICO statute." Ryzewska Decl. Ex. 15, at 117 (May 31, 2019, Email from Isaacs to USC).

**D.      Plaintiff Files A Meritless Lawsuit Against USC**

On March 19, 2019, Plaintiff proceeded to file the threatened lawsuit against USC, the DHMC, the Giesel School of Medicine at Dartmouth ("Trustees"), and the Board of Medicine in the Prior Action. Ryzewska Decl. Ex. 16, at 119 (Case 02011, ECF 1). The complaint contained two meritless claims—a RICO claim alleging that defendants formed a RICO enterprise that existed solely to ruin Plaintiff's medical career, and a claim for injunctive relief to enforce the 2007 and 2008 settlement agreements. *Id.*

**E.      On USC's Behalf, Gibson Dunn Moves To Dismiss Plaintiff's Complaint**

On June 26, 2019, Gibson Dunn filed a motion to dismiss Plaintiff's complaint on USC's behalf. Ryzewska Decl. Ex. 17 (Case 02011, ECF 14). Plaintiff did not file an opposition. Plaintiff purports to base his claims on a sentence in the motion to dismiss—namely, the argument that "USC did not 'cause' Plaintiff's intentional omissions." ECF 1, at ¶ 297. *See also* Ryzewska Decl. Ex. 17, at 188.  Notably, Plaintiff never filed an opposition to the motion to dismiss.

**F.      Plaintiffs Files An Amended Complaint**

On July 19, 2019, Plaintiff filed his First Amended Complaint ("FAC"), adding the following claims against USC: breach of contract, IIED, NIED, a Bivens implied cause of action, retaliation, constructive fraud and a declaratory judgment claim. Case 02011, ECF 33.

**G.      On USC's Behalf, Gibson Dunn Moves To Dismiss The FAC**

On August 2, 2019, Gibson Dunn filed a motion to dismiss the FAC on USC's behalf, arguing that Plaintiff's claims were barred by the doctrine of res judicata and the settlement agreements and failed as a matter of law. Ryzewska Decl. Ex. 19 (Case 020211, ECF 41). Plaintiff purports to base his claims on a sentence in the motion to dismiss—namely, the argument that "USC did not 'cause' Plaintiff's intentional omissions." ECF 1, at ¶ 297. *See also* Ryzewska Decl. Ex. 19 at 228. Again, Plaintiff never filed an opposition to the motion to dismiss.

**H.      The Parties Meet And Confer Regarding Plaintiff's Preliminary Injunction Motion, Which Plaintiff Files Shortly Thereafter**

Plaintiff emailed Gibson Dunn on August 2, 2019, threatening to seek a preliminary injunction against USC unless USC agreed to his demands. Ryzewska Decl. Ex. 24, at 256.  Plaintiff demanded that he be permitted to file "criminal charges" with "USC police," and that USC retract what he called a "no trespass letter." *Id.* Gibson Dunn explained that Plaintiff was "free to call any police department and tell them anything [he] want[ed]," that no one was "blocking" Plaintiff from "from calling a police department," but that Plaintiff has "no reason" and "no right" to be on the USC campus. *Id.* at 254. As plainly evident from the exchange, this was neither a threat nor a "lifetime ban." *Id.* Instead, it was simply an assertion of USC's position during a meet and confer with Plaintiff regarding his threatened motion.

In the same thread, Plaintiff also demanded that he be permitted to communicate directly with USC instead of Gibson Dunn and that he be permitted to enter USC's registrar's office to ascertain "whether [his] student records have been sealed, acquitted,

Gibson, Dunn & Crutcher LLP

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

dismissed, and annulled." *Id.*, Ex. 25 at 259. Gibson Dunn responded: "I still have no idea what you are talking about. If this is some new way of asking whether anyone is 'blocking' you from calling the police, all I can do is reiterate that we have nothing to do with it and are not 'blocking' such a call or standing in your way. I have nothing further to add." *Id.* Again, this is nothing but a meet and confer communication with Plaintiff regarding his threatened motion in his prior failed litigation.

In a separate email thread started by Plaintiff on August 3, 2019, Plaintiff also demanded that he be able to access USC property because he was considering "apply[ing] to USC programs again," and stated that his email constituted a meet and confer request for a motion to disqualify USC's counsel. *Id.*, Ex. 21 at 240. Gibson Dunn responded by asking Plaintiff if he had reviewed the 2007 Settlement Agreement, which states that he would never apply to USC again, and suggesting that Plaintiff "should really consult [a] lawyer about these matters." *Id.* Once again, these statements were made during a meet and confer over Plaintiff's threatened motion. As counsel of record, Gibson Dunn was obviously not required to give permission to Plaintiff to enter USC's property, and was equally within its rights, during the meet and confer, to tell Plaintiff, who was representing himself, that he had no right to trespass on USC property.

On August 4, 2019, Plaintiff filed the threatened preliminary injunction motion, seeking access to USC property. Case 020211, ECF 43.

## I.    On USC's Behalf, Gibson Dunn Opposes Plaintiff's Motion

On behalf of USC, Gibson Dunn filed an opposition to Plaintiff's preliminary injunction motion on August 19, 2019. Case 020211, ECF 46.

## J.    Plaintiff Threatens To Seek Gibson Dunn's Disqualification

On August 20, 2019, Plaintiff emailed USC's lead counsel at Gibson Dunn, stating "[y]ou are hereby notified that you shall be called as a witness at the jury trial of Isaacs vs. Dartmouth Hitchcock et al, 19-cv-02011-DSF-RAO," and that "[p]ursuant to Rule 3.7 of the State Bar of California, your immediate recusal and disqualification from

this case is appropriate." Ryzewska Decl. Ex. 20, at 238.

## K.    Without Meeting And Conferring, Plaintiff Files A Motion For Leave To File A Second Amended Complaint

On August 26, 2019, the same day Plaintiff's opposition to USC's motion to dismiss was due, Plaintiff filed his Second Amended Complaint ("SAC") without leave from the Court. Case 02011, ECF 50. On August 27, 2019, the Court struck the SAC, and Plaintiff filed a motion for leave. Case 02011, ECF 51; Case 02011, ECF 52. In an obvious attempt to punish USC for having the temerity to defend itself against Plaintiff's frivolous claims, the SAC purported to name Gibson Dunn as a defendant. On September 13, 2019, Gibson Dunn filed an opposition to the motion for leave on USC's behalf. Ryzewska Decl. Ex. 18 (Case 02011, ECF 62).

## L.    Plaintiff Again Threatens To Seek Gibson Dunn's Disqualification

On August 31, 2019, Plaintiff emailed Gibson Dunn, threatening to file a motion to disqualify and to refer Gibson Dunn's attorneys to the U.S. Marshal. Ryzewska Decl. Ex. 23, at 253 (ECF 53-1, at 18). Plaintiff accused Gibson Dunn of "felony witness intimidation," and demanded that it "cease all communication with me." *Id.*

## M.    Rather Than Oppose USC's Motion To Dismiss, Plaintiff Dismisses His Lawsuit And Files A Nearly Identical Lawsuit, Naming Gibson Dunn

The hearing on USC's motion to dismiss (as well as Plaintiff's motion for leave and motion for a preliminary injunction) was scheduled for September 16, 2019. Ryzewska Decl. Ex. 19, at 203. On September 12, 2019, the Court took the hearing off calendar, stating that "[a] written order will follow." Case 02011, ECF 59. Apparently unwilling to wait for or abide by the Court's ruling, Plaintiff immediately dismissed his lawsuit. Case 02011, ECF 60. Just four days later, Plaintiff filed a nearly identical lawsuit asserting nearly identical claims. ECF 1.

## III.    LEGAL STANDARD

California's anti-SLAPP statute provides for a special motion to strike a complaint where the complaint arises from an act in furtherance of a person's right of petition or

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

free speech. *See* Cal. Civ. P. Code § 425.16(b)(1). The anti-SLAPP statute is unique in that it requires, at the outset of a case, that the plaintiff present evidence sufficient to demonstrate a probability that it will prevail on its claim. *Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 61 (2002).

Courts conduct a two-step inquiry in deciding an anti-SLAPP motion. Cal. Civ. P. Code § 425.16(b); *Equilon*, 29 Cal. 4th at 67.  First, the court considers whether the claims "arise from" protected activity—namely, "any act . . . in furtherance of the [defendant's] right of petition or free speech under the United States Constitution or the California Constitution . . . ." Cal. Civ. P. Code § 425.16(b)(1). "A cause of action 'arising from' defendant's litigation activity may appropriately be the subject of a Section 425.16 motion to strike." *Church of Scientology v. Wollersheim*, 42 Cal. App. 4th 628, 648 (1996), *disapproved on other grounds in Equilon*, 29 Cal. 4th at 68 n.5. This includes the filing, funding, and prosecution of a civil action. *Ludwig v. Superior Court*, 37 Cal. App. 4th 8, 17-19 (1995). It also includes acts performed by attorneys in representing clients in litigation. *See, e.g.*, *Chavez v. Mendoza*, 94 Cal. App. 4th 1083, 1086 (2001); *Dowling v. Zimmerman*, 85 Cal. App. 4th 1400, 1418-20 (2001). "[A] court must generally presume the validity of the claimed constitutional right in the first step of the anti-SLAPP analysis." *Chavez*, 94 Cal. App. 4th at 1089. Moreover, the challenged claims need only arise in part from protected activities. *Fox Searchlight Pictures, Inc. v. Paladino*, 89 Cal. App. 4th 294, 307-08 (2001).

Second, if the claims arise from protected activity, the burden shifts to the plaintiff to show, by "competent, admissible evidence," a probability of prevailing on the merits. *Roberts v. L.A. Cty. Bar Ass'n*, 105 Cal. App. 4th 604, 613-14 (2003). The plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Mendoza v. Wichmann*, 194 Cal. App. 4th 1430, 1447 (2011).

Gibson, Dunn &
Crutcher LLP

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

Importantly, California's litigation privilege, codified at Civil Code § 47, is "relevant to the second step in the anti-SLAPP analysis in that it may present a substantive defense the plaintiff must overcome to demonstrate a probability of prevailing." *Rohde v. Wolf*, 154 Cal. App. 4th 28, 38  (2007) (internal quotation and citations omitted). Statements protected by the litigation privilege are "equally entitled to the benefits of section 425.16." *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1115 (1999); *see also Johnson v. Ralphs Grocery Co.*,  204 Cal. App. 4th 1097, 1103-04 (2012). Both § 425.16 and § 47(b) protect litigants' right of access to the courts without fear of being harassed subsequently by derivative tort actions. *See Healy v. Tuscany Hills Landscape & Recreation Corp.*, 137 Cal. App. 4th, 5 (2006). Thus, courts look to § 47(b) in determining whether a given communication falls within the ambit of Section 425.16(e)(1) and (2). *Flatley v. Mauro*, 39 Cal. 4th 299, 323 (2006). While the scope of the litigation privilege and the anti-SLAPP statute are not identical, any doubt should be resolved in favor of their application. *Crossroads Investors, L.P. v. Federal Nat'l Mortg. Ass'n*, 13 Cal. App. 5th 757, 786 (2017).

# IV.    ARGUMENT

## A.    Plaintiff's Claims Against Gibson Dunn Are Based On Petitioning Activities Protected By The Anti-SLAPP Statute

The anti-SLAPP statute is "construed broadly, to protect the right of litigants to 'the utmost freedom of access to the courts without the fear of being harassed subsequently by derivative tort actions.'" *Healy v. Tuscany Hills Landscape & Recreation Corp.*, 137 Cal. App. 4th 1, 5 (2006) (quoting *Rubin v. Green*, 4 Cal. 4th 1187, 1194 (1993)); *see also Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1119 (1999). Protected petitioning activity includes "communicative conduct such as the filing, funding, and prosecution of a civil action." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056, 128 P.3d 713, 717–18 (2006). Thus, statements, writings, and pleadings in connection with litigation are protected. *Kolar v. Donahue, McIntosh & Hammerton*, 145 Cal. App. 4th 1532, 1537 (2006) ("The anti-SLAPP protection for petitioning

10

Gibson, Dunn &
Crutcher LLP

1  activities applies not only to the filing of lawsuits, but extends to conduct that relates to

2  such litigation, including statements made in connection with or in preparation of

3  litigation.") (internal citations omitted); *GeneThera, Inc. v. Troy & Gould Prof'l Corp.*,

4  171 Cal. App. 4th 901, 908 (2009) ("An attorney's communication with opposing

5  counsel on behalf of a client regarding pending litigation directly implicates the right to

6  petition and thus is subject to a special motion to strike.").

7       Here, Plaintiff's claims against Gibson Dunn are based entirely on protected

8  petitioning activity. Specifically, Plaintiff bases his claims against Gibson Dunn on

9  pleadings filed by Gibson Dunn and meet and confer communications between Gibson

10  Dunn and Plaintiff:

11      • **RICO:** Plaintiff bases his RICO claim on the August 2, 2019 meet and confer

12        communications regarding Plaintiff's preliminary injunction motion. Plaintiff

13        alleges that those communications were somehow tantamount to a "lifetime

14        campus ban" on Plaintiff. ECF 1 ¶ 284.

15      • **Due Process and First Amendment Violations:** Plaintiff bases his Due

16        Process and First Amendment Violations claim on pleadings filed by Gibson

17        Dunn and the August 2, 2019 meet and confer communications. Plaintiff

18        alleges that those communications somehow are tantamount to "a fourteen

19        year, or apparently lifelong, campus ban against Plaintiff." *Id.* ¶ 314. *See also*

20        *id.* ¶¶ 313, 321. Plaintiff also alleges that "[USC] and Gibson Dunn falsely

21        responded to [Plaintiff's] allegation [of a "lifetime ban"] by stating that

22        Plaintiff had somehow waived his right [to enter the campus] in the Settlement

23        Agreements." *Id.* ¶ 319. This is apparently a reference to USC's Opposition to

24        Plaintiff's Motion for Preliminary Injunction. *Id.*

25      • **Intentional Infliction of Emotional Distress:** Plaintiff bases his Intentional

26        Infliction of Emotion Distress claim on the motion to dismiss filed by Gibson

27        Dunn and the August 2, 2019 meet and confer communications. *See* ECF 1 ¶¶

28

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO STRIKE

211 ("Moreover, USC counsel acts as if the two settlement agreements simply
don't exist; *in a recent Pleading*, counsel said 'USC did not cause Plaintiff's
omissions [of disciplinary charges],' as if the charge records had never been
sealed and dismissed and acquitted.") (emphasis added), 212 ("Defendant
Gibson Dunn illegally executed a lifelong campus ban against Isaacs to place
him in constant fear for his health, and to harm his reputation and bully him
into dropping this lawsuit.").

- **Intentional Interference with Contractual Relations:** Plaintiff bases his
  Intentional Interference with Contractual Relations claim on pleadings filed by
  Gibson Dunn and the August 2, 2019 meet and confer communications.
  Plaintiff alleges that "Gibson Dunn filed false or misleading legal pleadings
  meant to subvert the consideration and legal rights Plaintiff obtained from the
  legal agreements." ECF 1 ¶ 247. He further alleges that Gibson Dunn somehow
  "intimidated" Plaintiff during the August 2, 2019 meet and confer by
  "prevent[ing] Plaintiff from contacting the USC registrar and USC police to
  enforce the contracts," and by supposedly imposing "a lifelong, or at least
  fourteen year, campus ban to interfere with his contractual rights." *Id.*

- **Declaratory Judgment:** Plaintiff bases his declaratory judgment claim on the
  August 2, 2019 meet and confer communications. *See* ECF 1 ¶ 184(v)
  ("Nothing in the settlements served a voluntary lifelong campus ban.").

Plainly, Plaintiff's claims against Gibson Dunn "arise from" protected petitioning
activity. Accordingly, the burden shifts to Plaintiff to establish a probability of prevailing
on his claims. As set forth below, Plaintiff cannot meet his burden.

## B.    Plaintiff's Claims Against Gibson Dunn Fail As A Matter of Law

Under the second prong of the anti-SLAPP inquiry, the burden shifts to the
plaintiff "to establish a reasonable probability that it will prevail on its claim in order for
that claim to survive dismissal." *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th

Cir. 2013). Courts consider not only the "substantive merits of the plaintiff's complaint," for which the plaintiff bears the burden, but also "all available defenses . . . including, but not limited to constitutional defenses." *Traditional Cat Ass'n, Inc. v. Gilbreath*, 118 Cal. App. 4th 392, 398 (2004). As set forth in Gibson Dunn's and USC's pending motions to dismiss, Plaintiff cannot meet his burden because all of his claims fail as a matter of law.

### 1.    The Claims Are Barred By The *Noerr-Pennington* Doctrine

The *Noerr-Pennington* doctrine—which "derives from the First Amendment's guarantee of 'the right of the people . . . to petition the Government for a redress of grievances,'" *Sosa v. DirecTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006) (quoting U.S. Const. amend. I)—applies to all of Plaintiff's claims. *See, e.g.*, *id.* at 932-33 (*Noerr-Pennington* applies to RICO claims); *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1007 (9th Cir. 2008) (*Noerr-Pennington* applies to state law tort claims); *Boulware v. State of Nev., Dep't of Human Res.*, 960 F.2d 793, 800 (9th Cir. 1992) (*Noerr-Pennington* applies to civil rights claims); *OG Int'l, Ltd. v. Ubisoft Entm't*, No. C 11-04980 CRB, 2012 WL 4809174, at *2-3 (N.D. Cal. Oct. 9, 2012) (*Noerr-Pennington* applies to claims for intentional interference with contract); *McFarlin v. Gormley*, No. CV-06-1594-HU, 2008 WL 410104, at *10 (D. Or. Feb. 12, 2008) (same).

Under the doctrine, "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Sosa*, 437 F.3d at 929. This includes "not only petitions sent directly to the court in the course of litigation, but also 'conduct incidental to the prosecution of the suit[.]'" *Id.* at 934-35 (quoting *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc.*, 944 F.2d 1525, 1528-29 (9th Cir. 1991)). For example, it includes "representing a party in a court proceeding . . . and filing papers with a court," *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1156 (N.D. Cal. 2014), and it includes "communications between private parties . . . so long as they are sufficiently related to petitioning activity," *Sosa*, 437 F.3d at 935,

Gibson, Dunn &
Crutcher LLP

such as presuit demand letters, *id.* at 936, and the decision whether to accept or reject an offer of settlement, *see Columbia Pictures*, 944 F.2d at 1528-29.

Here, Plaintiff's claims against Gibson Dunn are based entirely on petitioning activity. For instance, Plaintiff alleges that Gibson Dunn made "false" statements in "pleadings," "took [legal] position[s]" that somehow harmed him, and wrongly "refused" his settlement demands. ECF 1 ¶¶ 211, 247, 296-97, 318. Likewise, Plaintiff alleges that he was somehow harmed by meet and confer communication between him and Gibson Dunn. *Id.* ¶¶ 284, 313, 314, 317. Each and every one of these filings and communications constitutes petitioning activity and is therefore immune from liability under *Noerr-Pennington*. *See Sosa*, 437 F.3d at 935; *Columbia Pictures*, 944 F.2d at 1528-29; *Rupert*, 68 F. Supp. 3d at 1156.[1] Obviously, if motion practice is protected petitioning activity, the required meet and confer is protected. To suggest otherwise would turn our legal system on its head. Attorneys meeting and conferring with a plaintiff who is representing himself or herself should not have to live in fear being named as a defendant or called as a "witness" simply for doing their job in the case.

## 2.    The State Law Claims Are Barred By The Litigation Privilege

California's litigation privilege provides absolute immunity for statements made in connection with a judicial proceeding. Cal. Civ. Code § 47(b); *Action Apartment Ass'n, Inc. v. City*, 41 Cal. 4th 1232, 1241 (2007). "The principal purpose of [the litigation privilege] is to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." *Silberg v. Anderson*, 50 Cal. 3d 205, 213 (1990) (internal citations omitted). In order to achieve this purpose, California courts have interpreted the privilege broadly. *Action Apartment*, 41 Cal. 4th at 1241-42. It applies to all torts except malicious prosecution,

---

[1] None of the filings or communications was objectively baseless. *See Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184-85 (9th Cir. 2005). Indeed, Plaintiff implicitly admitted that USC's defenses were meritorious when he voluntarily dismissed his prior complaint and prior motion for a preliminary injunction.

14

and applies to "any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved." *Silberg*, 50 Cal. 3d at 212. *See also Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (2006); *Oei v. N. Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1099 (C.D. Cal. 2006) ("claims for intentional infliction of emotion distress are subject to the litigation privilege"); *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1132 (1990) (litigation privilege extends to interference with contract claims).

Here, Plaintiff bases his Intentional Infliction of Emotional Distress ("IIED") and Intentional Interference with Contractual Relations claims on meet and confer communications and pleadings that Gibson Dunn filed on USC's behalf. ECF 1 ¶¶ 199-200, 211-212, 247; ECF 1-2 at 1. All of these things are protected by the litigation privilege. *See, e.g.*, *Fotohaus, LLC v. Proforma, Inc.*, No. 18-CV-01827-BLF, 2019 WL 1493355, at *3 (N.D. Cal. Apr. 4, 2019) (intentional interference claim based on filing a lawsuit and sending a cease and desist letter barred by the litigation privilege); *Moss v. Bank of New York Tr.*, No. C 10-01734 JSW, 2011 WL 13243802, at *3 (N.D. Cal. Oct. 13, 2011) (IIED claim based on "activities related to the unlawful detainer action in state court, including any filings" are "protected by the litigation privilege").[2] As such, both claims are barred by the litigation privilege. Accordingly, because the litigation privilege applies as a matter of law, Plaintiff cannot demonstrate a probability of prevailing on these claims. *See Seltzer v. Barnes*, 182 Cal. App. 4th 953, 972 (2010).

---

[2] *See also Digerati Holdings, LLC v. Young Money Entm't, LLC*, 194 Cal. App. 4th 873, 889 (2011) ("the filing of an application for a temporary restraining order and a motion for preliminary injunction" was "protected by the litigation privilege"); *Rusheen*, 37 Cal. 4th at 1058 (the "filing of pleadings" is "protected by the litigation privilege"); *Chen v. Berenjian*, 33 Cal. App. 5th 811, 820 (2019) ("Pleadings . . . are considered privileged."); *Blanchard v. DirecTV*, 123 Cal. App. 4th 903, 919 (2004) (litigation privilege applies to demand letters and prelitigation communications); *Nguyen v. Proton Tech. Corp.*, 69 Cal. App. 4th 140, 147 (1999) (litigation privilege "applies to pre-litigation communications as well as those occurring during the course of actual litigation").

### 3.    Plaintiff Cannot Prevail On His RICO Claim

The elements of a civil RICO claim are (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to the plaintiff's business or property. *See, e.g.*, *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017). Plaintiff cannot establish *any* of these elements.

### a.    Plaintiff Cannot Establish Gibson Dunn's "Operation Or Management" Of A RICO Enterprise

To satisfy the conduct element, Plaintiff must establish that USC played "*some part in directing the enterprise's affairs.*" *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993) (emphasis in original). To do so, Plaintiff must show that Gibson Dunn or USC "participated in the operation or management of the enterprise itself." *Id.* at 183. Plaintiff cannot meet this burden because the provision of legal services, without more, is insufficient to establish "operation or management."  In *Reves*, the Supreme Court held that accountants hired to perform an audit of a company's records did not "participate in operation or management" of the company's affairs, and thus could not be held liable under RICO. 507 U.S. at 186.  Similarly, in *Baumer*, the Ninth Circuit held that a lawyer who was alleged to have drafted two letters and a partnership agreement could not be held liable under RICO.  *Baumer v. Pachl*, 8 F.3d 1341, 1344-45 (9th Cir. 1993). *See also Walter v. Drayson*, 538 F.3d 1244, 1248-49 (9th Cir. 2008).[3] Yet that is all that has been alleged against Gibson Dunn here. Like the attorney in *Pachl*, Gibson Dunn never played a role in directing USC's affairs and have had nothing to do with Plaintiff outside of this lawsuit. *See* Fogelman Decl. ¶ 3. For this reason alone, Plaintiff cannot prevail on his RICO claim.

---

[3] *See, e.g.*, *Azrielli v. Cohen Law Offices*, 21 F.3d 512, 521–22 (2d Cir. 1994); *Nolte v. Pearson*, 994 F.2d 1311, 1317 (8th Cir. 1993); *Arons v. Lalime*, 3 F. Supp. 2d 314, 321 (W.D.N.Y.1998); *Biofeedtrac, Inc. v. Kolinor Optical Enters. & Consultants, S.R.*, 832 F. Supp. 585, 590-92 (E.D.N.Y. 1993).

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO STRIKE

### b.    Plaintiff Cannot Establish A RICO Enterprise

Plaintiff cannot prove a RICO enterprise. An associated-in-fact enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct," and is "proved by evidence of ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *United States v. Turkette*, 452 U.S. 576, 583 (1981). An associated-in-fact enterprise must have "three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009). Critically, the enterprise must have an existence separate and distinct from "the connected 'pattern of racketeering activity.'" *Turkette*, 452 U.S. at 583. Plaintiff cannot establish *any* of these requirements.

First, Plaintiff alleges that Defendants formed an enterprise because they participated in "federally and state funded medical training allocations," have a "reputational and commercial stake in the national health care provider network," and have "authoritative control and or [sic] publishing rights in nationwide medical training databases." ECF 1 ¶ 253. But none of these allegations is true of Gibson Dunn. Gibson Dunn is a law firm, not a medical school. *See* Fogelman Decl. ¶ 1. Further, to the extent these allegations are even intelligible, they are true of every medical institution in the country and do not suggest Defendants functioned as a "continuing unit."

Second, Plaintiff alleges that Defendants formed an enterprise because they have "some nexus as Dartmouth, Keck or Harvard Medical School faculty [or] alumni." *Id.* But thousands of individuals and institutions have "some nexus" to Harvard Medical School faculty or alumni. They do not comprise a RICO enterprise.

Third, Plaintiff alleges that Defendants formed a "de facto enterprise with the sole purpose of carrying out a vendetta and negatively impacting Dr. Isaac's medical-professional career." *Id.* But this allegation fails to plead a cognizable enterprise because it is not distinct from the alleged pattern of racketeering activity. Additionally, there is no evidence that Gibson Dunn has the sole purpose of carrying out a vendetta against

17

Gibson, Dunn &
Crutcher LLP

Plaintiff. Gibson Dunn had never heard of Plaintiff until he sued USC and has had no dealings with him outside of his lawsuits against USC. *See* Fogelman Decl. ¶ 3.

Plaintiff cannot establish a RICO enterprise.

### c.    Plaintiff Cannot Establish Racketeering Activity

RICO requires at least two acts of racketeering activity within the last 10 years. 18 U.S.C. § 1961(5). But "while two acts are necessary, they may not be sufficient." *Sedima*, 473 U.S. at 496 n.14. Plaintiff cannot establish a single act of racketeering by Gibson Dunn at any time.

### 1)    Wire And Mail Fraud

The elements of wire and mail fraud are (1) the formation of a scheme to defraud, (2) the use of the mail or the wires in furtherance of the scheme, and (3) the specific intent to defraud. *See Eclectic Props. East v. Marcus & Millichap Co.*, 751 F. 3d 990, 997 (9th Cir. 2014).

### 2)    Retaliating Against A Witness And Witness Tampering

To establish a violation of 18 U.S.C. § 1513(e), Plaintiff must prove that Gibson Dunn (1) knowingly took an action (2) harmful to Plaintiff (3) with the intent to retaliate against Plaintiff (4) for providing to a law enforcement officer any truthful information relating to the commission or the possible commission of any federal offense. 18 U.S.C. § 1513(e). Plaintiff cannot make this showing. Gibson Dunn never took any actions against Plaintiff for providing information to a law enforcement officer. Gibson Dunn is not even aware of Plaintiff ever having provided information to a law enforcement officer relating to the commission of a federal offense. *See* Fogelman Decl. ¶ 7. Additionally, Plaintiff appears to be claiming witness intimidation where *he* is the witness, and where the alleged intimidation consists of USC defending itself against *his* claims. To the extent Plaintiff is basing his retaliation claim on USC's refusal to accede to his settlement demands, meet and confers with Gibson Dunn, and/or Gibson Dunn's filing of the motions to dismiss, his claim is barred by the *Noerr-Pennington* doctrine.

1    *See supra* Section IV(B)(1).

### 3)    Obstruction Of Justice

2

3    Plaintiff cannot prove that Gibson Dunn obstructed justice. Obstruction of justice

4    requires a *pending federal* judicial proceeding, which is not even alleged here. *See, e.g.*,

5    18 U.S.C. § 1503; *O'Malley v. N.Y.C. Transit Auth.*, 896 F.2d 704, 708 (2d Cir. 1990);

6    *United States v. Metcalf*, 435 F.2d 754, 756 (9th Cir. 1970). Plaintiff's reliance on the

7    omnibus clause of § 1503 is unavailing. *See, e.g.*, *United States v. Quattrone*, 441 F.3d

8    153, 170 (2d Cir. 2006) ("In order to convict for obstruction of justice under the omnibus

9    clause of Section 1503, the government must establish (1) that there is a *pending* judicial

10    or grand jury proceeding constituting the administration of justice."); *United States v.

11    Weber*, 320 F.3d 1047, 1050 (9th Cir. 2003) (emphasis added).

### d.    Plaintiff Cannot Establish A *Pattern* Of Racketeering Activity

12

13

14    To establish a pattern of racketeering activity, Plaintiff must show that the

15    predicate acts "are related, *and* that they amount to or pose a threat of continued criminal

16    activity." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989) (emphasis

17    in original). "It is this factor of *continuity plus relationship* which combines to produce

18    a pattern." *Id.* (internal quotations omitted) (emphasis in original).

19    Relatedness requires that the predicate acts have "the same or similar purposes,

20    results, participants, victims, or methods of commission." *Id.* at 240 (internal quotations

21    omission). Here, Plaintiff fails to explain how his expulsion from *USC* in 2006 is related

22    to the DHMC termination in 2012 or the revocation of his license in 2014. The only

23    apparent relationship is *Plaintiff's* failure to disclose his attendance at USC.

24    Continuity requires either a series of related acts extending over a substantial

25    period of time (close-ended continuity) or past conduct that by its nature projects into

26    the future with a threat of repetition (open-ended continuity). *Id.* at 241–42. To plead

27    close-ended continuity, Plaintiff must allege "a series of related predicates extending

28    over a substantial period of time." *Id.* To plead open-ended continuity, Plaintiff must

19

allege facts showing "past conduct that by its nature projects into the future with a threat of repetition." *Id.* at 241.

Plaintiff cannot establish open-ended continuity because the alleged enterprise had an inherent end-point—the revocation of Plaintiff's medical license. *See, e.g.*, *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 366 (9th Cir. 1992) ("Since the only goal of the Greene defendants was the successful prosecution of the Wollersheim state tort suit, there was no threat of activity continuing beyond the conclusion of that suit."). *See also* ECF 1 ¶¶ 8 (alleging Defendants "intended to deprive Plaintiff of his medical career"), 238 ("The Board . . . revoked [Plaintiffs] medical license.").

Nor can Plaintiff establish close-ended continuity. Congress's concern "in RICO [was] with long-term criminal conduct." *H.J. Inc.*, 492 U.S. at 242. Here, "[a]lthough [Plaintiff] alleges a number of 'acts,' [Defendants'] collective conduct is . . . a single episode having the singular purpose of" harming a "single victim." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1535 (9th Cir. 1992).

### e.    Plaintiff Cannot Establish RICO Standing

An individual only has standing to bring a civil RICO claim if he can show: (1) that he suffered an injury to a business or property interest; and (2) that the alleged RICO violation caused his claimed injury. *See Canyon Cnty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008); 18 U.S.C. § 1964(c). In the Ninth Circuit, to show an injury to business or property, a plaintiff must allege a "concrete financial loss." *Canyon Cnty.*, 519 F.3d at 975. "Financial loss alone, however, is insufficient." *Id.* "Without a harm to a specific business or property interest—a categorical inquiry typically determined by reference to state law—there is no injury to business or property within the meaning of RICO." *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005).

Plaintiff cannot establish a cognizable financial loss. His allegation that he "suffered" a "financial loss" because of "the tuition he paid to Keck" fails as a matter of law. ECF 1 ¶ 288. First, the settlement agreements bar Plaintiff from asserting claims

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO STRIKE

based on pre-2008 "damages" or "expenses." ECF 1-2 at 35 (2008 Settlement Agreement ¶ 7). Second, Plaintiff cannot show that he paid USC's tuition "[a]s the result of" the alleged predicate acts. ECF 1 ¶ 288. To the contrary, he paid USC's tuition *before* the alleged predicate acts. *Id.* ¶¶ 14, 292. Finally, when Plaintiff paid USC's tuition, he received something of value—medical training. Nothing prevented Plaintiff from seeking to transfer his USC credits to his next medical school. The fact that Plaintiff decided to conceal his attendance does not transform the tuition he voluntarily paid into "damages" supporting a federal RICO cause of action.

Nor can Plaintiff establish a direct relationship between the alleged harm and Gibson Dunn's alleged predicate acts. Plaintiff must show "some direct relation between the injury asserted and the injurious conduct alleged." *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992). "When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led *directly* to the plaintiff's injuries." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006) (emphasis added). Here, Gibson Dunn had nothing to do with the termination of Plaintiff's residency or the revocation of his license. Those things happened years before Gibson Dunn began representing USC in Plaintiff's prior lawsuit.

### 4. Plaintiff's Due Process And First Amendment Violation Claim Fails As A Matter of Law

Plaintiff's claim for Due Process and First Amendment Violation fails because Gibson Dunn is not a state actor and was not exercising a traditional, exclusively state function. The First and Fourteenth Amendments do not apply to private actors unless the actor is exercising a function "'traditionally exclusively reserved to the State.'" *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1926, 204 L. Ed. 2d 405 (2019) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974)).[4] A private

---

[4] *See also Jackson*, 419 U.S. at 349 (the "Fourteenth Amendment offers no shield" against "private conduct, however discriminatory or wrongful") (internal quotation marks omitted); *Apao v. Bank of New York*, 324 F.3d 1091, 1093 (9th Cir. 2003)

law firm representing a private party in a civil lawsuit is not a state actor and is not exercising a traditional, exclusively state function. *See, e.g.*, *Licari v. Voog*, 374 F. App'x 230, 231 (2d Cir. 2010) ("private attorneys . . . are not state actors"); *Tanasescu v. State Bar of California*, No. SACV 11-00700-CJC, 2012 WL 1401294, at \*16 (C.D. Cal. Mar. 26, 2012) ("lawyers in private practice generally do not act under color of state law when they represent parties in court proceedings").[5]

Additionally, Plaintiff's claim does not make sense. Gibson Dunn was required to meet and confer with Plaintiff regarding the motion practice in his failed prior action and had an obligation to set forth USC's position in the meet and confer and in the motion papers. It cannot be a violation of due process or of the First Amendment to move to dismiss a frivolous case, to oppose a frivolous motion for preliminary injunction, or to meet and confer in connection with such motion practice.

### 5. Plaintiff's IIED Claim Fails As A Matter of Law

A claim of IIED has three elements: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Simo v. Union of Needletrades*, 322 F.3d 602, 621–22 (9th Cir. 2003). Plaintiff cannot prove any of these elements.

First, none of the alleged conduct amounts to "extreme and outrageous conduct." To constitute "extreme and outrageous conduct," the defendant's conduct must be "so

("The Fourteenth Amendment . . . shields citizens from unlawful governmental actions, but does not affect conduct by private entities.").

[5] *See also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 54 (1999) (holding that "a private party's mere use of the State's dispute resolution machinery, without the 'overt, significant assistance of state officials,'" is not state action) (quoting *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 486 (1988)); *Manko v. Steinhardt*, No. 11-CV-5430 KAM LB, 2012 WL 213715, at \*4 (E.D.N.Y. Jan. 24, 2012) ("private attorneys and law firms . . . do not act under color of state law and are not state actors"); *Agron v. Douglas W. Dunham, Esq. & Assocs.*, No. 02 CIV.10071(LAP), 2004 WL 691682, at \*3 (S.D.N.Y. Mar. 31, 2004) ("a private attorney is not a state actor").

extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id*. *See, e.g.*, *So v. Shin*, 212 Cal. App. 4th 652, 672–73 (2013) (forcing a hospitalized woman who recently suffered a miscarriage to look at what she believed to be her dismembered fetus was extreme and outrageous); *Kiseskey v. Carpenters' Trust for So. California*, 144 Cal. App. 3d 222, 229–30 (1983) (threats of personal harm, death, and harm to family if the plaintiff did not sign union agreement constituted outrageous conduct). Breaching a contract does not suffice. *See Reynolds v. Shure*, 148 F. Supp. 3d 928, 932 (E.D. Cal. 2015). Declining to engage in mediation or settlement discussions, or acquiescing to litigation demands does not suffice. ECF 1 ¶¶ 208–211; *Madrigal v. Allstate Indem. Co.*, No. CV 14-4242 SS, 2015 WL 12747906, at *19 (C.D. Cal. Sept. 30, 2015) (failure to accept an offer of settlement not outrageous conduct); *Moss v. Bank of New York Tr.*, No. C 10-01734 JSW, 2011 WL 13243802, at *3 (N.D. Cal. Oct. 13, 2011) (claim based on "activities related to the unlawful detainer action in state court, including any filings by the process server" are "protected by the litigation privilege"); *Chang v. Lederman*, 172 Cal. App. 4th 67, 86–88 (2009) (it was not extreme or outrageous conduct for attorney to direct a wife to vacate residence without notifying her of homestead rights, and was protected by litigation privilege). Not only does the claim fail on the merits, but it makes no sense. It cannot be the intentional infliction of emotional distress to move to dismiss a frivolous case, to oppose a frivolous motion for preliminary injunction, or to meet and confer in connection with such motion practice.

Second, there is no evidence that Gibson Dunn intended to cause, or recklessly disregarded the probability of causing, emotional distress. *See Hughes v. Pair*, 46 Cal. 4th 1035, 1040 (2009). None of the emails cited by Plaintiff support any such inference.

Third, Plaintiff cannot establish severe emotional distress. "Severe emotional distress [is] emotional distress of such substantial quantity or enduring quality that no reasonable [person] in a civilized society should be expected to endure it." *Wong v. Jing*, 189 Cal. App. 4th 1354, 1376 (2010) (citations and quotations omitted). Stress,

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

discomfort, and anxiety do not constitute distress that no reasonable person should be expected to endure. *See Hughes*, 46 Cal. 4th at 1039 ("worry, anxiety, upset stomach, concern and agitation" are not severe emotional distress, even when they were the result of explicit and threatening comments and demands for sex).

Finally, Plaintiff cannot establish that Gibson Dunn's actions were the actual and proximate cause of his alleged distress. It was *Plaintiff's* failure to disclose his attendance at USC that led to the revocation of his license, not any action on the part of Gibson Dunn. *In re Jeffrey D. Isaacs M.D.*, Final Decision and Order, at 8–9.

### 6. Plaintiff's Intentional Interference With Contractual Relations Claim Fails As A Matter of Law

Plaintiff's intentional interference with contractual relations claims fails because Gibson Dunn, as USC's agent, cannot be liable for interfering with a contract to which USC is a party. *See, e.g., Los Angeles Airways, Inc. v. Davis*, 687 F.2d 321, 325–26 (9th Cir. 1982) (holding that an attorney, acting in "his fiduciary capacity as an agent, officer or director" could claim "manager's privilege," which would allow the attorney to "counsel his principal to breach a contract that he reasonably believes to be harmful to his principal's best interests"); *Schick v. Lerner*, 193 Cal. App. 3d 1321, 1329 (1987) ("[A]bsent extraordinary circumstances, an attorney may not be held liable for urging a client to breach a contract with some third party.").[6]

The claim also fails because it makes no sense. In effect, Plaintiff is alleging that Gibson Dunn somehow "interfered" with his contracts with USC by enforcing USC's rights under the contracts. It cannot be interference with a contract to move to dismiss a frivolous case, to oppose a frivolous motion for preliminary injunction, or to meet and

---

[6] *See also Kasei Pharma Corp. v. Actelion Ltd.*, 222 Cal. App. 4th 945, 963-64 (2013) ("'a stranger,' as used in *Applied Equipment*, means one who is not a party to the contract or an agent of a party to the contract"); *Mintz v. Blue Cross of Cal.*, 172 Cal. App. 4th 1594, 1604 (2009) ("[I]t is settled that 'corporate agents and employees acting for and on behalf of a corporation cannot be held liable for inducing a breach of the corporation's contract.'") (quoting *Shoemaker v. Myers*, 52 Cal. 3d 1, 24-25 (1990)).

Gibson, Dunn &
Crutcher LLP

confer in connection with such motion practice. No case has ever held that such protected activity constitutes interference with the very contract being sued over.

### 7.    Plaintiff's Declaratory Judgment Claim Fails

Declaratory judgments are not a vehicle for "redress[ing] past wrongs." *Tatung Co. v. Shu Tze Hsu*, 43 F. Supp. 3d 1036, 1064 (C.D. Cal. 2014). Rather, they are "designed to resolve uncertainties and disputes that may result in future litigation" and operate "prospectively." *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 909 (2013). Here, Plaintiff seeks to redress an alleged breach that occurred, if at all, years ago and to establish his "factual innocence" regarding events that, by his own admission, occurred more than a decade ago. ECF 1 ¶¶ 184, 306. The claim also fails as to Gibson Dunn because it is based entirely on the settlement agreements between USC and Plaintiff. Because Gibson Dunn is not a party to these agreements, or any other agreement with Plaintiff, this claim fails as against Gibson Dunn.

### V.    CONCLUSION

For the foregoing reasons, the Court should strike Plaintiff's claims against Gibson Dunn.

Dated: November 4, 2019        GIBSON, DUNN & CRUTCHER LLP

By:     */s/ James P. Fogelman*
         James P. Fogelman

Attorney for USC Keck School of Medicine

Gibson, Dunn & Crutcher LLP