James P. Fogelman, SBN 161584
Shannon E. Mader, SBN 235271
Katarzyna Ryzewska, SBN 300386
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
  Los Angeles, California 90071-3197
Telephone: (213) 229-7000
  Facsimile: (213) 229-7520
JFogelman@gibsondunn.com
SMader@gibsondunn.com
KRyzewska@gibsondunn.com

Attorneys for Defendant
Gibson, Dunn & Crutcher, LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| DR. JEFFREY ISAACS, | CASE NO. 2:19-CV-08000-DSF-RAO |
|---|---|
| Plaintiff, | **DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S COMPLAINT** |
| v. | |
| USC KECK SCHOOL OF MEDICINE. GIESEL SCHOOL OF MEDICINE AT DARTMOUTH, DARTMOUTH HITCHCOCK MEDICAL CENTER, NH BOARD OF MEDICINE, GIBSON, DUNN & CRUTCHER, LLP and JOHN or JANE DOE, | [Defendant's Notice of Motion and Motion To Dismiss Plaintiff's Complaint; Declaration of Katarzyna Ryzewska, Declaration of James P. Fogelman, and Proposed Order Filed Concurrently herewith] |
| Defendants. | **Hearing**<br>Date: January 27, 2019<br>Time: 1:30 PM<br>Location: Courtroom 7D<br>Judge: Hon. Dale S. Fischer |

Gibson, Dunn & Crutcher LLP

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Evidence 201 and supporting case law, Defendant Gibson, Dunn & Crutcher, LLP ("Gibson Dunn"), by and through their attorneys of record, hereby request that the Court take judicial notice of the below-listed documents in connection with its consideration of Gibson Dunn's Notice of Motion and Motion to Strike, filed on November 4, 2019 and noticed for hearing on January 27, 2019 at 1:30 p.m. Defendants request that the Court take judicial notice of the following documents, attached as Exhibits 1 through 26 to the Declaration of Katarzyna Ryzewska ("Ryzewska Decl."). The documents include:

1. A copy of the Confidential Settlement Agreement and Mutual Release entered into by Jeffrey Isaacs on the one hand, and the University of Southern California on the other hand, on April 4, 2007. Ryzewska Decl., Ex. 1.

2. A copy of the Confidential Settlement Agreement and Release entered into by Jeffrey Isaacs on the one hand, and the University of Southern California on the other hand, on August 31, 2008. Ryzewska Decl., Ex. 2.

3. A Motion to Enforce a Settlement Agreement, filed by the University of Southern California ("USC") on April 21, 2008 in *Isaacs v. USC, et al.*, No. CV-06-3338 GAF, ECF 77, in the Central District of California District Court before Judge Gary A. Feess. Ryzewska Decl., Ex. 3.

4. The Opposition to USC's Motion to Enforce a Settlement Agreement, filed by Jeffrey Isaacs on April 28, 2008 in *Isaacs v. USC, et al.*, No. CV-06-3338 GAF, ECF 78, in the Central District of California District Court before Judge Gary A. Feess. Ryzewska Decl., Ex. 4.

5. The Order on USC's Motion to Enforce a Settlement Agreement, entered by Judge Gary A. Feess on May 8, 2008 in *Isaacs v. USC, et al.*, No. CV-06-3338 GAF, ECF 81, in the Central District of California District Court. Ryzewska Decl., Ex. 5.

6. A New Hampshire District Court Summary Judgment, entered on April 18, 2014 in *Isaacs v. Dartmouth-Hitchcock Med. Ctr.*, No. 12-CV-040-LM, 2014 WL 1572559 (D.N.H. Apr. 18, 2014). Ryzewska Decl., Ex. 6.

7. The *In re: Jeffrey D. Isaacs*, M.D. Final Decision and Order, Docket #: 13-07, entered on March 11, 2014 by the New Hampshire Board of Medicine. Ryzewska Decl., Ex. 7.

8. A Pennsylvania District Court Memorandum on Motions to Dismiss, entered on August 25, 2014 in *Trustees of Dartmouth Coll.*, No. CIV.A. 13-5708, 2014 WL 4186536 (E.D. Pa. Aug. 25, 2014). Ryzewska Decl., Ex. 8.

9. A Third Circuit Opinion affirming the decision in Exhibit C, entered on April 7, 2015 in *Isaacs v. Arizona Bd. of Regents*, 608 F. App'x 70 (3d Cir. 2015). Ryzewska Decl., Ex. 9.

10. A New Hampshire District Court Order, entered on February 5, 2018 in *Isaacs v. Trustees of Dartmouth Coll.*, No. 17-CV-040-LM, 2018 WL 734182 (D.N.H. Feb. 5, 2018). Ryzewska Decl., Ex. 10.

11. A Massachusetts District Court Memorandum and Order on a Partial Motion to Dismiss Plaintiff Jeffrey Isaacs' June 20, 2017 Complaint, entered on March 12, 2018 in *Isaacs v. United States Dep't of Educ.*, No. CV 17-11221-FDS, 2018 WL 1257760 (D. Mass. Mar. 12, 2018). Ryzewska Decl., Ex. 11.

12. A copy of the March 19, 2012 letter send by the Dartmouth-Hitchcock Medical Center to Jeffrey Isaacs, dismissing him from the residency program, ECF 144-2, filed in *Isaacs v. Dartmouth-Hitchcock Med. Ctr.*, No. 12-CV-040-LM, 2014 WL 1572559 (D.N.H. Apr. 18, 2014), as part of Defendants' Memorandum of Law in Support of Summary Judgment. Ryzewska Decl., Ex. 12.

13. A copy of a letter sent from Keith Matthews to USC Office of General Counsel, dated August 3, 2018, ECF 1-1, at 44-46. Ryzewska Decl., Ex. 13.

14. A copy of an email sent from USC counsel Andreas Joerg Meyer to Keith Matthews, dated May 30, 2019, ECF 1-1, at 47-48. Ryzewska Decl., Ex. 14.

15. A copy of an email sent from Jeffrey Isaacs to USC counsel Andreas Joerg Meyer, dated May 31, 2019, ECF 1-2, at 28. Ryzewska Decl., Ex. 15.

16. A copy of Plaintiff Jeffrey Isaacs' Complaint, No. 2:19-CV-02011-DSF-RAO, ECF 1, filed on March 18, 2019 in *Isaacs v. Dartmouth Hitchcock Medical Center et al.*, (C.D. Cal. Sept. 12, 2019). Ryzewska Decl., Ex. 16.

17. A copy of USC's Motion to Dismiss Plaintiff's Complaint, No. 2:19-CV-02011-DSF-RAO, ECF 14, filed on June 26, 2019 in *Isaacs v. Dartmouth Hitchcock Medical Center et al.*, (C.D. Cal. Sept. 12, 2019). Ryzewska Decl., Ex. 17.

18. A copy of USC's Opposition to Plaintiff's Motion for Leave to Amend, No. 2:19-CV-02011-DSF-RAO, ECF 62, filed on September 13, 2019 in *Isaacs v. Dartmouth Hitchcock Medical Center et al.*, (C.D. Cal. Sept. 12, 2019). Ryzewska Decl., Ex. 18.

19. A copy of USC's Motion to Dismiss Plaintiff's First Amended Complaint, No. 2:19-CV-02011-DSF-RAO, ECF 41, filed on August 2, 2019 in *Isaacs v. Dartmouth Hitchcock Medical Center et al.*, (C.D. Cal. Sept. 12, 2019). Ryzewska Decl., Ex. 19.

20. An email sent by Plaintiff to Gibson Dunn on August 20, 2019 with the subject name "Disqualification." Ryzewska Decl., Ex. 20.

21. An email sent by Plaintiff to Gibson Dunn on August 3, 2019 with the subject name "Please." Ryzewska Decl., Ex. 21.

22. An email sent by Gibson Dunn to Plaintiff on October 7, 2019 with the subject name "Isaacs v. USC - Meet and Confer." Ryzewska Decl., Ex. 22.

23. An email sent by Plaintiff to Gibson Dunn on August 31, 2019 with the subject name "7-3 Meet & Confer." Ryzewska Decl., Ex. 23.

24. A series of emails sent and received by Plaintiff and Gibson Dunn on August 2, 2019 with the subject name "NO TRESPASS LETTER AND USC POLICE REPORT." Ryzewska Decl., Exs. 24-26.

Judicial notice of the foregoing exhibits is appropriate under the Federal Rules of Evidence, which require that judicial notice be taken of facts not subject to reasonable

dispute and that are "capable of accurate and ready determination by reference to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F. 2d 244, 248 (9th Cir. 1992); see also *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (taking judicial notice of filings in Tennessee state court); *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1388 n.9 (taking judicial notice of papers on file in a bankruptcy case). Here, the court documents in Plaintiff's various lawsuits are directly related, because they arise out of the same underlying set of circumstances and contain many of the same allegations as the instant case.

Also, the following exhibits are incorporated by reference in Plaintiff's Complaint: (1) Exhibits 1 and 2 are attached to Plaintiff's Complaint at ECF 1-2, at 30-39; (2) Exhibit 7 in ECF 1 ¶¶ 7, 133, 134, 137, 149–167, 170, 192; (3) Exhibit 12 in ECF 1 ¶¶ 118-19, 149-50, 249; (4) Exhibits 13-14 are attached to the Plaintiff's Complaint at ECF 1-1; (5) Exhibit 15 is attached to the Plaintiff's Complaint at ECF 1-2, at 28; (6) Exhibits 21 and 24-26 in ECF 1 ¶¶ 212, 247, 282, 284, 299, 312-19; (7) one thread of Exhibits 24-26 is attached to Plaintiff's Complaint at ECF 1-2 at 42-44; (8) an incomplete copy of Exhibit 21 is attached to Plaintiff's Complaint at ECF 1-2 at 45.

Because they are referenced in and attached to the Complaint, the Court may consider these documents in deciding Gibson Dunn's Motion to Strike. *See In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970, 986 (9th Cir. 1999) ("[The incorporation by reference doctrine] permits a district court to consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994))) (superseded by statute on other grounds); *See also Coto Settlement v. Eisenberg,* 593 F.3d 1031, 1038 (9th Cir. 2010) (billing

agreement judicially noticed where not specifically mentioned in complaint but central to claims about billing practices).

Additionally, Exhibits 20, 22 and 23 were emails sent or received by Plaintiff and, thus, not subject to reasonable dispute. See *Theta Chi Fraternity, Inc. v. Leland Stanford Junior Univ.*, 212 F. Supp. 3d 816, 822 (N.D. Cal. 2016) ("The court finds that it is appropriate to take judicial notice of the email communications between counsel. . . because the complaint alleges the contents of these documents and ***because plaintiff does not dispute the emails' authenticity***.") (emphasis added). Courts may take judicial notice of facts that are not subject to reasonable dispute." *United States v. Ritchie,* 342 F.3d 903, 908-09 (9th Cir.2003) (citing Fed.R.Evid. 201(b)). For the foregoing reasons, Gibson Dunn respectfully request that the Court take judicial notice of the documents.

Dated: November 4, 2019          GIBSON, DUNN & CRUTCHER LLP


                                 By:   */s/ James P. Fogelman*
                                       James P. Fogelman

                                 Attorney for Defendant