1  James P. Fogelman, SBN 161584
   Shannon E. Mader, SBN 235271
2  Katarzyna Ryzewska, SBN 300386
   GIBSON, DUNN & CRUTCHER LLP
3  333 South Grand Avenue
   Los Angeles, California 90071-3197
4  Telephone: (213) 229-7000
   Facsimile: (213) 229-7520
5  JFogelman@gibsondunn.com
   SMader@gibsondunn.com
6  KRyzewska@gibsondunn.com

7

8
   Attorneys for Defendant
9  USC Keck School of Medicine

10                UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  DR. JEFFREY ISAACS,<br><br>14              Plaintiff,<br><br>15        v.<br><br>16  USC KECK SCHOOL OF MEDICINE,<br>GIESEL SCHOOL OF MEDICINE AT<br>17  DARTMOUTH, DARTMOUTH<br>HITCHCOCK MEDICAL CENTER,<br>18  NH BOARD OF MEDICINE, GIBSON,<br>DUNN & CRUTCHER, LLP and JOHN<br>19  or JANE DOE,<br><br>20             Defendants. | CASE NO. 2:19-CV-08000-DSF-RAO<br><br>**DEFENDANT USC KECK SCHOOL OF MEDICINE'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT, AND JOINDER IN GIBSON, DUNN & CRUTCHER, LLP'S MOTION TO STRIKE**<br><br>[Proposed Order and Declaration of Katarzyna Ryzewska Filed Concurrently herewith]<br><br>**Hearing**<br>Date:      January 27, 2020<br>Time:      1:30 p.m.<br>Location:  Courtroom 7D<br>Judge:    Hon. Dale S. Fischer |

21

22

23

24

25

26

27

28

Gibson, Dunn & Crutcher LLP

DEFENDANT USC KECK SCHOOL OF MEDICINE'S NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S COMPLAINT, AND JOINDER IN GIBSON, DUNN & CRUTCHER, LLP'S MOTION TO STRIKE

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 27, 2020, at 1:30 p.m. in Courtroom 7D of the United States District Court for the Central District of California at First Street Courthouse, 350 West 1st Street, Los Angeles, California Defendant USC Keck School of Medicine ("USC") will and hereby does move this Court, pursuant to California Code of Civil Procedure Section 425.16, for an order striking claims that Plaintiff Jeffrey Isaacs ("Plaintiff") has asserted against USC.

Like the claims against Gibson, Dunn & Crutcher, LLP ("Gibson Dunn"), Plaintiff's claims against USC are based in whole or in part on protected activity arising from "written or oral statements made before a judicial proceeding." Cal. Civ. Proc. Code § 425.16(e)(1). Specifically, Plaintiff seeks to hold USC liable for rejecting Plaintiff's demand to arbitrate during communication with USC's in-house counsel, for moving to dismiss Plaintiff's claims, and for statements made by USC's counsel in meet and confers required by this District's Local Rules. All of this is protected activity under the anti-SLAPP statute. *See Kolar v. Donahue, McIntosh & Hammerton*, 145 Cal. App. 4th 1532, 1537 (2006) (anti-SLAPP statute's protections for petitioning activities extends not only to the filing of lawsuits but also "to conduct that relates to such litigation, including statements made in connection with or in preparation of litigation.").

And just like the claims against Gibson Dunn, Plaintiff's claims against USC fail as a matter of law. Plaintiff's claims for IIED, Breach of Contract and Declaratory Judgment are barred by *Noerr-Pennington* and California's litigation privilege. Plaintiff's claim for Breach of Contract is time-barred. Plaintiff's claims for IIED and Breach of Contract claim fail on the merits. And his claim for declaratory judgment fails because there is no ongoing controversy.

For all of these reasons and those set forth below, Plaintiff's claims for IIED, Breach of Contract, and Declaratory Judgment against USC should be stricken, and USC should be awarded attorneys' fees and costs pursuant to California's anti-SLAPP law's mandatory attorneys' fees clause for prevailing defendants.

Gibson, Dunn &
Crutcher LLP

1

1    This Motion is based on this Notice of Motion and Motion as well as the complete

2  files and records in this action; and on such further evidence and argument that is

3  presented prior to or at hearing on this matter. Additionally, USC joins in Gibson Dunn's

4  Motion to Strike, including the supporting documents, such as the Declaration of

5  Katarzyna Ryzewska, the Declaration of James Fogelman and Gibson Dunn's Request

6  for Judicial Notice.

7    This Motion is made following the telephonic conference of counsel pursuant to

8  Local Rule 7-3, which took place on October 10, 2019.

9                                      **RELIEF SOUGHT**

10    USC seeks an order striking Plaintiff's claims against USC, and an award of

11  attorneys' fees and costs pursuant to California's anti-SLAPP law's mandatory

12  attorneys' fees clause for prevailing defendants, which shall be subject to further briefing

13  in the event USC and Gibson Dunn's anti-SLAPP motions are granted.

14

15  Dated: November 5, 2019              GIBSON, DUNN & CRUTCHER LLP

16

17

18                                       By:    */s/ James P. Fogelman*
                                                James P. Fogelman

19                                              Attorney for Defendant

20

21

22

23

24

25

26

27

28

2
DEFENDANT USC KECK SCHOOL OF MEDICINE'S NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S COMPLAINT, AND JOINDER IN GIBSON, DUNN & CRUTCHER, LLP'S MOTION TO STRIKE

## I.    INTRODUCTION

Defendant USC Keck School of Medicine ("USC") joins in Gibson, Dunn & Crutcher, LLP's ("Gibson Dunn") Motion to Strike Plaintiff's Complaint and separately moves to strike Plaintiff's Complaint. As set forth in Gibson Dunn's motion, Plaintiff's Complaint is a meritless "SLAPP" suit that should never have been filed and that should dismissed. Plaintiff is seeking to hold USC and its counsel of record liable simply for defending USC against Plaintiff's frivolous claims.

Like the claims against Gibson Dunn, Plaintiff's claims against USC are based in whole or in part on protected activity arising from "written or oral statements made before a judicial proceeding." Cal. Civ. Proc. Code § 425.16(e)(1). Specifically, Plaintiff seeks to hold USC liable for rejecting Plaintiff's demand to arbitrate during communications with USC's in-house counsel, for moving to dismiss Plaintiff's claims, and for statements made by USC's counsel during the meet and confer process related to various motions that is required by this District's Local Rules. All of this is protected activity under the anti-SLAPP statute. *See Kolar v. Donahue, McIntosh & Hammerton*, 145 Cal. App. 4th 1532, 1537 (2006) (anti-SLAPP statute's protections for petitioning activities extends not only to the filing of lawsuits but also "to conduct that relates to such litigation, including statements made in connection with or in preparation of litigation.").

Just like the claims against Gibson Dunn, Plaintiff's claims against USC fail as a matter of law. Plaintiff's claims for IIED, Breach of Contract and Declaratory Judgment are barred by *Noerr-Pennington* and California's litigation privilege. Plaintiff's claim for Breach of Contract is time-barred. Plaintiff's claims for IIED and Breach of Contract claim fail on the merits. And his claim for declaratory judgment fails because there is no ongoing controversy.

For all of these reasons and those set forth below, Plaintiff's claims for IIED, and Breach of Contract and Declaratory Judgment against USC should be stricken, and USC should be awarded attorneys' fees and costs pursuant to California's anti-SLAPP law's

Gibson, Dunn & Crutcher LLP

1

DEFENDANT USC KECK SCHOOL OF MEDICINE'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT, AND JOINDER IN GIBSON, DUNN & CRUTCHER, LLP'S MOTION TO STRIKE

1    mandatory attorneys' fees clause for prevailing defendants.[1]

## II.    ARGUMENT

### A.    Plaintiff's Claims Against USC Are Based On Petitioning Activities Protected By The Anti-SLAPP Statute

The anti-SLAPP statute is "construed broadly, to protect the right of litigants to 'the utmost freedom of access to the courts without the fear of being harassed subsequently by derivative tort actions.'" *Healy v. Tuscany Hills Landscape & Recreation Corp.*, 137 Cal. App. 4th 1, 5 (2006) (quoting *Rubin v. Green*, 4 Cal. 4th 1187, 1194 (1993)); *see also Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1119 (1999). Protected petitioning activity includes "communicative conduct such as the filing, funding, and prosecution of a civil action." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056, 128 P.3d 713, 717–18 (2006). Thus, statements, writings, and pleadings in connection with litigation are protected. *Kolar*, 145 Cal. App. 4th at 1537 ("The anti-SLAPP protection for petitioning activities applies not only to the filing of lawsuits, but extends to conduct that relates to such litigation, including statements made in connection with or in preparation of litigation.") (internal citations omitted); *GeneThera, Inc. v. Troy & Gould Prof'l Corp.*, 171 Cal. App. 4th 901, 908 (2009) ("An attorney's communication with opposing counsel on behalf of a client regarding pending litigation directly implicates the right to petition and thus is subject to a special motion to strike."). The challenged claims need only arise in part from protected activities. *Fox Searchlight Pictures, Inc. v. Paladino*, 89 Cal. App. 4th 294, 307-08 (2001).

Here, Plaintiff's claims for IIED, Breach of Contract and Declaratory Judgment against USC are based entirely or in part on protected petitioning activity. Specifically, Plaintiff bases his claims against USC on pleadings filed by USC's counsel on behalf of

---

[1]    USC is not basing its anti-SLAPP motion on the other state law claims in Plaintiff's Complaint (NIED, Rescission, Fraud and Constructive Fraud) because they do not appear to be based on petitioning activity, but to the extent they incorporate and are based on alleged petitioning activity, the Court should also strike those claims. *See* ECF 1 ¶¶ 221, 324, 328, 336.

2

Gibson, Dunn & Crutcher LLP

DEFENDANT USC KECK SCHOOL OF MEDICINE'S NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S COMPLAINT, AND JOINDER IN GIBSON, DUNN & CRUTCHER, LLP'S MOTION TO STRIKE

USC, pre-litigation demand letters, and meet and confer communications between USC and Plaintiff:

- **<u>Intentional Infliction of Emotional Distress</u>**: Plaintiff bases his Intentional Infliction of Emotion Distress claim on USC's refusal to mediate, the Motion to Dismiss filed by Gibson Dunn on behalf of USC, and the August 2, 2019 meet and confer communications. *See* ECF 1 ¶¶ 209 ("Counsel Meyer quite simply refused to accept information about the breach in ADR, mediation, or otherwise, and refused to comply with the settlement agreement"); 210 ("Meyer stated USC 'declined' to correct the breaches"); 211 ("Moreover, USC counsel acts as if the two settlement agreements simply don't exist; ***in a recent Pleading***, counsel said 'USC did not cause Plaintiff's omissions [of disciplinary charges],' as if the charge records had never been sealed and dismissed and acquitted." (emphasis added)); 212 ("Defendant Gibson Dunn illegally executed a lifelong campus ban against Isaacs to place him in constant fear for his health, and to harm his reputation and bully him into dropping this lawsuit.").

- **<u>Breach of Contract</u>**: Plaintiff bases his Breach of Contract claim in part on USC's refusal to mediate or arbitration his claims and instead to seek to vindicate its contractual rights by defending against Plaintiff's baseless claims in this litigation. ECF 1 ¶¶ 199–200.

- **<u>Declaratory Judgment</u>**: Plaintiff bases his Declaratory Judgment claim in part on the August 2, 2019 meet and confer communications. *See* ECF 1 ¶ 184(v) ("Nothing in the settlements served a voluntary lifelong campus ban.").

Plaintiff's claims against USC "arise from" protected petitioning activity. Accordingly, the burden shifts to Plaintiff to establish a probability of prevailing on his claims. As set forth below, Plaintiff cannot meet his burden.

Gibson, Dunn & Crutcher LLP

DEFENDANT USC KECK SCHOOL OF MEDICINE'S NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S COMPLAINT, AND JOINDER IN GIBSON, DUNN & CRUTCHER, LLP'S MOTION TO STRIKE

**B.    Plaintiff Cannot Prevail on his Claims Against USC**

Under the second prong of the anti-SLAPP inquiry, the burden shifts to the plaintiff "to establish a reasonable probability that it will prevail on its claim in order for that claim to survive dismissal." *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013). Courts consider not only the "substantive merits of the plaintiff's complaint," for which the plaintiff bears the burden, but also "all available defenses . . . including, but not limited to constitutional defenses." *Traditional Cat Ass'n, Inc. v. Gilbreath*, 118 Cal. App. 4th 392, 398 (2004). If plaintiffs cannot make this showing, the claim is dismissed and defendants must be awarded attorneys' fees and costs. C.C.P. § 425.16(c). As set forth in Gibson Dunn's and USC's pending Motions to Dismiss, Plaintiff cannot meet his burden because his claims fail as a matter of law.

**1.    The Claims Are Barred by the *Noerr-Pennington* Doctrine and/or Litigation Privilege**

For the reasons outlined in Gibson Dunn's Motion to Strike, to the extent Plaintiff's claims are based on petitioning activity, they are barred by the *Noerr-Pennington* Doctrine and/or the litigation privilege. ECF 64, at 13-15. *See also IGEN Intern., Inc. v. Roche Diagnostics, GmbH*, 335 F.3d 303 (4th Cir. 2003) (applying *Noerr-Pennington* doctrine to claims for tortious unfair competition and breach of contract).

**2.    Plaintiff Cannot Prevail on his Breach of Contract Claim**

Breach of contract claims are subject to a four-year statute of limitations (Cal. Civ. Proc. Code § 337(1)), and generally "accrue at the time of the breach of contract . . . regardless of whether any damage is apparent or whether the injured party is aware of his right to sue." *Perez-Encinas v. AmerUs Life Ins. Co.*, 468 F. Supp. 2d 1127, 1134 (N.D. Cal. 2006); *IV Sols., Inc. v. United Healthcare*, 2015 WL 4127823, at \*2 (C.D. Cal. July 7, 2015).

Here, any alleged breach necessarily occurred at some point prior to March 2012, when DHMC issued a letter to the Plaintiff stating that he was being terminated for failing to disclose his prior attendance at USC. ECF 1 ¶ 119. While Plaintiff conclusorily

4

DEFENDANT USC KECK SCHOOL OF MEDICINE'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT, AND JOINDER IN GIBSON, DUNN & CRUTCHER, LLP'S MOTION TO STRIKE

1  alleges that he did not learn of USC's alleged breach until June 2015, his own allegations

2  and the admissible evidence establish that DHMC referenced his prior attendance at

3  USC in its termination letter in 2012 and that the Board of Medicine referenced his

4  attendance at USC in its revocation order in 2014. ECF 1 ¶ 192; ECF 66-1, Ryzewska

5  Decl. Ex. 12, at 106 ("[Y]our ERAS application lacked information regarding your prior

6  residency in Arizona as well as time served as a medical student at the University of

7  Southern California."); Ex. 7, at 59 ("Respondent listed the American University of the

8  Caribbean but failed to disclose attendance at the Keck School."). Plaintiff expressly

9  alleges that the Board of Medicine "found that Dr. Isaacs had improperly failed to

10 disclose his 'criminal stalking' and Keck enrollment on his residency application," and

11 published its "'false' findings on the internet" in "***mid-2014***." *Id.* ¶¶ 154, 167 (emphasis

12 added). Moreover, because Plaintiff voluntarily dismissed the 02011 Case, his claim is

13 time barred even under the June 2015 "discovery" date alleged in the Complaint. *Porter*

14 *v. Los Angeles Cty.*, No. CV 15-5646 PA (AJW), 2016 WL 8732091, at *5 (C.D. Cal.

15 Aug. 9, 2016) (stating that a voluntary dismissal does not toll the statute of limitations)

16 (citing *Hill v. City of Clovis*, 63 Cal. App. 4th 434, 445 (1998), *opinion after dismissal*

17 *of appeal*, 80 Cal. App. 4th 438 (2000)).[2]

18              **3.      Plaintiff Cannot Prevail on his IIED Claim**

19       For the reasons stated in Gibson Dunn's Motion to Strike, Plaintiff cannot prevail

20 on his IIED claim. ECF 64, at 22-24.

21              **4.      Plaintiff's Cannot Prevail on his Declaratory Judgment Claim**

22       For the reasons stated in Gibson Dunn's Motion to Strike, Plaintiff cannot prevail

23 on his Declaratory Judgment claim. ECF 64, at 25.

24                          **III.    CONCLUSION**

25       For the foregoing reasons, the Court should strike Plaintiff's claims against USC,

26

27

28

---

[2]  Plaintiff's allegation that he "became aware this breach was intentional in May 2019" is not relevant to the statute of limitations determination because it accrues from the time of the breach. *Id.* ¶¶ 199. *See also Perez-Encinas*, 468 F. Supp. 2d at 1134.

5

DEFENDANT USC KECK SCHOOL OF MEDICINE'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT, AND JOINDER IN GIBSON, DUNN & CRUTCHER, LLP'S MOTION TO STRIKE

1    and award attorneys' fees and costs pursuant to California's anti-SLAPP law's

2    mandatory attorneys' fees clause for prevailing defendants, which shall be subject to

3    further briefing in the event USC and Gibson Dunn's anti-SLAPP motions are granted.

4

5    Dated: November 5, 2019                    GIBSON, DUNN & CRUTCHER LLP

6

7                                              By:    */s/ James P. Fogelman*
                                                      James P. Fogelman
8
                                              Attorney for USC Keck School of
9                                             Medicine

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT USC KECK SCHOOL OF MEDICINE'S NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S COMPLAINT, AND JOINDER IN GIBSON, DUNN & CRUTCHER, LLP'S MOTION TO STRIKE