# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. JEFFREY ISAACS,<br>  Plaintiff,<br><br>    v.<br><br>USC KECK SCHOOL OF<br>MEDICINE, et al.,<br>  Defendants. | CV 19-8000 DSF (RAOx)<br><br>Order DENYING Motion for Preliminary Injunction (Dkt. No. 13) |

  Plaintiff has moved for a preliminary injunction relating to the dissemination of various educational and licensing records.

  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  Although a plaintiff seeking a preliminary injunction must make a showing on each factor, the Ninth Circuit employs a "version of the sliding scale" approach where "a stronger showing of one element may offset a weaker showing of another." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-35 (9th Cir. 2011).  Under this approach, a court may issue a preliminary injunction where there are "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff . . . , so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. at 1135 (internal quotation marks omitted).

Plaintiff has shown no likelihood of success on the merits. Aside from the problems of the statute of limitations and res judicata, he has simply not demonstrated any likelihood that he is correct on the merits of any of the claims in this case. Plaintiff's interpretation of the settlement agreements at issue appears to be erroneous, and there is no evidence that any party has violated either agreement as properly interpreted.

Plaintiff also cannot demonstrate irreparable harm that would be prevented by an injunction. The details of Plaintiff's educational and licensing history are a matter of public record at this point due to Plaintiff's repeated public litigation in various courts around the country. Anyone interested in this history can find it easily through Google and PACER.

Neither the balance of equities nor the public interest weighs in favor of Plaintiff either. The proposed injunction seeks to prohibit innocent third-parties from discovering information about Plaintiff that is undisputedly both true and relevant. In the absence of a strong showing of both success on the merits and irreparable harm, the Court declines to enter such an injunction.

The motion for a preliminary injunction is DENIED.

IT IS SO ORDERED.

Date: November 6, 2019

Dale S. Fischer
United States District Judge