1 | James P. Fogelman, SBN 161584
Shannon E. Mader, SBN 235271
2 | Katarzyna Ryzewska, SBN 300386
GIBSON, DUNN & CRUTCHER LLP
3 | 333 South Grand Avenue
Los Angeles, California 90071-3197
4 | Telephone: (213) 229-7000
Facsimile: (213) 229-7520
5 | JFogelman@gibsondunn.com
SMader@gibsondunn.com
6 | KRyzewska@gibsondunn.com

7

8

9 | Attorneys for Defendant
Gibson, Dunn & Crutcher, LLP

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12

DR. JEFFREY ISAACS, | CASE NO. 2:19-CV-08000-DSF-RAO

Plaintiff, | **DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE**

v.

USC KECK SCHOOL OF MEDICINE. GIESEL SCHOOL OF MEDICINE AT DARTMOUTH, DARTMOUTH HITCHCOCK MEDICAL CENTER, NH BOARD OF MEDICINE, GIBSON, DUNN & CRUTCHER, LLP and JOHN or JANE DOE,

Defendants.

[Defendant's Request for Judicial Notice, Declaration of Katarzyna Ryzewska, Declaration of James P. Fogelman, and Proposed Order Filed Concurrently herewith]

**Hearing**
Date:        January 27, 2020
Time:        1:30 PM
Location:  Courtroom 7D
Judge:      Hon. Dale S. Fischer

Gibson, Dunn & Crutcher LLP

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

Exhibit 1 - Page 2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 27, 2020, at 1:30 p.m. in Courtroom 7D of the United States District Court for the Central District of California at First Street Courthouse, 350 West 1st Street, Los Angeles, California Defendant Gibson, Dunn & Crutcher, LLP ("Gibson Dunn") will and hereby does move this Court, pursuant to California Code of Civil Procedure Section 425.16, for an order striking all of the claims that Plaintiff Jeffrey Isaacs ("Plaintiff") has asserted against Gibson Dunn.

This Motion is made on the grounds that Plaintiff's Complaint against Gibson Dunn is a meritless "SLAPP" suit (i.e., strategic litigation against public participation) that is barred by California's anti-SLAPP statute.

Plaintiff's state law claims against Gibson Dunn are based entirely on Gibson Dunn's representation of Defendant USC Keck School of Medicine ("USC") in Plaintiff's previous failed action. Specifically, Plaintiff bases his claims on the filing of motions to dismiss on behalf of USC, the filing of an opposition to Plaintiff's Motion for Preliminary Injunction, and the meet and confer in connection with those filings. As a matter of law, Plaintiff's claims are subject to the protections of California Code of Civil Procedure Section 425.16, the anti-SLAPP statute, because Plaintiff's claims arise from written or oral statements made in connection with a judicial proceeding. *See* Cal. Civ. Proc. Code § 425.16(e)(1). *See also Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056, 128 P.3d 713, 717–18 (2006) (anti-SLAPP statute applies to litigation activity, including all communicative acts performed by attorneys as part of their representation of a client in a judicial proceeding).

Plaintiff's Complaint is meritless and should be stricken because Plaintiff cannot meet his burden of establishing that he will prevail on his claims against Gibson Dunn.

- First, all of Plaintiff's state law claims are barred by the *Noerr-Pennington* doctrine because they are based on litigation conduct. *See Sosa v. DirecTV, Inc.*, 437 F.3d 923, 933-39 (9th Cir. 2006) (*Noerr-Pennington* applies to pre-

1

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

Exhibit 1 - Page 3

litigation letters); *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Inv'rs, Inc.*, 944 F.2d 1525, 1528 (9th Cir. 1991) (*Noerr-Pennington* applies to a decision to accept or reject a settlement offer); *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1159 (N.D. Cal. 2014) (*Noerr-Pennington* applies to the filing of a motion to dismiss).

- Second, all of Plaintiff's state law claims are barred by the litigation privilege because they are based on litigation conduct. *See* Cal. Civ. Code § 47(b); *Blanchard v. DIRECTV, Inc.*, 123 Cal. App. 4th 903, 919 (2004); *Kashian v. Harriman*, 98 Cal. App. 4th 892, 913 (2002); *Seltzer v. Barnes*, 182 Cal. App. 4th 953, 961–62 (2010).

- Third, Plaintiff's Intentional Infliction of Emotional Distress ("IIED") claim fails because Plaintiff fails to show essential elements of each claim. *See* Cal. Civ. Proc. § 335.1.

- Fourth, Plaintiff's Intentional Interference with Contractual Relations claim fails because, as USC's agent, Gibson Dunn cannot be liable for tortiously interfering with a contract to which USC is a party. *See, e.g., Schick v. Lerner*, 193 Cal. App. 3d 1321, 1329 (1987) ("[A]bsent extraordinary circumstances, an attorney may not be held liable for urging a client to breach a contract with some third party."); *Los Angeles Airways, Inc. v. Davis*, 687 F.2d 321, 325–26 (9th Cir. 1982) (stating that attorney, acting in "his fiduciary capacity as an agent, officer or director" could claim "manager's privilege," which would allow the attorney to "counsel his principal to breach a contract that he reasonably believes to be harmful to his principal's best interests").

- Finally, Plaintiff's declaratory judgment claim fails because there is no genuine, ongoing dispute and because Gibson Dunn is not a party to any contract with the Plaintiff. *See Tatung Co. v. Shu Tze Hsu*, 43 F. Supp. 3d 1036, 1064 (C.D. Cal. 2014).

Gibson, Dunn & Crutcher LLP

2
DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

Exhibit 1 - Page 4

1       This lawsuit is classic SLAPP. Gibson Dunn hereby requests that the Court strike

2 Plaintiff's claims against Gibson Dunn and the accompanying demands for damages and

3 other relief recited in the Prayer.

4       This Motion is based on this Notice of Motion and Motion; the Declaration of

5 Katarzyna Ryzewska and Declaration of James Fogelman; Defendants' Request for

6 Judicial Notice; the complete files and records in this action; and on such further

7 evidence and argument that is presented prior to or at hearing on this matter.

8       This Motion is made following the telephonic conference of counsel pursuant to

9 Local Rule 7-3, which took place on October 10, 2019.

10                      **RELIEF SOUGHT**

11       Gibson Dunn seeks an order striking Plaintiff's Complaint with prejudice.

13 Dated:  November 7, 2019         GIBSON, DUNN & CRUTCHER LLP

16                 By:    */s/ James P. Fogelman*

                         James P. Fogelman

17                Attorney for Defendant

3

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

Exhibit 1 - Page 5

# TABLE OF CONTENTS

Page

I.    INTRODUCTION .................................................................................. 1

II.   FACTUAL AND PROCEDURAL BACKGROUND ................................ 2

      A.    Plaintiff's 2007 And 2008 Settlements With USC ...................... 2

      B.    Plaintiff's Prior Lawsuits .......................................................... 3

      C.    Plaintiffs Sends A Demand Letter To USC, Which USC Rejects ............ 4

      D.    Plaintiff Files A Meritless Lawsuit Against USC ........................ 5

      E.    On USC's Behalf, Gibson Dunn Moves To Dismiss Plaintiff's Complaint ............ 5

      F.    Plaintiffs Files An Amended Complaint ...................................... 6

      G.    On USC's Behalf, Gibson Dunn Moves To Dismiss The FAC ................ 6

      H.    The Parties Meet And Confer Regarding Plaintiff's Preliminary Injunction Motion, Which Plaintiff Files Shortly Thereafter ................ 6

      I.    On USC's Behalf, Gibson Dunn Opposes Plaintiff's Motion ................ 7

      J.    Plaintiff Threatens To Seek Gibson Dunn's Disqualification ................ 7

      K.    Without Meeting And Conferring, Plaintiff Files A Motion For Leave To File A Second Amended Complaint ............ 8

      L.    Plaintiff Again Threatens To Seek Gibson Dunn's Disqualification ........ 8

      M.    Rather Than Oppose USC's Motion To Dismiss, Plaintiff Dismisses His Lawsuit And Files A Nearly Identical Lawsuit, Naming Gibson Dunn ............ 8

III.  LEGAL STANDARD ............................................................................ 8

IV.   ARGUMENT ...................................................................................... 10

      A.    Plaintiff's Claims Against Gibson Dunn Are Based On Petitioning Activities Protected By The Anti-SLAPP Statute ............ 10

      B.    Plaintiff's Claims Against Gibson Dunn Fail As A Matter of Law ......... 12

            1.    The Claims Are Barred By The *Noerr-Pennington* Doctrine ....... 12

            2.    The State Law Claims Are Barred By The Litigation Privilege ............ 14

            3.    Plaintiff's IIED Claim Fails As A Matter of Law ......................... 15

i

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

Exhibit 1 - Page 6

Gibson, Dunn & Crutcher LLP

          4.      Plaintiff's Intentional Interference With Contractual
                  Relations Claim Fails As A Matter of Law .................................. 17

          5.      Plaintiff's Declaratory Judgment Claim Fails .............................. 17

V.    CONCLUSION ................................................................................................. 18

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO STRIKE

Exhibit 1 - Page 7

Gibson, Dunn &
Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Action Apartment Ass'n, Inc. v. City*,
    41 Cal. 4th 1232 (2007) ....................................................................................... 14

*Blanchard v. DirecTV*,
    123 Cal. App. 4th 903 (2004) ............................................................................... 15

*Briggs v. Eden Council for Hope & Opportunity*,
    19 Cal. 4th 1106 (1999) ....................................................................................... 10

*Chang v. Lederman*,
    172 Cal. App. 4th 67 (2009) ................................................................................. 16

*Chavez v. Mendoza*,
    94 Cal. App. 4th 1083 (2001) ................................................................................. 9

*Chen v. Berenjian*,
    33 Cal. App. 5th 811 (2019) ................................................................................. 15

*Church of Scientology v. Wollersheim*,
    42 Cal. App. 4th 628 (1996), *disapproved on other grounds* .................................. 9

*Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc.*,
    944 F.2d 1525 (9th Cir. 1991) .............................................................................. 13

*Crossroads Investors, L.P. v. Federal Nat'l Mortg. Ass'n*,
    13 Cal. App. 5th 757 (2017) ................................................................................. 10

*Digerati Holdings, LLC v. Young Money Entm't, LLC*,
    194 Cal. App. 4th 873 (2011) ............................................................................... 15

*Dowling v. Zimmerman*,
    85 Cal. App. 4th 1400 (2001) ................................................................................. 9

*Equilon Enters. v. Consumer Cause, Inc.*,
    29 Cal. 4th 53 (2002) ............................................................................................. 9

*Finton Constr., Inc. v. Bidna & Keys, APLC*,
    238 Cal. App. 4th 200 (2015) ................................................................................. 1

iii

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO STRIKE

Exhibit 1 - Page 8

Gibson, Dunn &
Crutcher LLP

*Flatley v. Mauro*,
  39 Cal. 4th 299 (2006) ........................................................................... 10

*Fotohaus, LLC v. Proforma, Inc.*,
  No. 18-CV-01827-BLF, 2019 WL 1493355 (N.D. Cal. Apr. 4, 2019) .................... 14

*Fox Searchlight Pictures, Inc. v. Paladino*,
  89 Cal. App. 4th 294 (2001) ..................................................................... 9

*Freeman v. Lasky, Haas & Cohler*,
  410 F.3d 1180 (9th Cir. 2005) ................................................................... 13

*GeneThera, Inc. v. Troy & Gould Prof'l Corp.*,
  171 Cal. App. 4th 901 (2009) ................................................................... 11

*Healy v. Tuscany Hills Landscape & Recreation Corp.*,
  137 Cal. App. 4th, 5 (2006) ...................................................................... 10

*Hughes v. Pair*,
  46 Cal. 4th 1035 (2009) .......................................................................... 16

*Isaacs v. Dartmouth-Hitchcock Med. Ctr.*,
  2014 WL 1572559 (D.N.H. Apr. 18, 2014) ...........................................3, 4

*Isaacs v. DHMC et al.*,
  No. 2:19-CV-02011-DSF-RAO (C.D. Cal. 2019) ........................................ 1

*Isaacs v. Trustees of Dartmouth Coll.*,
  No. 17-CV-040-LM, 2018 WL 734182 (D.N.H. Feb. 5, 2018), *motion
  for relief from judgment denied*, No. 17-CV-040-LM, 2018 WL
  2225097 (D.N.H. May 15, 2018) ............................................................... 4

*Isaacs v. Trustees of Dartmouth Coll.*,
  No. CIV.A. 13-5708, 2014 WL 4186536 (E.D. Pa. Aug. 25, 2014),
  *aff'd sub nom. Isaacs v. Arizona Bd. of Regents*, 608 F. App'x 70 (3d
  Cir. 2015) .............................................................................................. 4

*Isaacs v. United States Dep't of Educ.*,
  No. CV 17-11221-FDS, 2018 WL 1257760 (D. Mass. Mar. 12, 2018) ................. 4

*Johnson v. Ralphs Grocery Co.*,
  204 Cal. App. 4th 1097 (2012) .................................................................. 10

iv

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO STRIKE

Exhibit 1 - Page 9

Gibson, Dunn &
Crutcher LLP

*Jolley v. Chase Home Fin., LLC*,
   213 Cal. App. 4th 872 (2013) ................................................................. 18

*Kasei Pharma Corp. v. Actelion Ltd.*,
   222 Cal. App. 4th 945 (2013) ................................................................. 17

*Kiseskey v. Carpenters' Trust for So. California*,
   144 Cal. App. 3d 222 (1983) ................................................................. 15

*Kolar v. Donahue, McIntosh & Hammerton*,
   145 Cal. App. 4th 1532 (2006) ............................................................. 2, 10

*Los Angeles Airways, Inc. v. Davis*,
   687 F.2d 321 (9th Cir. 1982) ................................................................. 17

*Ludwig v. Superior Court*,
   37 Cal. App. 4th 8 (1995) ..................................................................... 9

*Madrigal v. Allstate Indem. Co.*,
   No. CV 14-4242 SS, 2015 WL 12747906 (C.D. Cal. Sept. 30, 2015) ............... 16

*Makaeff v. Trump Univ., LLC*,
   715 F.3d 254 (9th Cir. 2013) ................................................................. 12

*McFarlin v. Gormley*,
   No. CV-06-1594-HU, 2008 WL 410104 (D. Or. Feb. 12, 2008) ..................... 13

*Mendoza v. Wichmann*,
   194 Cal. App. 4th 1430 (2011) ............................................................... 9

*Mintz v. Blue Cross of Cal.*,
   172 Cal. App. 4th 1594 (2009) ............................................................... 17

*Moss v. Bank of New York Tr.*,
   No. C 10-01734 JSW, 2011 WL 13243802 (N.D. Cal. Oct. 13, 2011) ............ 14, 16

*Nguyen v. Proton Tech. Corp.*,
   69 Cal. App. 4th 140 (1999) ................................................................. 15

*Oei v. N. Star Capital Acquisitions, LLC*,
   486 F. Supp. 2d 1089 (C.D. Cal. 2006) ................................................... 14

*OG Int'l, Ltd. v. Ubisoft Entm't*,
   No. C 11-04980 CRB, 2012 WL 4809174 (N.D. Cal. Oct. 9, 2012) ............... 12

Gibson, Dunn &
Crutcher LLP

v

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO STRIKE

Exhibit 1 - Page 10

*Pac. Gas & Elec. Co. v. Bear Stearns & Co.*,
   50 Cal. 3d 1118 (1990) ................................................................................. 14

*Reynolds v. Shure*,
   148 F. Supp. 3d 928 (E.D. Cal. 2015) ......................................................... 16

*Roberts v. L.A. Cty. Bar Ass'n*,
   105 Cal. App. 4th 604 (2003) ......................................................................... 9

*Rohde v. Wolf*,
   154 Cal. App. 4th 28 (2007) ......................................................................... 10

*Rubin v. Green*,
   4 Cal. 4th 1187 (1993) .................................................................................. 10

*Rupert v. Bond*,
   68 F. Supp. 3d 1142 (N.D. Cal. 2014) ......................................................... 13

*Rusheen v. Cohen*,
   37 Cal. 4th 1048, 128 P.3d 713 (2006) ............................................. 10, 14, 15

*Schick v. Lerner*,
   193 Cal. App. 3d 1321 (1987) ....................................................................... 17

*Seltzer v. Barnes*,
   182 Cal. App. 4th 953 (2010) ....................................................................... 15

*Shoemaker v. Myers*,
   52 Cal. 3d 1 (1990) ....................................................................................... 17

*Silberg v. Anderson*,
   50 Cal. 3d 205 (1990) ................................................................................... 14

*Simo v. Union of Needletrades*,
   322 F.3d 602 (9th Cir. 2003) ........................................................................ 15

*So v. Shin*,
   212 Cal. App. 4th 652 (2013) ....................................................................... 15

*Sosa v. DirecTV, Inc.*,
   437 F.3d 923 (9th Cir. 2006) ........................................................................ 13

*Sweetwater Union High Sch. Dist. v. Gilbane Building Co.*,
   6 Cal. 5th 931 (2019) ...................................................................................... 1

vi

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO STRIKE

Exhibit 1 - Page 11

*Tatung Co. v. Shu Tze Hsu*,
   43 F. Supp. 3d 1036 (C.D. Cal. 2014) .................................................................. 17

*Theme Promotions, Inc. v. News Am. Mktg. FSI*,
   546 F.3d 991 (9th Cir. 2008) .............................................................................. 12

*Traditional Cat Ass'n, Inc. v. Gilbreath*,
   118 Cal. App. 4th 392 (2004) ............................................................................. 12

*Wong v. Jing*,
   189 Cal. App. 4th 1354 (2010) ........................................................................... 16

**Statutes**

Cal. Civ. Code § 47 ...................................................................................................... 10

Cal. Civ. Code § 47(b) ................................................................................................. 14

Cal. Civ. P. Code § 425.16(b) ....................................................................................... 9

Cal. Civ. P. Code § 425.16(b)(1) ................................................................................... 9

Cal. Civ. P. Code § 425.16(e)(1) ................................................................................... 1

Gibson, Dunn &
Crutcher LLP

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO STRIKE

Exhibit 1 - Page 12

## I.    INTRODUCTION

Plaintiff's Complaint against Gibson, Dunn & Crutcher, LLP ("Gibson Dunn") is a meritless "SLAPP" suit that should never have been filed and that should dismissed. Gibson Dunn is being sued simply for representing its client, Defendant USC Keck School of Medicine ("USC"). Plaintiff's claims against Gibson Dunn are based entirely on Gibson Dunn's defense of USC in Plaintiff's prior failed action. *See Isaacs v. DHMC et al.*, No. 2:19-CV-02011-DSF-RAO (C.D. Cal. 2019) ("Case 02011" or the "Prior Action"). Specifically, Plaintiff seeks to hold Gibson Dunn liable for statements made in a motion to dismiss that Gibson Dunn filed on USC's behalf and in a meet and confer with Plaintiff regarding Plaintiff's preliminary injunction motion. But Plaintiff never even filed an opposition to USC's motion to dismiss or a reply in support of his preliminary injunction motion. Instead, he voluntarily dismissed the Prior Action in an obvious attempt to avoid a ruling on the merits of those motions, and filed the instant action asserting a host of additional claims against USC and Gibson Dunn in a transparent attempt to punish USC and Gibson Dunn for having opposed his frivolous claims. Plaintiff's Complaint is exactly the type of "meritless suit[]" that the anti-SLAPP statute was "designed to weed out." *Sweetwater Union High Sch. Dist. v. Gilbane Building Co.*, 6 Cal. 5th 931, 945 (2019) (internal quotations omitted). *See also Finton Constr., Inc. v. Bidna & Keys, APLC*, 238 Cal. App. 4th 200, 209 (2015) ("The purpose of the statute is to dismiss meritless lawsuits designed to chill the defendant's free speech rights at the earliest stage of the case.").

A special motion to strike is subject to a two-prong analysis. The first prong requires a showing that plaintiff's cause of action arises from the type of protected activity covered by the anti-SLAPP statute. That is the case here. There can be no question that Plaintiff's state law claims arise from "written or oral statements made before a judicial proceeding." Cal. Civ. P. Code § 425.16(e)(1). The anti-SLAPP statute's protections for petitioning activities extends not only to the filing of lawsuits but "to conduct that relates to such litigation, including statements made in connection

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

Exhibit 1 - Page 13

with or in preparation of litigation." *Kolar v. Donahue, McIntosh & Hammerton*, 145 Cal. App. 4th 1532, 1537 (2006).

The second prong requires plaintiff to establish with admissible evidence a probability of prevailing on each element of the cause of action. Plaintiff cannot meet this burden. Because Plaintiff's claims are based on petitioning activity, they are barred, as a matter of law, by *Noerr-Pennington* and California's litigation privilege. Further, Plaintiff's claims fail on the merits. Plaintiff cannot prove any of the elements of his intentional infliction of emotion distress claim or his intentional interference with contract claim. And his claim for declaratory judgment fails because Gibson Dunn is not a party to his agreements with USC.

For all of these reasons and those set forth below, Gibson Dunn's Motion should be granted and Plaintiff's claims against Gibson Dunn should be stricken.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Plaintiff's 2007 And 2008 Settlements With USC

After being expelled from USC for harassing and stalking a medical student, violating a stay away order, and making violent threats against the school, Plaintiff sued USC, the victim's father, and USC officials. ECF 1 ¶¶ 14, 27, 32. Those lawsuits resulted in two settlements in 2007 and 2008, pursuant to which Plaintiff released and waived all claims against USC and agreed not to assert any claims against USC "based on, referring to, or incorporating any events, acts or omissions through and including the date hereof." *Id.* ¶¶ 33–35; ECF 1-2 at 30 (2007 Settlement Agreement ¶ 4), 35 (2008 Settlement Agreement ¶ 6). *See also* Ryzewska Decl. Exs. 1-2.

USC was subsequently forced to file a motion to enforce the settlement agreements when Plaintiff refused to dismiss the actions. See Ryzewska Decl., Ex. 3, at 15 (USC Mot. to Enforce Settlement Agreement, Case No. CV-06-3338 GAF, ECF 77) ("2008 Motion to Enforce"). In his opposition, Plaintiff argued that the agreements were invalid due to lack of consideration, his alleged lack of knowledge regarding their

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

Exhibit 1 - Page 14

1    meaning, illegality, impracticability, duress, unclean hands, undue influence, and

2    unconscionability. *Id.*, Ex. 4, at 28-30 (Isaacs Opp. to Mot. to Enforce Settlement

3    Agreement, Case No. CV-06-3338 GAF, ECF 78) ("2008 Opposition"). The District

4    Court granted USC's motion, holding that "Isaacs fail[ed] to put[] forth any grounds to

5    void the Settlement" and "the mere fact that Isaacs claims to no longer know if the

6    Settlement accomplishes his ultimate goal is not grounds to undo the agreement."

7    Ryzewska Decl., Ex. 5, at 31 (Order re Mot. to Enforce Settlement Agreement, Case No.

8    CV-06-3338 GAF, ECF 81) ("2008 Order").

9    **B.    Plaintiff's Prior Lawsuits**

10          In 2010, Plaintiff received his medical degree from a different program. ECF 1

11   ¶ 14. After graduating, Plaintiff began a surgical residency at the University of Arizona

12   ("UA"), from which he resigned after six weeks. Ryzewska Decl. Ex. 6, at 38 (*Isaacs v.*

13   *Dartmouth-Hitchcock Med. Ctr.*, 2014 WL 1572559, at *2); Ex. 12, at 106 (Termination

14   Ltr. from DHMC to Isaacs, Mar. 19, 2012). In September of 2010, Plaintiff submitted

15   an application to Dartmouth Hitchcock Medical Center ("DHMC"), where he omitted

16   both his attendance at USC and the residency at UA. *Id.* In 2011, Plaintiff began a

17   residency at DHMC. ECF 1 ¶ 68. In January 2012, a supervisor at DHMC discovered

18   that Plaintiff had previously been a resident at UA. Ryzewska Decl. Ex. 6, at 38-39. On

19   March 19, 2012, DHMC issued a letter to Plaintiff stating that he was being terminated

20   for academic deficiencies, and for failing to disclose his attendance at USC and UA. *Id.*

21   at 40. On March 11, 2014, the New Hampshire Board of Medicine ("Board of

22   Medicine") revoked Plaintiff's medical license and found that his termination from

23   DHMC was appropriate because he concealed material information in his application.

24   *See In re Jeffrey D. Isaacs M.D.*, New Hampshire Board of Medicine, Final Decision

25   and Order, at 8–9 (Mar. 11, 2014) (Ryzewska Decl., Ex. 7, at 63-64). The Board of

26   Medicine also reprimanded Plaintiff for failing to provide any "credible evidence" in

27   support of his position and for "knowingly" making a false statement. *Id.* at 65-66.

28

3

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO STRIKE

Exhibit 1 - Page 15

Since his termination from DHMC, Plaintiff has pursued claims against multiple defendants in multiple jurisdictions. On February 3, 2012, shortly before his termination from DHMC, Plaintiff filed a case against DHMC, the Mary Hitchcock Memorial Hospital, and the Trustees for claims arising out of his residency and pending termination. *Isaacs v. Dartmouth-Hitchcock Med. Ctr.*, 2014 WL 1572559, at *1 (granting summary judgment in favor of defendants). Next, on September 30, 2013, Plaintiff sued the Trustees, the Arizona Board of Regents, the Board of Medicine, the Mary Hitchcock Memorial Hospital, and the University of Arizona Health Sciences Center for claims arising out of his termination by DHMC and the revocation of his medical license by the Board of Medicine. *Isaacs v. Trustees of Dartmouth Coll.*, No. CIV.A. 13-5708, 2014 WL 4186536, at *1 (E.D. Pa. Aug. 25, 2014) (Ryzewska Decl., Ex. 8), *aff'd sub nom. Isaacs v. Arizona Bd. of Regents*, 608 F. App'x 70 (3d Cir. 2015) (affirming dismissal of complaint based on lack of personal jurisdiction and immunity) (Ryzewska Decl., Ex. 9). On February 3, 2017, Plaintiff sued the Board of Medicine, the Trustees, and DHMC for claims arising out of his dismissal from the DHMC residency and the revocation of his medical license. *Isaacs v. Trustees of Dartmouth Coll.*, No. 17-CV-040-LM, 2018 WL 734182, at *1 (D.N.H. Feb. 5, 2018) (Ryzewska Decl., Ex. 10), *motion for relief from judgment denied*, No. 17-CV-040-LM, 2018 WL 2225097 (D.N.H. May 15, 2018) (dismissing certain claims with prejudice and denying Plaintiff's request to amend his complaint to add additional claims). Plaintiff next sued the DOE on June 30, 2017, when the Office of Civil Rights declined to investigate the circumstances surrounding his termination from DHMC. *Isaacs v. United States Dep't of Educ.*, No. CV 17-11221-FDS, 2018 WL 1257760, at *1 (D. Mass. Mar. 12, 2018) (dismissing complaint based on sovereign immunity) (Ryzewska Decl., Ex. 11). All of these lawsuits have since been dismissed.

**C.    Plaintiffs Sends A Demand Letter To USC, Which USC Rejects**

On August 3, 2018, just months after the dismissal of his lawsuits against the

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

Exhibit 1 - Page 16

Gibson, Dunn & Crutcher LLP

Board of Medicine, the Trustees, the DMHC, and the DOE, Plaintiff's New Hampshire counsel sent USC's in-house counsel a letter threatening to sue USC unless USC agreed to mediate or arbitrate Plaintiff's claims. Ryzewska Decl. Ex. 13, at 113-14 (Aug. 3, 2018, Ltr. from Keith Matthews to USC). On May 24, 2019, Plaintiff's New Hampshire counsel emailed USC's counsel, again demanding that the parties agree to mediate or arbitrate. Ryzewska Decl. Ex. 14, at 115 (May 24, 2019, Email from Keith Matthews to USC).

On May 30, 2019, USC's in-house counsel rejected Plaintiff's demand, and stated that USC would vigorously defend itself and pursue all available remedies. *Id.*

On May 31, 2019, Plaintiff responded, stating that USC's response would be considered "further violations of the RICO statute." Ryzewska Decl. Ex. 15, at 117 (May 31, 2019, Email from Isaacs to USC).

## D.    Plaintiff Files A Meritless Lawsuit Against USC

On March 19, 2019, Plaintiff proceeded to file the threatened lawsuit against USC, the DHMC, the Giesel School of Medicine at Dartmouth ("Trustees"), and the Board of Medicine in the Prior Action. Ryzewska Decl. Ex. 16, at 119 (Case 02011, ECF 1). The complaint contained two meritless claims—a RICO claim alleging that defendants formed a RICO enterprise that existed solely to ruin Plaintiff's medical career, and a claim for injunctive relief to enforce the 2007 and 2008 settlement agreements. *Id.*

## E.    On USC's Behalf, Gibson Dunn Moves To Dismiss Plaintiff's Complaint

On June 26, 2019, Gibson Dunn filed a motion to dismiss Plaintiff's complaint on USC's behalf. Ryzewska Decl. Ex. 17 (Case 02011, ECF 14). Plaintiff did not file an opposition. Plaintiff purports to base his claims on a sentence in the motion to dismiss— namely, the argument that "USC did not 'cause' Plaintiff's intentional omissions."  ECF 1, at ¶ 297. *See also* Ryzewska Decl. Ex. 17, at 188.  Notably, Plaintiff never filed an opposition to the motion to dismiss.

Gibson, Dunn &
Crutcher LLP

5

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO STRIKE

Exhibit 1 - Page 17

## F.     Plaintiffs Files An Amended Complaint

On July 19, 2019, Plaintiff filed his First Amended Complaint ("FAC"), adding the following claims against USC: breach of contract, IIED, NIED, a Bivens implied cause of action, retaliation, constructive fraud and a declaratory judgment claim. Case 02011, ECF 33.

## G.     On USC's Behalf, Gibson Dunn Moves To Dismiss The FAC

On August 2, 2019, Gibson Dunn filed a motion to dismiss the FAC on USC's behalf, arguing that Plaintiff's claims were barred by the doctrine of res judicata and the settlement agreements and failed as a matter of law. Ryzewska Decl. Ex. 19 (Case 020211, ECF 41). Plaintiff purports to base his claims on a sentence in the motion to dismiss—namely, the argument that "USC did not 'cause' Plaintiff's intentional omissions."  ECF 1, at ¶ 297. *See also* Ryzewska Decl. Ex. 19 at 228. Again, Plaintiff never filed an opposition to the motion to dismiss.

## H.     The Parties Meet And Confer Regarding Plaintiff's Preliminary Injunction Motion, Which Plaintiff Files Shortly Thereafter

Plaintiff emailed Gibson Dunn on August 2, 2019, threatening to seek a preliminary injunction against USC unless USC agreed to his demands. Ryzewska Decl. Ex. 24, at 256.  Plaintiff demanded that he be permitted to file "criminal charges" with "USC police," and that USC retract what he called a "no trespass letter." *Id.* Gibson Dunn explained that Plaintiff was "free to call any police department and tell them anything [he] want[ed]," that no one was "blocking" Plaintiff from "from calling a police department," but that Plaintiff has "no reason" and "no right" to be on the USC campus. *Id.* at 254. As plainly evident from the exchange, this was neither a threat nor a "lifetime ban." *Id.* Instead, it was simply an assertion of USC's position during a meet and confer with Plaintiff regarding his threatened motion.

In the same thread, Plaintiff also demanded that he be permitted to communicate directly with USC instead of Gibson Dunn and that he be permitted to enter USC's registrar's office to ascertain "whether [his] student records have been sealed, acquitted,

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

Exhibit 1 - Page 18

dismissed, and annulled." *Id.*, Ex. 25 at 259. Gibson Dunn responded: "I still have no idea what you are talking about. If this is some new way of asking whether anyone is 'blocking' you from calling the police, all I can do is reiterate that we have nothing to do with it and are not 'blocking' such a call or standing in your way. I have nothing further to add." *Id.* Again, this is nothing but a meet and confer communication with Plaintiff regarding his threatened motion in his prior failed litigation.

In a separate email thread started by Plaintiff on August 3, 2019, Plaintiff also demanded that he be able to access USC property because he was considering "apply[ing] to USC programs again," and stated that his email constituted a meet and confer request for a motion to disqualify USC's counsel. *Id*., Ex. 21 at 240. Gibson Dunn responded by asking Plaintiff if he had reviewed the 2007 Settlement Agreement, which states that he would never apply to USC again, and suggesting that Plaintiff "should really consult [a] lawyer about these matters." *Id.* Once again, these statements were made during a meet and confer over Plaintiff's threatened motion. As counsel of record, Gibson Dunn was obviously not required to give permission to Plaintiff to enter USC's property, and was equally within its rights, during the meet and confer, to tell Plaintiff, who was representing himself, that he had no right to trespass on USC property.

On August 4, 2019, Plaintiff filed the threatened preliminary injunction motion, seeking access to USC property. Case 020211, ECF 43.

## I.    On USC's Behalf, Gibson Dunn Opposes Plaintiff's Motion

On behalf of USC, Gibson Dunn filed an opposition to Plaintiff's preliminary injunction motion on August 19, 2019. Case 020211, ECF 46.

## J.    Plaintiff Threatens To Seek Gibson Dunn's Disqualification

On August 20, 2019, Plaintiff emailed USC's lead counsel at Gibson Dunn, stating "[y]ou are hereby notified that you shall be called as a witness at the jury trial of Isaacs vs. Dartmouth Hitchcock et al, 19-cv-02011-DSF-RAO," and that "[p]ursuant to Rule 3.7 of the State Bar of California, your immediate recusal and disqualification from

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

Exhibit 1 - Page 19

this case is appropriate." Ryzewska Decl. Ex. 20, at 238.

**K.    Without Meeting And Conferring, Plaintiff Files A Motion For Leave To File A Second Amended Complaint**

On August 26, 2019, the same day Plaintiff's opposition to USC's motion to dismiss was due, Plaintiff filed his Second Amended Complaint ("SAC") without leave from the Court. Case 02011, ECF 50. On August 27, 2019, the Court struck the SAC, and Plaintiff filed a motion for leave. Case 02011, ECF 51; Case 02011, ECF 52. In an obvious attempt to punish USC for having the temerity to defend itself against Plaintiff's frivolous claims, the SAC purported to name Gibson Dunn as a defendant. On September 13, 2019, Gibson Dunn filed an opposition to the motion for leave on USC's behalf. Ryzewska Decl. Ex. 18 (Case 02011, ECF 62).

**L.    Plaintiff Again Threatens To Seek Gibson Dunn's Disqualification**

On August 31, 2019, Plaintiff emailed Gibson Dunn, threatening to file a motion to disqualify and to refer Gibson Dunn's attorneys to the U.S. Marshal. Ryzewska Decl. Ex. 23, at 253 (ECF 53-1, at 18). Plaintiff accused Gibson Dunn of "felony witness intimidation," and demanded that it "cease all communication with me." *Id.*

**M.    Rather Than Oppose USC's Motion To Dismiss, Plaintiff Dismisses His Lawsuit And Files A Nearly Identical Lawsuit, Naming Gibson Dunn**

The hearing on USC's motion to dismiss (as well as Plaintiff's motion for leave and motion for a preliminary injunction) was scheduled for September 16, 2019. Ryzewska Decl. Ex. 19, at 203. On September 12, 2019, the Court took the hearing off calendar, stating that "[a] written order will follow." Case 02011, ECF 59. Apparently unwilling to wait for or abide by the Court's ruling, Plaintiff immediately dismissed his lawsuit. Case 02011, ECF 60. Just four days later, Plaintiff filed a nearly identical lawsuit asserting nearly identical claims. ECF 1.

## III.    LEGAL STANDARD

California's anti-SLAPP statute provides for a special motion to strike a complaint where the complaint arises from an act in furtherance of a person's right of petition or

8

Gibson, Dunn & Crutcher LLP

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

Exhibit 1 - Page 20

1  free speech. *See* Cal. Civ. P. Code § 425.16(b)(1). The anti-SLAPP statute is unique in
2  that it requires, at the outset of a case, that the plaintiff present evidence sufficient to
3  demonstrate a probability that it will prevail on its claim. *Equilon Enters. v. Consumer*
4  *Cause, Inc.*, 29 Cal. 4th 53, 61 (2002).

5      Courts conduct a two-step inquiry in deciding an anti-SLAPP motion. Cal. Civ.
6  P. Code § 425.16(b); *Equilon*, 29 Cal. 4th at 67.  First, the court considers whether the
7  claims "arise from" protected activity—namely, "any act . . . in furtherance of the
8  [defendant's] right of petition or free speech under the United States Constitution or the
9  California Constitution . . . ." Cal. Civ. P. Code § 425.16(b)(1). "A cause of action
10 'arising from' defendant's litigation activity may appropriately be the subject of a
11 Section 425.16 motion to strike." *Church of Scientology v. Wollersheim*, 42 Cal. App.
12 4th 628, 648 (1996), *disapproved on other grounds in Equilon*, 29 Cal. 4th at 68 n.5.
13 This includes the filing, funding, and prosecution of a civil action. *Ludwig v. Superior*
14 *Court*, 37 Cal. App. 4th 8, 17-19 (1995). It also includes acts performed by attorneys in
15 representing clients in litigation. *See, e.g.*, *Chavez v. Mendoza*, 94 Cal. App. 4th 1083,
16 1086 (2001); *Dowling v. Zimmerman*, 85 Cal. App. 4th 1400, 1418-20 (2001). "[A] court
17 must generally presume the validity of the claimed constitutional right in the first step
18 of the anti-SLAPP analysis." *Chavez*, 94 Cal. App. 4th at 1089. Moreover, the
19 challenged claims need only arise in part from protected activities. *Fox Searchlight*
20 *Pictures, Inc. v. Paladino*, 89 Cal. App. 4th 294, 307-08 (2001).

21     Second, if the claims arise from protected activity, the burden shifts to the plaintiff
22 to show, by "competent, admissible evidence," a probability of prevailing on the merits.
23 *Roberts v. L.A. Cty. Bar Ass'n*, 105 Cal. App. 4th 604, 613-14 (2003). The plaintiff "must
24 demonstrate that the complaint is both legally sufficient and supported by a sufficient
25 prima facie showing of facts to sustain a favorable judgment if the evidence submitted
26 by the plaintiff is credited." *Mendoza v. Wichmann*, 194 Cal. App. 4th 1430, 1447
27 (2011).

28

Gibson, Dunn &
Crutcher LLP

9
DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO STRIKE

Exhibit 1 - Page 21

Importantly, California's litigation privilege, codified at Civil Code § 47, is "relevant to the second step in the anti-SLAPP analysis in that it may present a substantive defense the plaintiff must overcome to demonstrate a probability of prevailing." *Rohde v. Wolf*, 154 Cal. App. 4th 28, 38  (2007) (internal quotation and citations omitted). Statements protected by the litigation privilege are "equally entitled to the benefits of section 425.16." *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1115 (1999); *see also Johnson v. Ralphs Grocery Co.*,  204 Cal. App. 4th 1097, 1103-04 (2012). Both § 425.16 and § 47(b) protect litigants' right of access to the courts without fear of being harassed subsequently by derivative tort actions. *See Healy v. Tuscany Hills Landscape & Recreation Corp.*, 137 Cal. App. 4th, 5 (2006). Thus, courts look to § 47(b) in determining whether a given communication falls within the ambit of Section 425.16(e)(1) and (2). *Flatley v. Mauro*, 39 Cal. 4th 299, 323 (2006). While the scope of the litigation privilege and the anti-SLAPP statute are not identical, any doubt should be resolved in favor of their application. *Crossroads Investors, L.P. v. Federal Nat'l Mortg. Ass'n*, 13 Cal. App. 5th 757, 786 (2017).

## IV.    ARGUMENT

### A.    Plaintiff's State Law Claims Against Gibson Dunn Are Based On Petitioning Activities Protected By The Anti-SLAPP Statute

The anti-SLAPP statute is "construed broadly, to protect the right of litigants to 'the utmost freedom of access to the courts without the fear of being harassed subsequently by derivative tort actions.'" *Healy v. Tuscany Hills Landscape & Recreation Corp.*, 137 Cal. App. 4th 1, 5 (2006) (quoting *Rubin v. Green*, 4 Cal. 4th 1187, 1194 (1993)); *see also Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1119 (1999). Protected petitioning activity includes "communicative conduct such as the filing, funding, and prosecution of a civil action." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056, 128 P.3d 713, 717–18 (2006). Thus, statements, writings, and pleadings in connection with litigation are protected. *Kolar v. Donahue, McIntosh & Hammerton*, 145 Cal. App. 4th 1532, 1537 (2006) ("The anti-SLAPP protection for petitioning

10

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

Exhibit 1 - Page 22

activities applies not only to the filing of lawsuits, but extends to conduct that relates to such litigation, including statements made in connection with or in preparation of litigation.") (internal citations omitted); *GeneThera, Inc. v. Troy & Gould Prof'l Corp.*, 171 Cal. App. 4th 901, 908 (2009) ("An attorney's communication with opposing counsel on behalf of a client regarding pending litigation directly implicates the right to petition and thus is subject to a special motion to strike.").

Here, Plaintiff's state law claims against Gibson Dunn are based entirely on protected petitioning activity. Specifically, Plaintiff bases his claims against Gibson Dunn on pleadings filed by Gibson Dunn and meet and confer communications between Gibson Dunn and Plaintiff:

- **Intentional Infliction of Emotional Distress:** Plaintiff bases his Intentional Infliction of Emotion Distress claim on the motion to dismiss filed by Gibson Dunn and the August 2, 2019 meet and confer communications. *See* ECF 1 ¶¶ 211 ("Moreover, USC counsel acts as if the two settlement agreements simply don't exist; *in a recent Pleading*, counsel said 'USC did not cause Plaintiff's omissions [of disciplinary charges],' as if the charge records had never been sealed and dismissed and acquitted.") (emphasis added), 212 ("Defendant Gibson Dunn illegally executed a lifelong campus ban against Isaacs to place him in constant fear for his health, and to harm his reputation and bully him into dropping this lawsuit.").

- **Intentional Interference with Contractual Relations:** Plaintiff bases his Intentional Interference with Contractual Relations claim on pleadings filed by Gibson Dunn and the August 2, 2019 meet and confer communications. Plaintiff alleges that "Gibson Dunn filed false or misleading legal pleadings meant to subvert the consideration and legal rights Plaintiff obtained from the legal agreements." ECF 1 ¶ 247. He further alleges that Gibson Dunn somehow "intimidated" Plaintiff during the August 2, 2019 meet and confer by

Gibson, Dunn &
Crutcher LLP

11

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO STRIKE

Exhibit 1 - Page 23

"prevent[ing] Plaintiff from contacting the USC registrar and USC police to enforce the contracts," and by supposedly imposing "a lifelong, or at least fourteen year, campus ban to interfere with his contractual rights." *Id.*

- **<u>Declaratory Judgment:</u>** Plaintiff bases his declaratory judgment claim on the August 2, 2019 meet and confer communications. *See* ECF 1 ¶ 184(v) ("Nothing in the settlements served a voluntary lifelong campus ban.").

Plainly, Plaintiff's claims against Gibson Dunn "arise from" protected petitioning activity. Accordingly, the burden shifts to Plaintiff to establish a probability of prevailing on his claims. As set forth below, Plaintiff cannot meet his burden.

## B.  Plaintiff's Claims Against Gibson Dunn Fail As A Matter of Law

Under the second prong of the anti-SLAPP inquiry, the burden shifts to the plaintiff "to establish a reasonable probability that it will prevail on its claim in order for that claim to survive dismissal." *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013). Courts consider not only the "substantive merits of the plaintiff's complaint," for which the plaintiff bears the burden, but also "all available defenses . . . including, but not limited to constitutional defenses." *Traditional Cat Ass'n, Inc. v. Gilbreath*, 118 Cal. App. 4th 392, 398 (2004). As set forth in Gibson Dunn's and USC's pending motions to dismiss, Plaintiff cannot meet his burden because all of his claims fail as a matter of law.

### 1.  Plaintiff's Claims Are Barred By The *Noerr-Pennington* Doctrine

The *Noerr-Pennington* doctrine—which "derives from the First Amendment's guarantee of 'the right of the people . . . to petition the Government for a redress of grievances,'" *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1007 (9th Cir. 2008) (*Noerr-Pennington* applies to state law tort claims); *OG Int'l, Ltd. v. Ubisoft Entm't*, No. C 11-04980 CRB, 2012 WL 4809174, at *2-3 (N.D. Cal. Oct. 9, 2012) (*Noerr-Pennington* applies to claims for intentional interference with contract);

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

Exhibit 1 - Page 24

1   *McFarlin v. Gormley*, No. CV-06-1594-HU, 2008 WL 410104, at \*10 (D. Or. Feb. 12,

2   2008) (same).

3        Under the doctrine, "those who petition any department of the government for

4   redress are generally immune from statutory liability for their petitioning conduct."

5   *Sosa*, 437 F.3d at 929. This includes "not only petitions sent directly to the court in the

6   course of litigation, but also 'conduct incidental to the prosecution of the suit[.]'" *Id.* at

7   934-35 (quoting *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc.*, 944

8   F.2d 1525, 1528-29 (9th Cir. 1991)). For example, it includes "representing a party in a

9   court proceeding . . . and filing papers with a court," *Rupert v. Bond*, 68 F. Supp. 3d

10  1142, 1156 (N.D. Cal. 2014), and it includes "communications between private parties

11  . . . so long as they are sufficiently related to petitioning activity," *Sosa*, 437 F.3d at 935,

12  such as presuit demand letters, *id.* at 936, and the decision whether to accept or reject an

13  offer of settlement, *see Columbia Pictures*, 944 F.2d at 1528-29.

14       Here, Plaintiff's state law claims against Gibson Dunn are based entirely on

15  petitioning activity. For instance, Plaintiff alleges that Gibson Dunn made "false"

16  statements in "pleadings," and "took [legal] position[s]" that somehow harmed him..

17  ECF 1 ¶¶ 211, 247. Likewise, Plaintiff alleges that he was somehow harmed by meet

18  and confer communication between him and Gibson Dunn. *Id.* ¶¶ 284, 313, 314, 317.

19  Each and every one of these filings and communications constitutes petitioning activity

20  and is therefore immune from liability under *Noerr-Pennington*. *See Sosa*, 437 F.3d at

21  935; *Columbia Pictures*, 944 F.2d at 1528-29; *Rupert*, 68 F. Supp. 3d at 1156.[1]

22  Obviously, if motion practice is protected petitioning activity, the required meet and

23  confer is protected. To suggest otherwise would turn our legal system on its

24  head. Attorneys meeting and conferring with a plaintiff who is representing himself or

25

26

27  [1] None of the filings or communications was objectively baseless. *See Freeman v.*
    *Lasky, Haas & Cohler*, 410 F.3d 1180, 1184-85 (9th Cir. 2005). Indeed, Plaintiff
28  implicitly admitted that USC's defenses were meritorious when he voluntarily
    dismissed his prior complaint and prior motion for a preliminary injunction.

Gibson, Dunn & Crutcher LLP

DEFENDANT GIBSON, DUNN & CRUTCHER LLP'S NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO STRIKE

Exhibit 1 - Page 25

herself should not have to live in fear being named as a defendant or called as a "witness" simply for doing their job in the case.

### 2.    Plaintiff's Claims Are Barred By The Litigation Privilege

California's litigation privilege provides absolute immunity for statements made in connection with a judicial proceeding. Cal. Civ. Code § 47(b); *Action Apartment Ass'n, Inc. v. City*, 41 Cal. 4th 1232, 1241 (2007). "The principal purpose of [the litigation privilege] is to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." *Silberg v. Anderson*, 50 Cal. 3d 205, 213 (1990) (internal citations omitted). In order to achieve this purpose, California courts have interpreted the privilege broadly. *Action Apartment*, 41 Cal. 4th at 1241-42. It applies to all torts except malicious prosecution, and applies to "any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved." *Silberg*, 50 Cal. 3d at 212. *See also Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (2006); *Oei v. N. Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1099 (C.D. Cal. 2006) ("claims for intentional infliction of emotion distress are subject to the litigation privilege"); *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1132 (1990) (litigation privilege extends to interference with contract claims).

Here, Plaintiff bases his Intentional Infliction of Emotional Distress ("IIED") and Intentional Interference with Contractual Relations claims on meet and confer communications and pleadings that Gibson Dunn filed on USC's behalf. ECF 1 ¶¶ 199-200, 211-212, 247; ECF 1-2 at 1. All of these things are protected by the litigation privilege. *See, e.g.*, *Fotohaus, LLC v. Proforma, Inc.*, No. 18-CV-01827-BLF, 2019 WL 1493355, at *3 (N.D. Cal. Apr. 4, 2019) (intentional interference claim based on filing a lawsuit and sending a cease and desist letter barred by the litigation privilege); *Moss v. Bank of New York Tr.*, No. C 10-01734 JSW, 2011 WL 13243802, at *3 (N.D. Cal.

14

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

Exhibit 1 - Page 26

Gibson, Dunn & Crutcher LLP

Oct. 13, 2011) (IIED claim based on "activities related to the unlawful detainer action in state court, including any filings" are "protected by the litigation privilege").[2] As such, both claims are barred by the litigation privilege. Accordingly, because the litigation privilege applies as a matter of law, Plaintiff cannot demonstrate a probability of prevailing on these claims. *See Seltzer v. Barnes*, 182 Cal. App. 4th 953, 972 (2010).

### 3. Plaintiff's IIED Claim Fails As A Matter of Law

A claim of IIED has three elements: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Simo v. Union of Needletrades*, 322 F.3d 602, 621–22 (9th Cir. 2003). Plaintiff cannot prove any of these elements.

First, none of the alleged conduct amounts to "extreme and outrageous conduct." To constitute "extreme and outrageous conduct," the defendant's conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id*. *See, e.g.*, *So v. Shin*, 212 Cal. App. 4th 652, 672–73 (2013) (forcing a hospitalized woman who recently suffered a miscarriage to look at what she believed to be her dismembered fetus was extreme and outrageous); *Kiseskey v. Carpenters' Trust for So. California*, 144 Cal. App. 3d 222, 229–30 (1983) (threats of personal harm, death, and harm to family if the plaintiff did not sign union agreement constituted outrageous conduct). Breaching a contract does not suffice. *See Reynolds v. Shure*, 148 F. Supp. 3d

---

[2] *See also Digerati Holdings, LLC v. Young Money Entm't, LLC*, 194 Cal. App. 4th 873, 889 (2011) ("the filing of an application for a temporary restraining order and a motion for preliminary injunction" was "protected by the litigation privilege"); *Rusheen*, 37 Cal. 4th at 1058 (the "filing of pleadings" is "protected by the litigation privilege"); *Chen v. Berenjian*, 33 Cal. App. 5th 811, 820 (2019) ("Pleadings . . . are considered privileged."); *Blanchard v. DirecTV*, 123 Cal. App. 4th 903, 919 (2004) (litigation privilege applies to demand letters and prelitigation communications); *Nguyen v. Proton Tech. Corp.*, 69 Cal. App. 4th 140, 147 (1999) (litigation privilege "applies to pre-litigation communications as well as those occurring during the course of actual litigation").

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

Exhibit 1 - Page 27

Gibson, Dunn & Crutcher LLP

928, 932 (E.D. Cal. 2015). Declining to engage in mediation or settlement discussions, or acquiescing to litigation demands does not suffice. ECF 1 ¶¶ 208–211; *Madrigal v. Allstate Indem. Co.*, No. CV 14-4242 SS, 2015 WL 12747906, at \*19 (C.D. Cal. Sept. 30, 2015) (failure to accept an offer of settlement not outrageous conduct); *Moss v. Bank of New York Tr.*, No. C 10-01734 JSW, 2011 WL 13243802, at \*3 (N.D. Cal. Oct. 13, 2011) (claim based on "activities related to the unlawful detainer action in state court, including any filings by the process server" are "protected by the litigation privilege"); *Chang v. Lederman*, 172 Cal. App. 4th 67, 86–88 (2009) (it was not extreme or outrageous conduct for attorney to direct a wife to vacate residence without notifying her of homestead rights, and was protected by litigation privilege). Not only does the claim fail on the merits, but it makes no sense. It cannot be the intentional infliction of emotional distress to move to dismiss a frivolous case, to oppose a frivolous motion for preliminary injunction, or to meet and confer in connection with such motion practice.

Second, there is no evidence that Gibson Dunn intended to cause, or recklessly disregarded the probability of causing, emotional distress. *See Hughes v. Pair*, 46 Cal. 4th 1035, 1040 (2009). None of the emails cited by Plaintiff support any such inference.

Third, Plaintiff cannot establish severe emotional distress. "Severe emotional distress [is] emotional distress of such substantial quantity or enduring quality that no reasonable [person] in a civilized society should be expected to endure it." *Wong v. Jing*, 189 Cal. App. 4th 1354, 1376 (2010) (citations and quotations omitted). Stress, discomfort, and anxiety do not constitute distress that no reasonable person should be expected to endure. *See Hughes*, 46 Cal. 4th at 1039 ("worry, anxiety, upset stomach, concern and agitation" are not severe emotional distress, even when they were the result of explicit and threatening comments and demands for sex).

Finally, Plaintiff cannot establish that Gibson Dunn's actions were the actual and proximate cause of his alleged distress. It was *Plaintiff's* failure to disclose his

16

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

Exhibit 1 - Page 28

Gibson, Dunn & Crutcher LLP

attendance at USC that led to the revocation of his license, not any action on the part of Gibson Dunn. *In re Jeffrey D. Isaacs M.D.*, Final Decision and Order, at 8–9.

### 4.    Plaintiff's Intentional Interference With Contractual Relations Claim Fails As A Matter of Law

Plaintiff's intentional interference with contractual relations claims fails because Gibson Dunn, as USC's agent, cannot be liable for interfering with a contract to which USC is a party. *See, e.g., Los Angeles Airways, Inc. v. Davis*, 687 F.2d 321, 325–26 (9th Cir. 1982) (holding that an attorney, acting in "his fiduciary capacity as an agent, officer or director" could claim "manager's privilege," which would allow the attorney to "counsel his principal to breach a contract that he reasonably believes to be harmful to his principal's best interests"); *Schick v. Lerner*, 193 Cal. App. 3d 1321, 1329 (1987) ("[A]bsent extraordinary circumstances, an attorney may not be held liable for urging a client to breach a contract with some third party.").[3]

The claim also fails because it makes no sense. In effect, Plaintiff is alleging that Gibson Dunn somehow "interfered" with his contracts with USC by enforcing USC's rights under the contracts. It cannot be interference with a contract to move to dismiss a frivolous case, to oppose a frivolous motion for preliminary injunction, or to meet and confer in connection with such motion practice. No case has ever held that such protected activity constitutes interference with the very contract being sued over.

### 5.    Plaintiff's Declaratory Judgment Claim Fails

Declaratory judgments are not a vehicle for "redress[ing] past wrongs." *Tatung Co. v. Shu Tze Hsu*, 43 F. Supp. 3d 1036, 1064 (C.D. Cal. 2014). Rather, they are "designed to resolve uncertainties and disputes that may result in future litigation" and

---

[3] *See also Kasei Pharma Corp. v. Actelion Ltd.*, 222 Cal. App. 4th 945, 963-64 (2013) ("'a stranger,' as used in *Applied Equipment*, means one who is not a party to the contract or an agent of a party to the contract"); *Mintz v. Blue Cross of Cal.*, 172 Cal. App. 4th 1594, 1604 (2009) ("[I]t is settled that 'corporate agents and employees acting for and on behalf of a corporation cannot be held liable for inducing a breach of the corporation's contract.'") (quoting *Shoemaker v. Myers*, 52 Cal. 3d 1, 24-25 (1990)).

17

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO STRIKE

Exhibit 1 - Page 29

1    operate "prospectively." *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 909

2    (2013). Here, Plaintiff seeks to redress an alleged breach that occurred, if at all, years

3    ago and to establish his "factual innocence" regarding events that, by his own admission,

4    occurred more than a decade ago. ECF 1 ¶¶ 184, 306. The claim also fails as to Gibson

5    Dunn because it is based entirely on the settlement agreements between USC and

6    Plaintiff. Because Gibson Dunn is not a party to these agreements, or any other

7    agreement with Plaintiff, this claim fails as against Gibson Dunn.

## V.    CONCLUSION

9        For the foregoing reasons, the Court should strike Plaintiff's claims against

10    Gibson Dunn.

12    Dated:  November 7, 2019              GIBSON, DUNN & CRUTCHER LLP

14                                          By:  ___/s/ James P. Fogelman___
15                                               James P. Fogelman
16                                          Attorney for Gibson, Dunn &
                                            Crutcher, LLP

DEFENDANT GIBSON, DUNN & CRUTCHER, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

Exhibit 1 - Page 30

Gibson, Dunn & Crutcher LLP