**AKERMAN LLP**
Kanika D. Corley (SBN 223607)
*kanika.corley@akerman.com*
601 W. Fifth Street, Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Lawrence M. Edelman (*Admitted pro hac vice*)
Assistant Attorney General
*Lawrence.Edelman@doj.nh.gov*
Civil Bureau
**N.H. Department of Justice**
33 Capitol Street
Concord, NH 03301-6397
Telephone: (603) 271-1418
Facsimile: (603) 271-2110

Attorneys for Defendant
NEW HAMPSHIRE BOARD OF MEDICINE

AKERMAN LLP
601 W. FIFTH STREET.SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

DR. JEFFREY ISAACS,

Plaintiffs,

v.

USC KECK SCHOOL OF MEDICINE, GEISEL SCHOOL OF MEDICINE AT DARTMOUTH, DARTMOUTH HITCHCOOK MEDICAL CENTER, NH BOARD OF MEDICINE, GIBSON DUNN & CRUTCHER, LLP, and JOHN or JANE DOE

Defendants.

CASE NO. 2:19-cv-08000-DSF-RAO
The Hon. Dale S. Fischer

**NEW HAMPSHIRE BOARD OF MEDICINE'S OBJECTION AND OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND STAY OF PROCEEDINGS**

Date: January 13, 2020
Time: 1:30 p.m.
Courtroom: 7D

Complaint Filed: September 16, 2019

/ / /

/ / /

/ / /

1. The Plaintiff, Dr. Jeffrey Isaacs ("Dr. Isaacs"), filed this latest of a raft of lawsuits on September 16, 2019, on the heels of his voluntary dismissal of *Isaacs v. Dartmouth Hitchcock Medical Center*, *et al*., Case No. 2:19-cv-02011-DSF-RAO (C.D. Cal.), and three weeks before the U.S. Supreme Court denied Dr. Isaacs' petition for writ of certiorari in *Isaacs v. Trustees of Dartmouth College*, *et al.*, Civil No. 17-cv-040-LM, 2018 WL 2225097 (D.N.H. May 15, 2018), *aff'd*, No. 18-1560 (1st Cir. Jan. 3, 2019), *cert. denied*, 140 S.Ct. 100 (Mem), 2019 WL 4921348 (Oct. 7, 2019).

2. On September 23, 2019, Dr. Isaacs filed a Motion for Preliminary Injunction (Dkt. No. 13), in which he sought an Order that would, among other things, (a) bind third parties, including the New Hampshire Board of Medicine (the "Board of Medicine"), to agreements between Dr. Isaacs and USC Keck School of Medicine ["Keck"], and (b) authorize Dr. Isaacs to "disavow" his medical school attendance and disciplinary record (read: perjure himself) in connection with prospective applications for medical licensure. *See* Proposed Order (Dkt. No. 13) at 28-29 of 31, ¶¶ 1, 8, 9.

3. The Board of Medicine opposed the Motion for Preliminary Injunction, stating, among other things, that the Eleventh Amendment left Dr. Isaacs with no reasonable likelihood of success on the merits, that Dr. Isaacs would suffer no irreparable harm in the absence of an injunction, as his authority to perjure himself before other states' licensing boards would not be enhanced thereby, and that the equities and public interest did not favor Dr. Isaacs' effort to conceal the subject information from the prospective licensing boards or the public. Defendant N.H. Board of Medicine's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Preliminary Injunction (Dkt. No. 27), *passim*. The Board of Medicine further stated that Dr. Isaacs' central argument – that his undisclosed attendance and discipline at Keck were, *by the force of his agreements with Keck*, so erased from history (read: reality) that misrepresentations, made under the penalty of perjury on an Application for Board licensure, were permissible – was without support in reason or law.

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

4. By Order (Dkt. No. 68) dated November 6, 2019 (the "November 6 Order"), the Court (Fischer, J.) denied Dr. Isaacs' Motion for Preliminary Injunction (Dkt. No. 13). The November 6 Order recited, in relevant part, that putting aside certain defenses,

> [Plaintiff] has simply not demonstrated any likelihood that he is correct on the merits of any of the claims in this case. Plaintiff's interpretation of the settlement agreements at issue appears to be erroneous, and there is no evidence that any party has violated either agreement as properly interpreted.
>
> Plaintiff also cannot demonstrate irreparable harm that would be prevented by an injunction. The details of Plaintiff's educational and licensing history are a matter of public record at this point due to Plaintiff's repeated public litigation in various courts around the country. Anyone interested in this history can find it easily through Google and Pacer.
>
> Neither the balance of equities nor the public interest weighs in favor of Plaintiff either. The proposed injunction seeks to prohibit innocent third-parties from discovering information about Plaintiff that is undisputedly both true and correct.

November 6 Order at 2.

5. Now, more than thirty (30) days later,[1] and faced with the pendency of five (5) motions to dismiss (Dkt. Nos. 29, 45, 58, 61, 72), Dr. Isaacs seeks *reconsideration* of the November 6 Order pursuant to L.R. 7-18 or, in the alternative, a *stay* of this action pending an appeal of the November 6 Order to the 9th Circuit Court of Appeals. Motion for Reconsideration or Stay of Proceedings (Dkt. No. 73), *passim*.

6. In the first instance, we briefly address the alternative relief – *i.e.*, the stay pending appeal – sought by Dr. Isaacs. "Orders of district courts granting or denying injunctions, including preliminary injunctions, may be appealed to the court of appeals *as of right*." *In re First Alliance Mortgage Company*, 269 B.R. 424, 427 n. 6 (C.D. Cal. 2001) (emphasis supplied), *citing* 28 U.S.C. § 1292(a)(1) ("[T]he courts of appeals shall

[1] Dr. Isaacs' Motion for Reconsideration or Stay of Proceedings (Dkt. No. 73) was filed on December 9, 2019.

AKERMAN LLP
601 W. FIFTH STREET.SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

have jurisdiction of appeals from … [i]nterlocutory orders of the district courts … refusing injunctions….”); *In re Mirzal*, 271 B.R. 647, 652 n. 4 (C.D. Cal. 2001); *see also*, *Marino v. Velez*, 406 Fed.Appx. 651, 653 (3d Cir. 2011). Rule 3(a)(1) of the Federal Rules of Appellate Procedure provides, in turn, that “[a]n appeal permitted by law *as of right* from a district court to a court of appeals may be taken only by filing a notice of appeal … within the time allowed by Rule 4” – *i.e.*, “**within 30 days** after entry of the … order appealed from.” Fed. R. App. Proc. 3(a)(1), 4(a)(1)(A) (emphasis supplied); *Slaughter v. Allstate Ins. Co.*, 803 F.2d 857, 859-60 (5th Cir. 1986). “That time limit is jurisdictional.” *Id*. As the U.S. Supreme Court has noted,

> preliminary injunctions are … appealable as of right, *see* 28 U.S.C. § 1292(a)(1), and the timely filing requirements of Federal Rules of Appellate Procedure 4 and 26(b) squarely cover such appeals.

*El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 482 (1999). As Dr. Isaacs cannot now appeal the November 6 Order, he can hardly be heard to request a stay *pending appeal*.

7. Next, we turn to Dr. Isaacs’ request for *reconsideration* pursuant to L.R. 7-18, which sets forth the *exclusive* grounds therefor in the Central District. *Rockefeller v. Perkins Coie LLP*, No. 2:09-cv-04675-SVW-FFM, 2019 WL 1034316, at *1 (C.D. Cal. Jan. 31, 2019). The local rule states as follows:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Simply put, “[r]econsideration of a previous order is an ‘extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.’” *Reese v. Verizon California, Inc.*, Case No. CV 11-01934 (SJO (JEMx), 2011 WL 13193419,

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

at *2 (C.D. Cal. Sept. 21, 2011), *quoting Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). It "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945 (9th Cir. 2003).

8. A review of Dr. Isaacs' Motion for Reconsideration discloses that *none* of the clearly stated grounds for reconsideration, under L.R. 7-18, appears therein. A more-of-the-same pleading is simply not availing under the local rule.

9. Further, Dr. Isaacs' assertion, set forth in paragraph 14 of the Motion – that users of PACER are bound to honor, observe and conform their conduct to its content, here a private agreement between parties[2] – is noteworthy only for the lack of authority advanced in its support.

10. In addition, Dr. Isaacs' Motion offers up purported **facts** that, contrary to L.R. 7-6 [Evidence on Motions], are not supported by an accompanying declaration.

11. Finally, "although L.R. 7-18 does not specify a time period within which a party may seek reconsideration, courts have interpreted the rule as 'providing for a reasonable time within which to seek reconsideration.'" *Rockefeller*, No. 2:09-cv-04675-SVW-FFM, 2019 WL 1034316, at *2, *quoting Meredith v. Erath*, No. 99CV13100, 2001 WL 1729626, at *1 (C.D. Cal. Sept. 19, 2001). Dr. Isaacs declares that "the injury [suffered] by not granting the injunction is **immediate** and **continuous**[;] his age and the gap in his medical experience makes the pursuit of

[2] Paragraph 14 of the Motion for Reconsideration (Dkt. No. 73) recites:

> The Court has concerned (sic) that third parties can find Plaintiff's educational history 'easily through PACER.' But Plaintiff is not seeking, at least this time, to prevent dissemination of his prior academic documents through PACER. The vast majority of lawsuit on PACER contain contested facts. A third party is certainly entitled to review the contested facts. But in this case, it is the final legal outcome of those contestations that matter. Because Dougherty amended Plaintiff's Keck records, a party using PACER must respect that final outcome of sealing annulment (sic), the same way a PACER user must respect all other factual renderings spanning from annulled traffic violations to marriages. Every day, courts determine facts that third parties must accept as true. It is unclear why this case, involving academic records, should differ.





AKERMAN LLP
601 W. FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

becoming a Doctor less and less realistic **daily**." Motion for Reconsideration or Stay of Proceedings (Dkt. No. 73) ¶ 16 (emphasis supplied). Under the circumstances, as represented, waiting thirty-three (33) days to seek reconsideration of the November 6 Order that denied Dr. Isaacs the relief he sought is *not* reasonable.

12. The "Motion for Reconsideration or Stay of Proceedings" (Dkt. No. 73) should properly be denied.

DATED: December 13, 2019

Respectfully submitted,

**AKERMAN LLP**

By: /s/ *Kanika D. Corley*
Kanika D. Corley
Attorneys for Defendant
NEW HAMPSHIRE BOARD OF MEDICINE

Lawrence M. Edelman (*Admitted pro hac vice*)
Assistant Attorney General
Civil Bureau
N.H. Department of Justice
Attorneys for Defendant
NEW HAMPSHIRE BOARD OF MEDICINE

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342