Gmail

Jeffrey D I <jeffreydi@gmail.com>

## RE: Pending Board matter
1 message

**Cahill, Jeffrey** <Jeff.Cahill@doj.nh.gov>  Wed, Jul 24, 2013 at 6:32 PM
To: JDI <jeffreydi@gmail.com>

Thank you for the additional information in your email below.  Based on
your additional feedback, I would like to again suggest the possibility
of a voluntary surrender.  In that document you would not admit to any
wrongdoing and it could include an affirmative statement that you did
not disclose the attendance because of your honest belief and conclusion
that it was not required.  In short, it could reiterate your current
position.  The document would probably need to contain the date range
that you attended USC but it would not contain any facts related to the
reason you stopped attending.  Such a document, if drafted to meet your
approval, would be submitted to end the Board matter, but I don't
believe it would conflict with the position you are currently taking in
your pending litigation.

The voluntary surrender option I am proposing is based on a Board rule.
Under that rule, if a licensee elects to surrender a license while a
misconduct allegation is pending, the surrender document must contain
certain language.  I am attaching both the Board Rule and a recent
example of the Board accepting a voluntary surrender.

Let me know if you would like to at least review a draft voluntary
surrender.



Jeffrey S. Cahill
Senior Assistant Attorney General
Office of the Attorney General
33 Capitol Street
Concord, NH  03301
(603) 271-1274
Fax (603) 223-6272



-----Original Message-----
From: JDI [mailto:jeffreydi@gmail.com]
Sent: Wednesday, July 24, 2013 4:13 PM
To: Cahill, Jeffrey
Subject: Re: Pending Board matter

Dear Senior Assistant Attorney General Cahill,

I will be momentarily forwarding you the full documents from ERAS. But
basically, they agreed after reading Payne's affidavit and reviewing the
settlement terms with me over the phone. As you understand, I can't

speak for them beyond attesting that they investigated and dropped the
matter, and they did not issue and sort of "Legal Opinion"
because they outright dropped the investigation.

I do not have any further documentation from Attorney Payne. He did not
represent me at the actual time of settlement, but discussed this matter
with me and my family informally after the settlement.

From my perspective, the problem with accepting a reprimand is that it
basically forces me to retract my beliefs- all four pages that I wrote
to your Office. I just don't feel comfortable with doing this.
Moreover, my personal belief is that the underlying stigma of
claims/controversies made at USC that is why I am being haunted and
pursued by this matter eight years later, not the mere enrollment.

While it would be tempting to resolve this matter by admitting
carelessness, the fact is I thought about these applications --
anguished for years over the USC matter - and ultimately and
purposefully made my best opinion as to the law and acted accordingly.
Hence, it would be dishonest to admit to carelessness or mistake.
Should the Board proceed with a hearing, I would not have much more to
add, in terms of facts and beliefs, than the four pages I sent you
today.

Regards,
Jeffrey Isaacs


On Wed, Jul 24, 2013 at 3:51 PM, Cahill, Jeffrey
<Jeff.Cahill@doj.nh.gov> wrote:
> Senior Assistant Attorney General Cahill,

---

**2 attachments**


**rosenj_vs_5-3-13.pdf**
139K


**Board Rule.doc**
26K

 Jeffrey D I <jeffreydi@gmail.com>

# RE: Pending Board matter
1 message

**Cahill, Jeffrey** <Jeff.Cahill@doj.nh.gov>  Wed, Jul 24, 2013 at 3:51 PM
To: JDI <jeffreydi@gmail.com>

Dr. Isaacs,

Thank you for the additional information.  After reading your response,
I just want to make clear that the focus of the Board matter is whether
you should be disciplined for allegedly failing to accurately fill out
your NH Training License Application in April of 2011.  I have attached
a copy of the Application.  Further, as I said to you on the phone
yesterday, I would support a settlement in which the only discipline was
a Reprimand, which is the lowest form of discipline.  I do not believe
your alleged conduct (omitting your USC attendance from the application)
warrants revocation of your training license.  What I discussed with you
yesterday was the option of you voluntarily surrendering your license
(with no admission of liability) as one means of concluding the case.

With regard to the communications you have from AAMC, rather than
providing me with excerpts of those communications, can you provide
copies of the actual email or other documents you received?  Also, other
than Payne's affidavit, do you have any written communications from any
lawyer that show the legal advice you received before April of 2011
concerning disclosing your attendance at USC.  Such evidence might be
relevant to your state of mind when you completed the application.

Finally, contrary to what you may currently believe, I do not believe
the underlying facts of the USC dispute are relevant to the Board's
case.  What is relevant is your attendance at the school for a period of
time and your subsequent failure to disclose it on your NH application.
The reasons you did not disclose it would be relevant to your defense.
The alleged facts that prompted your dismissal from USC and that
provided the basis for your 2006 lawsuit would not be relevant and are
beyond the scope of the Board's case.


Jeffrey S. Cahill
Senior Assistant Attorney General
Office of the Attorney General
33 Capitol Street
Concord, NH  03301
(603) 271-1274
Fax (603) 223-6272


-----Original Message-----
From: JDI [mailto:jeffreydi@gmail.com]
Sent: Wednesday, July 24, 2013 2:02 PM



Jeffrey D I <jeffreydi@gmail.com>

# Re: Update - NH Board Investigation Status
1 message

---

**Jeffrey D. Isaacs** <jeffrey.isaacs.wg03@wharton.upenn.edu>  Tue, Sep 3, 2013 at 2:14 PM
To: "Cahill, Jeffrey" <Jeff.Cahill@doj.nh.gov>
Bcc: "wlisaacs@aol.com" <wlisaacs@aol.com>

Attached is the first settlement with USC (settled 1 year prior to the second settlement I sent you last month), which sealed the USC disciplinary records. As you will see, the only consideration involved in this settlement contract was the sealing of disciplinary records. As such, I believe only an immaterial enrollment contract existed after this first settlement - and thus Finn & Bertrand needed to say they fired me because of Arizona, which was a fraudulent report to the NH Board of Medicine.

On Tue, Sep 3, 2013 at 1:57 PM, Jeffrey D. Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu> wrote:
> Thank you for the update. It is correct that I have not been licensed or been practicing medicine since I left Dartmouth. I believe that by terminating me for purported fraud, Dartmouth has left me unemployable in medicine and many other careers. Just last week, Dartmouth declared in Court that Dean Bertrand did not see the entire page about Arizona on the NH Board application he signed in May 2011. Likewise, Finn declared the same a year ago at the NHES tribunal. I received notice that the NH Attorney General Fraud office will not be investigating the matter. I remain disappointed that the NH Board of Medicine is holding proof of Bertrand & Finn's fraud (I don't believe it plausible that neither read the application they signed; moreover, I know the abuse I was subjected to) and has not carried out the same lengthy investigation of Bertrand & Finn that they have subjected me to, over sealed disciplinary records. I realize this is not your department or decision, but nonetheless I feel the matters are inextricably related so I must reiterate my beliefs about the entire issue.
>
> Regards,
> Jeffrey Isaacs
>
>
> On Tue, Sep 3, 2013 at 10:15 AM, Cahill, Jeffrey <Jeff.Cahill@doj.nh.gov> wrote:
>> The report on your case will be on the Board agenda for October 2. At that time, it will be decided whether the matter should proceed to a hearing. I will keep you posted.
>>
>>
>> Am I correct that you have not practiced medicine in any capacity since leaving DHMC and that you are not licensed in any state or territory?
>>
>>
>> Jeffrey S. Cahill
>>
>> Senior Assistant Attorney General
>>
>> Office of the Attorney General
>>
>> 33 Capitol Street

Concord, NH 03301

(603) 271-1274

Fax (603) 223-6272

---

**From:** Cahill, Jeffrey
**Sent:** Friday, August 30, 2013 3:53 PM
**To:** 'Jeffrey D. Isaacs'
**Subject:** RE: NH Board Investigation Status

The Board has the completed investigation report, including the ERAS information you provided to me. The Board meets next Wednesday and may review the matter. If not, it will be at their October 2 meeting.

Jeffrey S. Cahill

Senior Assistant Attorney General

Office of the Attorney General

33 Capitol Street

Concord, NH 03301

(603) 271-1274

Fax (603) 223-6272

---

**From:** jeffreydi@gmail.com [mailto:jeffreydi@gmail.com] **On Behalf Of** Jeffrey D. Isaacs
**Sent:** Thursday, August 29, 2013 5:18 PM
**To:** Cahill, Jeffrey
**Subject:** NH Board Investigation Status

Dear Attorney General Cahill:

I was wondering if you have any status updates from the NH Board regarding the investigation of my board application from April 2011? As I have been under investigation now for 14 months or so, I would appreciate any finality to the matter as soon as possible.

Best regards,

Jeffrey Isaacs

📕 **jdiSettlement.pdf**
52K