James P. Fogelman, SBN 161584
Shannon E. Mader, SBN 235271
Katarzyna Ryzewska, SBN 300386
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
JFogelman@gibsondunn.com
SMader@gibsondunn.com
KRyzewska@gibsondunn.com

Attorneys for Defendant
USC Keck School of Medicine

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. JEFFREY ISAACS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>USC KECK SCHOOL OF MEDICINE. GIESEL SCHOOL OF MEDICINE AT DARTMOUTH, DARTMOUTH HITCHCOCK MEDICAL CENTER, NH BOARD OF MEDICINE, GIBSON, DUNN & CRUTCHER, LLP and JOHN or JANE DOE,<br><br>　　　　Defendants. | CASE NO. 2:19-CV-08000-DSF-RAO<br><br>**DEFENDANT USC KECK SCHOOL OF MEDICINE'S JOINDER AND REPLY IN SUPPORT OF ITS MOTION TO STRIKE**<br><br>**Hearing**<br>Date:　　February 3, 2020<br>Time:　　1:30 PM<br>Location:　Courtroom 7D<br>Judge:　　Hon. Dale S. Fischer |

## I. INTRODUCTION

Defendant USC Keck School of Medicine ("USC") joins in Defendant Gibson, Dunn & Crutcher, LLP's ("Gibson Dunn") Reply in Support of its Motion to Strike Plaintiff's Complaint, and separately submits this Reply in Support of USC's Motion to Strike Plaintiff's Complaint. As set forth in Gibson Dunn's Reply, Plaintiff's Opposition only confirms that Plaintiff's Complaint against USC and Gibson Dunn is a meritless SLAPP suit brought solely to harass USC and Gibson Dunn for defending against Plaintiff's frivolous claims.

Like his claims against Gibson Dunn, Plaintiff cannot genuinely dispute that his claims against USC are based in part upon USC's litigation conduct in Plaintiff's prior failed action. *See Isaacs v. DHMC et al.*, No. 2:19-CV-02011-DSF-RAO (C.D. Cal. 2019) (the "Prior Action"). And just like his claims against Gibson Dunn, Plaintiff's claims against USC fail as a matter of law. Plaintiff's claims for IIED, Breach of Contract, and Declaratory Judgment are barred by *Noerr-Pennington* and California's litigation privilege. Plaintiff's claim for Breach of Contract is time-barred. Plaintiff's claims for IIED and Breach of Contract fail on the merits. And his claim for Declaratory Judgment fails because there is no live controversy. The claims against USC should be stricken and USC should be awarded attorneys' fees and costs pursuant to California's anti-SLAPP law's mandatory attorneys' fees provision for prevailing defendants.

## II. ARGUMENT

### A. The Anti-SLAPP Statute Applies In Federal Court

As explained in Gibson Dunn's Reply, the Ninth Circuit has repeatedly rejected Plaintiff's suggestion that anti-SLAPP motions are "inappropriate" in federal court. Gibson Dunn Reply, at 2.

### B. Plaintiff's Claims Against USC are Based on Petitioning Activity

As explained in Gibson Dunn's Reply, Plaintiff cannot dispute that his claims against USC are based in part on "statements made in connection with or in preparation of litigation." *Kolar v. Donahue, McIntosh & Hammerton*, 145 Cal. App. 4th 1532, 1537

(2006); Gibson Dunn Reply, at 2-3. Plaintiff's claims for Breach of Contract, IIED, and Declaratory Judgment are expressly based on USC's refusal to mediate, the motion to dismiss filed by Gibson Dunn on behalf of USC, and the August 3, 2019 meet and confer communications. *See* ECF 1 ¶¶ 184(v), 199-200, 209-212.

### C. Plaintiff's Claims Against USC Fail As A Matter Of Law

#### 1. The State Law Claims Are Barred By *Noerr-Pennington*

As explained in Gibson Dunn's Reply, Plaintiff's state law claims are barred by *Noerr-Pennington*. Gibson Dunn Reply, at 3-4. Plaintiff's claims rely, in whole or in part, on protected petitioning activity. As explained above, each of the state law claims brought against USC by the Plaintiff is based on USC's refusal to mediate, the motion to dismiss filed by Gibson Dunn on behalf of USC, and the August 3, 2019 meet and confer communications. *See* ECF 1 ¶¶ 184(v), 199-200, 209-212.

#### 2. The State Law Claims Are Barred By The Litigation Privilege

For the reasons outlined in Gibson Dunn's Reply, Plaintiff's state law claims are barred by the litigation privilege. Gibson Dunn Reply, at 4.

#### 3. Plaintiff's Breach of Contract Claim Fails

As set forth in USC's Motion to Strike, Motion to Dismiss, and Reply in Support of the Motion to Dismiss, Plaintiff cannot prevail on his breach of contract claim. ECF 67, at 4-5; 45, at 20-21; USC Reply in Support of Motion to Dismiss Plaintiff's Complaint, at 6-7.

#### 4. Plaintiff's IIED Claim Fails As A Matter Of Law

As set forth in USC's Motion to Strike, Motion to Dismiss, and Reply in Support of the Motion to Dismiss, as well as Gibson Dunn's Motion to Strike, Plaintiff cannot prevail on his IIED claims. ECF 67, at 5; 45, at 34-35; USC Reply in Support of Motion to Dismiss Plaintiff's Complaint, at 7-8; ECF 70-1, at 26-27.

#### 5. Plaintiff's Declaratory Judgment Claim Fails

As set forth in USC's Motion to Strike, Motion to Dismiss, and Reply in Support of the Motion to Dismiss, as well as Gibson Dunn's Motion to Strike, Plaintiff cannot

prevail on his declaratory judgment claim because Plaintiff seeks to redress past wrongs. ECF 67, at 8; 45, at 25; USC Reply in Support of Motion to Dismiss Plaintiff's Complaint, at 9-10; ECF 70-1, at 28-29.

### D. Plaintiff's Request for Leave to Amend Should be Denied

For the reasons stated in Gibson Dunn's Reply, Plaintiff's request for leave to amend his Complaint to "state his claim more precisely" should be denied. ECF 80, at 1; Gibson Dunn Reply, at 5-6. Any amendment would be futile and would only cause further delay. Plaintiff's meritless claims should be promptly dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court requests that the Court grant USC's Motion to Strike and award attorneys' fees and costs pursuant to California's anti-SLAPP law's mandatory attorneys' fees provision for prevailing defendants, which shall be subject to further briefing in the event USC and Gibson Dunn's anti-SLAPP motions are granted..

Dated: January 18, 2020            GIBSON, DUNN & CRUTCHER LLP

By:  */s/ James P. Fogelman*
     James P. Fogelman

Attorney for USC Keck School of Medicine