James P. Fogelman, SBN 161584
Shannon E. Mader, SBN 235271
Katarzyna Ryzewska, SBN 300386
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
JFogelman@gibsondunn.com
SMader@gibsondunn.com
KRyzewska@gibsondunn.com

Attorneys for Defendant
Gibson, Dunn & Crutcher LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. JEFFREY ISAACS,<br><br>           Plaintiff,<br><br>   v.<br><br>USC KECK SCHOOL OF MEDICINE. GIESEL SCHOOL OF MEDICINE AT DARTMOUTH, DARTMOUTH HITCHCOCK MEDICAL CENTER, NH BOARD OF MEDICINE, GIBSON, DUNN & CRUTCHER LLP and JOHN or JANE DOE,<br><br>           Defendants. | CASE NO. 2:19-CV-08000-DSF-RAO<br><br>**DEFENDANT GIBSON, DUNN & CRUTCHER LLP'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE**<br><br>**Hearing**<br>Date:     February 3, 2020<br>Time:     1:30 PM<br>Location: Courtroom 7D<br>Judge:   Hon. Dale S. Fischer |

## I. INTRODUCTION

Plaintiff's Opposition only confirms that Plaintiff's Complaint against Gibson Dunn is a meritless SLAPP lawsuit brought solely to harass Gibson Dunn for having represented its client, Defendant USC Keck School of Medicine ("USC"). Plaintiff cannot genuinely dispute that his claims against Gibson Dunn are based on Gibson Dunn's defense of USC in Plaintiff's prior failed action. *See Isaacs v. DHMC et al.*, No. 2:19-CV-02011-DSF-RAO (C.D. Cal. 2019) (the "Prior Action"). Plaintiff's suggestion that the "crux" of his claim is the so-called "Lifetime Ban" is patently absurd and contrary to Plaintiff's own allegations and the evidence. Plaintiff expressly alleges that Gibson Dunn filed "false or misleading legal pleadings" and "took position[s]" in the Prior Action that somehow harmed him. ECF 1 ¶¶ 211, 247. And the email exchange between Plaintiff and Gibson Dunn demonstrates that Plaintiff is seeking to hold Gibson Dunn liable simply for disagreeing with the substance of Plaintiff's threatened motion to seek access to USC's campus for the purpose of filing a purported "police report." ECF 66-1, Ex. 24 at 254–55; ECF 80-1, Ex. A. Indeed, Plaintiff's counsel's breathtaking admission that he decided to keep Gibson Dunn in this lawsuit only because Gibson Dunn "refused" to blame its client for the so-called Lifetime Ban only confirms that Plaintiff's Complaint is nothing more than an improper attempt to drive a wedge between USC and its counsel of choice. ECF 80-2 ¶¶ 3–5. Simply put, Gibson Dunn has satisfied its burden of establishing that Plaintiff's claims are based on petitioning activity protected by the anti-SLAPP statute. *See, e.g.*, Cal. Civ. Proc. Code § 425.16(b)(1); *Fox Searchlight Pictures, Inc. v. Paladino*, 89 Cal. App. 4th 294, 307 (2001).

The only remaining issue is whether Plaintiff has established "a probability that [he] will prevail on [his] claim[s]." Cal. Civ. Proc. Code § 425.16(b)(1); *Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 61 (2002). To meet his burden, Plaintiff was obligated to come forward with admissible evidence "that, if believed by the trier of fact, would be sufficient to support a judgment in [their] favor." *Plumley v. Mocket*, 165 Cal. App. 4th 1031, 1047 (2008). Plaintiff has utterly failed to do so. Plaintiff has

offered ***no*** evidence to support his meritless claims, nor could he because those claims fail as a matter of law.

In denying Plaintiff's motion for a preliminary injunction, this Court held that Plaintiff "has simply not demonstrated any likelihood that he is correct on the merits of any the claims in this case." ECF 68, at 2. Because Plaintiff, once again, has failed to demonstrate the likelihood of success on the merits, the Court should grant the anti-SLAPP motion and dismiss Plaintiff's state law claims against Gibson Dunn.

## II.  ARGUMENT

### A.  The Anti-SLAPP Statute Applies In Federal Court

The Ninth Circuit has repeatedly rejected Plaintiff's suggestion that anti-SLAPP motions are "inappropriate" in federal court. ECF 80, at 5. In *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963 (9th Cir. 1999), the Ninth Circuit squarely held that there is no "direct collision" between Federal Rules of Civil Procedure 8, 12, and 56, and the motion to strike, with its corresponding attorneys' fees provisions, because each "can exist side by side . . . each controlling its own intended sphere of coverage without conflict." *Id.* at 972 (internal quotations omitted). In *Makaeff v. Trump University, LLC*, 736 F.3d 1180 (9th Cir. 2013), the Ninth Circuit expressly reaffirmed *Newsham*, holding that it was "correctly decided." *Id.* at 1181. Plaintiff's procedural objections to Gibson Dunn's Motion are without merit.

### B.  Plaintiff's Claims Against Gibson Dunn Are Based On Petitioning Activity

Plaintiff cannot dispute that his claims against Gibson Dunn are based on "statements made in connection with or in preparation of litigation." *Kolar v. Donahue, McIntosh & Hammerton*, 145 Cal. App. 4th 1532, 1537 (2006). Plaintiff's claims for Intentional Infliction of Emotion Distress, Intentional Interference with Contractual Relations, and Declaratory Judgment are expressly based on the motion to dismiss filed by Gibson Dunn and the August 3, 2019 meet and confer communications in the Prior

Action. *See* ECF 1 ¶¶ 185(v), 211, 212, 247. Plaintiff makes no meaningful effort to show otherwise.[1]

## C. Plaintiff's Claims Against Gibson Dunn Fail As A Matter Of Law

### 1. The State Law Claims Are Barred By *Noerr-Pennington*

Plaintiff's sole argument against the application of *Noerr-Pennington* is that "[p]urely private agreements between private parties are not subject to *Noerr* immunity." ECF 80, at 8. But Plaintiff is not basing his claims against Gibson Dunn on a "private agreement" between Gibson Dunn and Plaintiff. Indeed, Gibson Dunn is not a party to *any* agreement with Plaintiff. Rather, Plaintiff is basing his claims on allegedly "false or misleading legal pleadings" filed by Gibson Dunn in the Prior Action, and statements allegedly made by Gibson Dunn during the August 3, 2019 meet and confer communications in the Prior Action. *See* ECF 1 ¶¶ 184(v), 211, 212, 247. *See also* ECF 70-1, Ex. 24, pp. 254–57; ECF 80-1, Ex. A. Those filings and statements were made during the course of Plaintiff's lawsuit against USC and are therefore protected by *Noerr-Pennington*. *See, e.g.*, *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184 (9th Cir. 2005) (holding that *Noerr-Pennington* applies to defensive pleadings "because asking a court to deny one's opponents' petition is also a form of petition"); *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Inv'rs, Inc.*, 944 F.2d 1525, 1528 (9th Cir. 1991) (holding that *Noerr-Pennington* protects "conduct incidental to the prosecution of the suit"); *Gamble v. Kaiser Found. Health Plan, Inc.*, 348 F. Supp. 3d 1003, 1027 (N.D. Cal. 2018) (holding that *Noerr-Pennington* "bars claims based upon decisions to accept

---

[1] Plaintiff bizarrely suggests that his Declaratory Judgment claim is a federal law claim and therefore not subject to the anti-SLAPP statute. ECF 80, at 10. But Count I does not reference any federal statute. ECF 1 ¶¶ 182–84. Rather, it references the settlement agreements between USC and Plaintiff and the Uniform Declaratory Judgment Act—none of which creates a federal cause of action. *Id.* at ¶¶ 183–84. Indeed, it is well established that the federal Declaratory Judgment Act (which Plaintiff does not cite) "does not create new substantive rights, but merely expands the remedies available in federal courts." *Shell Gulf of Mexico Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014). *See also Pettit v. Fed. Nat. Mortg. Ass'n*, No. 2-11-CV-00149-JAD, 2014 WL 584876, at *4 (D. Nev. Feb. 11, 2014) ("[A] 'claim' for declaratory relief is not a substantive cause of action at all; it is merely a prayer for a remedy.").

or reject a settlement, settlement demands, and discovery misconduct"); *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1156–57 (N.D. Cal. 2014) (holding that "protected petitioning activity includes representing a party in a court proceeding—either in bringing suit or defending against a suit brought by another party—and filing papers with a court").

### 2. The State Law Claims Are Barred By The Litigation Privilege

Plaintiff sole argument against the application of the litigation privilege is that Gibson Dunn's "communications" with Plaintiff in the Prior Action "are not the basis of Plaintiff's claim[s]" but are merely "evidence of the Lifetime Ban." ECF 80, at 8. This is a distinction without a difference. Plaintiff is alleging that he was harmed by "act[s] that [were] communicative in [their] essential nature." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1058 (2006). Specifically, he is alleging that he was harmed by purportedly "false or misleading legal pleadings" filed by Gibson Dunn and statements allegedly made by Gibson Dunn during the August 3, 2019 meet and confer communications in the Prior Action. *See* ECF 1 ¶¶ 184(v), 211, 212, 247. *See also* ECF 66-1, Ex. 24, at 254–57; ECF 80-1, Ex. A. Such activity is unquestionably protected by the litigation privilege. *See, e.g.*, *Rusheen*, 37 Cal. 4th at 1058 (holding that the "filing of pleadings" is communicative conduct protected by the litigation privilege); *Navellier v. Sletten*, 106 Cal. App. 4th 763, 770 (2003) ("Pleadings and process in a case are generally viewed as privileged communications."); *Atmel Corp. v. St. Paul Fire & Marine Ins. Co.*, 421 F. Supp. 2d 1265, 1273 (N.D. Cal. 2006) (holding that "statements of counsel during a meet and confer are privileged litigation communications").

### 3. Plaintiff's IIED Claim Fails As A Matter Of Law

As set forth in Gibson Dunn's Motion, Plaintiff has failed to plead the elements of a claim for intentional infliction of emotional distress—i.e., that Gibson Dunn's alleged conduct amounts to "extreme and outrageous conduct," that Gibson Dunn intended to cause, or recklessly disregarded the probability of causing, emotional distress, that Plaintiff suffered severe emotional distress, and that Gibson Dunn's actions

were the actual and proximate cause of his alleged distress. ECF 70-1, at 15–17. Plaintiff's Opposition does not even attempt to respond to these arguments.

### 4. Plaintiff's Intentional Interference With Contractual Relations Claim Fails As A Matter Of Law

As set forth in Gibson Dunn's Motion, Plaintiff's intentional interference with contractual relations claim fails because Gibson Dunn, as USC's agent, cannot be liable for interfering with a contract to which USC is a party, and because none of Gibson Dunn's alleged actions—moving to dismiss a frivolous complaint, opposing a frivolous preliminary injunction motion, and meeting and conferring in connection with such motion practice—reasonably can be construed to constitute actionable interference. ECF 70-1, at 17. Plaintiff's Opposition does not even attempt to respond to these arguments.

### 5. Plaintiff's Declaratory Judgment Claim Fails

As set forth in Gibson Dunn's Motion, Plaintiff's declaratory judgment claim fails because Gibson Dunn is not a party to the settlement agreements between USC and Plaintiff, and because Plaintiff seeks to redress past wrongs. ECF 70-1, at 17–18. Plaintiff's Opposition does not even attempt to respond to these arguments.

## D. Plaintiff's Request for Leave to Amend Should be Denied

Plaintiff's request for leave to amend his Complaint to "state his claim more precisely" should be denied. ECF 80, at 1. First, any amendment would be futile. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). Any new claims, or any attempt to "state" Plaintiff's existing claims "more precisely," would fail for the reasons set forth in USC's and Gibson Dunn's pending Motions to Dismiss. *See* ECF 45; ECF 61. Indeed, Plaintiff has not even attempted to explain how the defects identified by USC and Gibson Dunn could be corrected. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013). Second, the request for leave to amend is nothing more than a bad faith attempt to delay resolution of this case. *See Leitner v. Sadhana Temple of New York, Inc.*, No. CV 13-07902, 2014 WL 12591666 at * 4 (C.D. Cal. May 8, 2014) ("A party acts in bad faith when it seeks to amend its pleadings solely for a

'wrongful motive' such as unnecessary delay or harassment.") (internal quotations omitted). Plaintiff has filed three separate complaints to date—none of which remotely cured the myriad defects in Plaintiff's prior complaints. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (internal quotations omitted). Finally, Plaintiff has not filed the required proposed amended pleading with his request for leave to amend. L.R. 15-1.

### III.  CONCLUSION

For the foregoing reasons, Gibson Dunn requests that the Court grant the Motion.

Dated: January 18, 2020                    GIBSON, DUNN & CRUTCHER LLP

By:  */s/ James P. Fogelman*
           James P. Fogelman

Attorney for Gibson, Dunn & Crutcher, LLP