James P. Fogelman, SBN 161584
Shannon E. Mader, SBN 235271
Katarzyna Ryzewska, SBN 300386
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
  Los Angeles, California 90071-3197
Telephone: (213) 229-7000
  Facsimile: (213) 229-7520
JFogelman@gibsondunn.com
SMader@gibsondunn.com
KRyzewska@gibsondunn.com

Attorneys for Defendant
USC Keck School of Medicine

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. JEFFREY ISAACS,<br><br>Plaintiff,<br><br>v.<br><br>USC KECK SCHOOL OF MEDICINE. GIESEL SCHOOL OF MEDICINE AT DARTMOUTH, DARTMOUTH HITCHCOCK MEDICAL CENTER, NH BOARD OF MEDICINE, GIBSON, DUNN & CRUTCHER, LLP and JOHN or JANE DOE,<br><br>Defendants. | CASE NO. 2:19-CV-08000-DSF-RAO<br><br>**DEFENDANT USC KECK SCHOOL OF MEDICINE'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>[Declarations of James P. Fogelman, Shannon Mader, and Katarzyna Ryzewska and Proposed Order Filed Concurrently herewith]<br><br>**Hearing**<br>Date:       March 30, 2020<br>Time:       1:30 PM<br>Location:  Courtroom 7D<br>Judge:     Hon. Dale S. Fischer |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 30, 2020, at 1:30 p.m. in Courtroom 7D of the United States District Court for the Central District of California at First Street Courthouse, 350 West 1st Street, Los Angeles, California Defendant USC Keck School of Medicine ("USC") will and hereby does move this Court, pursuant to Rules 41(d) and 54(d)(2) of the Federal Rules of Civil Procedure, Central District of California Local Rules 54-2 and 54-7, and California Civil Code § 1717, to recover the attorney's fees and costs it incurred in successfully defending against Plaintiff's claims in the instant action and the prior action that he filed and dismissed. *Isaacs v. DHMC et al.*, No. 2:19-CV-02011-DSF-RAO (C.D. Cal. 2019) ("Prior Action").

This Motion is made on the grounds that USC is the prevailing party in this and the Prior Action, and because under a settlement agreement entered into by USC and the Plaintiff, USC is entitled to recover its attorney's fees and costs in the event Plaintiff files a lawsuit based on events predating the agreement.

This Motion is based on this Notice of Motion and Motion; the Declarations of Declaration of James P. Fogelman, Shannon Mader and Katarzyna Ryzewska; the complete files and records in this action; and on such further evidence and argument that is presented prior to or at hearing on this matter.

DEFENDANT USC KECK SCHOOL OF MEDICINE'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS'
FEES AND COSTS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**RELIEF SOUGHT**

USC respectfully requests that this Court award attorney's fees in the amount of $182,925.97 and costs in the amount of $1,009.32 in costs, as well as any fees and costs incurred in the preparation of this Motion.


Dated:  February 18, 2020                    GIBSON, DUNN & CRUTCHER LLP


                                                    By:  _____/s/ James P. Fogelman_____
                                                              James P. Fogelman

                                                    Attorney for Defendant

2

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ...................................................................................... 1

II.  BACKGROUND AND PROCEDURAL HISTORY ........................................ 3

    A.   Plaintiff Settles a Lawsuit Against USC in 2008........................ 3

    B.   USC Seeks to Enforce the 2008 Settlement Agreement............................ 4

    C.   Plaintiff Files his First Lawsuit against USC in this Court........................ 4

    D.   Plaintiff Files his Second Lawsuit against USC in this Court .................. 5

III. LEGAL STANDARD ................................................................................ 7

IV.  ARGUMENT........................................................................................... 9

    A.   Section 6 of the Agreement Authorizes an Award of Attorney's Fees........................................................................................... 9

    B.   As the Prevailing Party, USC is Entitled to the Fees and Costs It Incurred ................................................................................... 9

        1.   USC Is the Prevailing Party in the Instant Action ......................... 10

        2.   USC Is the Prevailing Party in the Prior Action............................. 10

    C.   Federal Rule of Civil Procedure 41(d) Authorizes the Award of Fees Where a Plaintiff Re-Files His Prior Action.................................... 12

    D.   USC is Entitled to the Fees and Costs It Incurred on All Claims............ 13

    E.   The Fees Incurred by USC Were Reasonable........................................ 14

        1.   USC's Hourly Rates Are Reasonable ........................................... 14

        2.   The Total Time USC Billed Was Reasonable ............................... 15

        3.   The Amount of Costs Sought by USC is Reasonable .................. 17

V.   CONCLUSION ...................................................................................... 17

DEFENDANT USC KECK SCHOOL OF MEDICINE'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Baroff*,
105 F.3d 439 (9th Cir. 1997) .................................................................. 8

*Barrientos v. 1801–1825 Morton LLC*,
583 F.3d 1197 (9th Cir. 2009) ............................................................... 13

*Bassam v. Bank of America*,
 No. CV1500587ABFFMX, 2016 WL 6267930 (C.D. Cal. Mar. 4,
2016) ...................................................................................................... 11

*Cambridge Elecs. Corp. v. MGA Elecs., Inc.*,
2005 WL 927179 (C.D. Cal. Jan. 18, 2005) .......................................... 14

*Canal v. Dann*,
2011 WL 3903166 (N.D. Cal. Sept. 6, 2011) ........................................ 16

*Catello v. I.T.T. General Controls*,
152 Cal. App. 3d 1009 (1984) ............................................................... 11

*Caudle v. Bristow Optical Co.*,
224 F.3d 1014 (9th Cir. 2000) ............................................................... 14

*DuFour v. Allen*,
No. 14-CV-05616-CAS(SSX), 2017 WL 1433303 (C.D. Cal. Apr. 20,
2017) ........................................................................................................ 7

*Esquivel v. Arau*,
913 F. Supp. 1382 (C.D. Cal. 1996) ...................................................... 12

*Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr.*,
250 F.3d 1234 (9th Cir. 2001) ................................................................. 7

*Fischer v. Zespri Int'l Ltd.*,
No. 207CV5729ODWCTX, 2014 WL 12807761 (C.D. Cal. Jan. 31,
2014) ...................................................................................................... 16

*G&G Fire Sprinkler, Inc. v. Bradshaw*,
136 F.3d 587 (9th Cir. 1998) ................................................................. 14

*Hadley v. Krepel*,
167 Cal. App. 3d 677 (1985) ........................................................... 14, 15

Gibson, Dunn &
Crutcher LLP

## TABLE OF AUTHORITIES
### (*continued*)

Page(s)

*Housing Rights Ctr. v. Sterling*,
2005 WL 3320738 (C.D. Cal. Nov. 1, 2005) ........................................... 15

*Hsu v. Abbara*,
9 Cal. 4th 863 (1995) ....................................................................... 8, 10

*Isaacs v. Dartmouth-Hitchcock Med. Ctr.*,
No. 12-CV-040-LM, 2014 WL 1572559 (D.N.H. Apr. 18, 2014), *aff'd*,
No. 14-1544 (1st Cir. 2015)................................................................. 3

*Jackson v. Homeowners Ass'n Monte Vista Estates-E.*,
93 Cal. App. 4th 773 (2001) .............................................................. 10

*Ketchum v. Moses*,
24 Cal. 4th 1122 (2001)..................................................................... 14

*Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*,
791 F.2d 1334 (9th Cir. 1986) ........................................................... 13

*Lerner v. Ward*,
13 Cal. App. 4th 155 (1993) ................................................................ 9

*Makreas v. First Nat'l Bank of N. California*,
No. 11-CV-02234-JST, 2014 WL 2582027 (N.D. Cal. June 9, 2014).................... 16

*Marsu, B.V. v. Walt Disney Co.*,
185 F.3d 932 (9th Cir. 1999) ............................................................... 9

*Metabolife Int'l v. Wornick*,
213 F. Supp. 2d 1220 (S.D. Cal. 2002) ................................................. 16

*Morales v. City of San Rafael*,
96 F.3d 359 (9th Cir. 1996) ............................................................... 14

*Oakland v. Oakland Raiders*,
203 Cal. App. 3d 78 (1988) ............................................................... 14

*Perkins v. Mobile Housing Bd.*,
847 F.2d 735 (11th Cir. 1988) ........................................................... 15

*Resolution Trust Corp. v. Midwest Fed. Sav. Bank*,
36 F.3d 785 (9th Cir. 1993) ................................................................. 7

DEFENDANT USC KECK SCHOOL OF MEDICINE'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS'
FEES AND COSTS

# TABLE OF AUTHORITIES
(*continued*)

Page(s)

*Rogers v. Wal–Mart Stores, Inc.*,
230 F.3d 868 (6th Cir. 2000) ................................................................. 12

*In re Rossco Holdings, Inc.*,
2014 WL 2611385 (C.D. Cal. May 30, 2014)........................................... 8

*Santisas v. Goodin*,
17 Cal. 4th 599 (1998) ............................................................... 8, 10, 11

*Serrano v. Priest*,
20 Cal. 3d 25 (1977) .............................................................................. 14

*Solonin v. Metro. Life Ins. Co.*,
No. SACV1602231AGKESX, 2018 WL 5928140 (C.D. Cal. June 18,
2018) ...................................................................................................... 16

*Sunstone Behavioral Health, Inc. v. Alameda County*,
646 F. Supp. 2d 1206 (E.D. Cal. 2009) ................................................... 7

*Turner v. Schultz*,
175 Cal. App. 4th 974 (2009) ................................................................ 13

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
896 F.2d 403 (9th Cir. 1990) .......................................................... 14, 15

*Welch v. Metro. Life Ins. Co.*,
480 F.3d 942 (9th Cir. 2007) ................................................................. 14

*Windsor Pac. LLC v. Samwood Co., Inc.*,
213 Cal.App. 4th 263 (2013) ................................................................... 7

**Statutes**

Cal. Civ. Code § 1717(a) ............................................................... 7, 9, 13

Cal. Civ. Code § 1717(b)(1) ............................................................... 8, 10

Cal. Civ. Code § 1717(b)(2) ................................................................... 10

**Rules**

Fed. R. Civ. P. 41(d) .............................................................................. 12

Fed. R. Civ. P. 54(d)(2) ........................................................................... 7

Gibson, Dunn & Crutcher LLP

## I. INTRODUCTION

On February 3, 2020, the Court entered an Order (the "Order") dismissing Plaintiff's claims against USC Keck School of Medicine ("USC") with prejudice and granting USC's Motion to Strike (ECF 93, at 7), and a Judgment (the "Judgment") ordering that Plaintiff take nothing, that this action be dismissed with prejudice, and that Defendants may recover their costs of suit (ECF 92). As the prevailing party, USC is entitled, pursuant to Rules 41(d) and 54(d)(2) of the Federal Rules of Civil Procedure, Central District of California Local Rules 54-2 and 54-7, and California Civil Code § 1717 ("Section 1717"), to recover the attorney's fees and costs it incurred in successfully defending against Plaintiff's claims in the instant action and the prior action that he filed and dismissed. *Isaacs v. DHMC et al.*, No. 2:19-CV-02011-DSF-RAO (C.D. Cal. 2019) (the "Prior Action").

USC is entitled to an award of its attorney's fees and costs pursuant to the express terms of a settlement agreement entered into by USC and Plaintiff on April 4, 2008 (the "Agreement"). ECF 1-2, at 35-39. Specifically, Section 6 of the Agreement states that:

> [Plaintiff] *agrees that he <u>will not file</u> any lawsuits, charges, complaints, or appeals at any time hereafter based on, referring to, or incorporating any events, acts or omissions through and including the date hereof*.

> If Issacs's representation in this paragraph prove to be false, or *<u>if he</u> violates the promises made in this paragraph and <u>files a lawsuit</u>*, charge, claim for arbitration, or appeal of any kind with any court or administrative or governmental agency *against USC or any persons or entities released herein, based on any events, acts or omissions through and including the date hereof, <u>Isaacs will pay for all costs and losses, including actual attorneys' fees, incurred by USC in connection</u> with said lawsuit, charge, complaint, or appeal*.

ECF 1-2, at 6 (emphases added). Under the Agreement, USC is plainly entitled to the attorney's fees and costs that it incurred in this action and the Prior Action.

Gibson, Dunn &
Crutcher LLP

Section 6 of the Agreement was drafted with the intention of preventing Plaintiff from circumventing the Agreement's releases by filing new lawsuits based on events that took place prior to the execution of the Agreement. Plaintiff breached Section 6 by filing not only one but two lawsuits based on alleged events predating the Agreement. That Plaintiff subsequently dismissed the Prior Action as irrelevant. By its express terms, Section 6 applies to any lawsuit filed by Plaintiff based on events prior to the execution of the Agreement, even if Plaintiff subsequently dismisses the lawsuit. Indeed, Plaintiff dismissed the Prior Action, not because he was attempting in good faith to comply with his obligations to the Agreement, but because he wanted to avoid a dispositive ruling on USC's then-pending motion to dismiss. The result of Plaintiff's gamesmanship was a dismissal of the Prior Action. Under Section 6, Section 1717, and Federal Rule of Civil Procedure 41(d), USC is entitled to the fees and costs it incurred in the Prior Action.

Moreover, Section 6 permits USC to recover the fees and costs it incurred in defending against all of Plaintiffs' claims. In defending itself, USC was enforcing its rights under the Agreement, including its right not to be sued based on events that took place prior to the Agreement. ECF 1-2, at 6 (2008 Settlement Agreement). Indeed, the Court expressly held that Plaintiffs' claims were barred by the waivers in the settlement agreements between Plaintiff and USC. *See* ECF 93 at 1-2. Thus, there is no basis for Plaintiff to argue that USC's recovery should be limited to some claims but not others.

USC has incurred substantial fees and costs in defending itself against Plaintiff's meritless claims, and is seeking a total of $182,925.97 in fees and $1,009.32 in costs, as well as the fees incurred in connection with this Motion. This amount does not reflect the significant amount of time and resources expended by Gibson, Dunn & Crutcher, LLP ("Gibson Dunn"), USC's counsel of record, in defending themselves in the present action. Declaration of James P. Fogelman ("Fogelman Decl."), at ¶ 6. For this reason, and because the overall hours and fees incurred is reasonable, USC should be awarded the full amount sought, as well as any fees and costs incurred in the preparation of this Motion.

## II.    BACKGROUND AND PROCEDURAL HISTORY

### A.    Plaintiff Settles a Lawsuit Against USC in 2008

In 2005, Plaintiff enrolled at USC and was later expelled for harassing a classmate and violating a "stay-away" order. ECF 1 ¶¶ 14, 27. *See also Isaacs v. Dartmouth-Hitchcock Med. Ctr.*, No. 12-CV-040-LM, 2014 WL 1572559, at *2 (D.N.H. Apr. 18, 2014) (granting summary judgment against Plaintiff and deeming certain facts admitted by Plaintiff), *aff'd Isaacs v. Dartmouth-Hitchcock Med. Ctr.*, No. 14-1544, (1st Cir. 2015). In response, Plaintiff sued USC. ECF 1 ¶ 32. The lawsuit resulted in a settlement in 2008 (the "Agreement").  *Id.* ¶ 33–35; ECF 1-2 at 35 (2008 Settlement Agreement).[1] The Agreement included a release of all claims, known and unknown, against USC "from the beginning of time to the date [Plaintiff] signs [the Agreement]." ECF 1-2, at 35.[2] The Agreement also provided that Plaintiff provided for the recovery of "all costs and losses, including actual attorneys' fees," in the event Plaintiff filed another lawsuit against USC based events predating the Agreement:

> With the exception of United States District Court Case No. CV-06-3338 GAF (Ex), which is fully and finally settled herein, [Plaintiff] represents that he has not filed any other lawsuits, charges, claims for arbitration, complaints, or appeals of any kind with any court or administrative or governmental agency against USC or any other persons or entities released herein, and he *agrees that he will not file any lawsuits, charges, complaints, or appeals at any time hereafter based on, referring to, or incorporating any events, acts or omissions through and including the date hereof*.

---

[1]  The parties also entered into a separate settlement agreement on August 29, 2007. ECF 1-2, at 30-33 (2007 Settlement Agreement). That agreement released all claims against a number of individual defendants, and also precluded Plaintiff from filing any lawsuits against those individuals based on, referring to, or incorporating any pre-signing events. *Id.* at 30.

[2]  The Agreement expressly provided that the release would "remain effective in all respects" even if Plaintiff later "discover[ed] facts different from or in addition to those he now knows or believes to be true." ECF 1-2, at 37.

If Isaacs's representation in this paragraph prove to be false, or ***if he violates the promises made in this paragraph and <u>files a lawsuit</u>***, charge, claim for arbitration, or appeal of any kind with any court or administrative or governmental agency ***against USC or any persons or entities released herein, based on any events, acts or omissions through and including the date hereof, <u>Isaacs will pay for all costs and losses, including actual attorneys' fees, incurred by USC in connection</u> with said lawsuit, charge, complaint, or appeal***. ECF 1-2, at 6 (emphases added).

Taken together, these provisions precluded Plaintiff from asserting ***any*** claims against USC that referred to or incorporated, let alone were based on, events that occurred prior to the execution of the Agreement, whether or not Plaintiff was aware of them or subsequently discovered them.

## B.    USC Seeks to Enforce the 2008 Settlement Agreement

Shortly after USC and Plaintiff entered into the Agreement, USC was forced to file a motion to enforce the Agreement when Plaintiff refused to dismiss the action. *See* ECF 45-2, Ex. 11, at 121 (Mot. to Enforce Settlement Agreement). The Court granted USC's Motion, dismissing the case with prejudice, and noting that presented "no grounds on which to void the [Agreement]" and that he was "bound by its terms." ECF 45-2, Ex. 13, at 137-40 (2008 Order).

## C.    Plaintiff Files his First Lawsuit against USC in this Court

On March 18, 2019, Plaintiff filed the Prior Action against USC and other defendants, seeking damages "in excess of $18,000,000," treble damages, injunctive relief, and attorneys' fees and costs. Prior Action, ECF 1. Plaintiff attached a copy of the Agreement to his Complaint. *Id.* at 39-44. The Complaint was based on, made reference to, and incorporated alleged events that took place prior to the Agreement. *Id.* at 2-3, 5-9, 31-32. USC filed a motion to dismiss on June 26, 2019. Prior Action, ECF 14.

On July 19, 2019, rather than oppose USC's motion to dismiss, Plaintiff filed his First Amended Complaint ("FAC"). Far from curing the defects in his Complaint,

however, Plaintiff added **seven** new claims against USC, including declaratory judgment, breach of contract, intentional infliction of emotional distress, negligent infliction of emotional distress, a Bivens implied cause of action, retaliation, and constructive fraud. Prior Action, ECF 33. Plaintiff continued to reference, incorporate, and base his claims on alleged pre-2008 events. *Id.* at 1, 6-12, 30, 41-42, 53, 56.

Plaintiff filed a Motion for Preliminary Injunction ("PI Motion") on August 1, 2019. Prior Action, ECF 36. The PI Motion, like Plaintiff's complaints, referred to various alleged pre-Agreement events. *Id.* at 3-4.

USC filed a motion to dismiss the FAC on August 2, 2019 and an Opposition to the PI Motion on August 19, 2019. Prior Action, ECF 41, 46.

On August 26, 2019, rather than oppose USC's motion to dismiss, Plaintiff filed a Second Amended Complaint ("SAC") without leave of the Court or a stipulation from the parties. Prior Action, ECF 50. The Court ordered the SAC stricken on August 27, 2019. Prior Action, ECF 51. Instead of responding to USC's motion to dismiss, Plaintiff simply refashioned his SAC as a Motion for Leave to Amend and filed it the same day as the Court's order. Prior Action, ECF 52.

In the face of multiple motions to dismiss, and unwilling to wait for the Court's ruling on his Motion for Leave to Amend, Plaintiff decided to dismiss the Prior Action on September 12, 2019. Prior Action, ECF 60. In an abundance of caution, USC filed an opposition to Plaintiff's Motion for Leave to Amend on September 13, 2019. Prior Action, ECF 62. The Court later closed the case. Prior Action, ECF 60, 64, 68, 69.

The total fees incurred by USC in the Prior Action was $142.384.95. Fogelman Decl., ¶ 6. The total amount of costs incurred in the Prior Action was $371.34. *Id.*

**D.    Plaintiff Files his Second Lawsuit against USC in this Court**

On September 16, 2019, just four days after dismissing the Prior Action, Plaintiff re-filed his proposed SAC from his Complaint in this action. ECF 1, 1-1, 1-2. The Complaint included not just claims against USC, but against Gibson Dunn, USC's counsel of record in the Prior Action. *Id.* The Complaint added **three** new claims against

USC: due process and First Amendment violations, fraud, and rescission. ECF 1, at 61, 64; ECF 1-1, at 3. Plaintiff once again relied upon, referred to, and incorporated alleged pre-Agreement events. ECF 1, at 2, 4, 5, 14-17, 25, 32, 33, 37, 44, 47, 54, 57, 62-64; ECF 1-1 at 1, 4, 13-43. *See also* ECF 1-2 at 27. On September 25, 2019, Plaintiff re-filed his PI Motion from the Prior Action, confirming the wholly duplicative nature of this action. ECF 13. USC filed an opposition to the PI Motion on October 7, 2019 and a motion to dismiss the Complaint on October 17, 2019. ECF 35; ECF 45.

On November 6, 2019, the Court issued an Order denying the PI Motion, stating that "Plaintiff has shown no likelihood of success on the merits. Aside from the problems of statute of limitations and res judicata, he has simply not demonstrated any likelihood that he is correct on the merits of any of the claims in this case. Plaintiff's interpretation of the settlement agreements at issue appears to be erroneous, and there is no evidence that any party has violated either agreement as properly interpreted." ECF 68, at 2.

On December 9, 2019, Plaintiff filed a Motion for Reconsideration, or in the alternative, a Stay of Proceedings ("Motion for Reconsideration"). ECF 73. On December 17, 2019, the Court denied the Motion Reconsideration, holding that "Plaintiff's motion for reconsideration fails to satisfy any of the criteria of Local Rule 7-18," and that "[t]here are also no grounds for a stay of proceedings because Plaintiff has virtually no chance of success on the merits of an appeal of the preliminary injunction order." ECF 76, at 2.

On November 11, 2019, USC filed an anti-SLAPP motion and joinder in Gibson Dunn's anti-SLAPP motion. ECF 67; ECF 67-1. USC is not seeking fees for work expended by Gibson Dunn in drafting their anti-SLAPP motion, on which the USC motion relied in part. Fogelman Decl., ¶ 6.

On February 3, 2020, the Court granted USC's motion to dismiss and anti-SLAPP motion. ECF 93. The Court also entered Judgment in favor of USC, ordering that Plaintiff take nothing, and dismissing all of Plaintiff's claims with prejudice. ECF 94.

The amount of fees and costs incurred by USC in the instant action total $40,541.02, with $5,092.64 being attributable to the anti-SLAPP motion. Fogelman Decl., ¶ 6.  The total amount of costs incurred in the present action is $637.98.  *Id.*

## III.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 54(d)(2), a claim for attorney's fees and related nontaxable expenses must be made by a post-judgment motion. *See* Fed. R. Civ. P. 54(d)(2). The motion must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award of fees, and must state the amount sought or provide a fair estimate of it. *Id.* State law governs the interpretation of a contract providing for the recovery of attorney's fees. *Resolution Trust Corp. v. Midwest Fed. Sav. Bank*, 36 F.3d 785, 800 (9th Cir. 1993); *DuFour v. Allen*, No. 14-CV-05616-CAS(SSX), 2017 WL 1433303, at *7 (C.D. Cal. Apr. 20, 2017).

"California Civil Code section 1717 provides for an award of attorneys' fees where 'the parties contractually obligate themselves' to so compensate each other." *Sunstone Behavioral Health, Inc. v. Alameda County*, 646 F. Supp. 2d 1206, 1211 (E.D. Cal. 2009) (quoting *Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr.*, 250 F.3d 1234, 1237 (9th Cir. 2001)). Specifically, § 1717(a) provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a).  The statute provides for "mutuality of remedy [even] when a contract makes recovery of attorneys' fees available only to one party." *Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr.*, 250 F.3d 1234, 1237 (9th Cir. 2001).

"Whether a contractual attorney fee clause provides for a fee award in a particular case is a question of contract interpretation." *Windsor Pac. LLC v. Samwood Co.*,

*Inc.*, 213 Cal.App. 4th 263, 273 (2013). "Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation. Such intent is to be inferred, if possible, solely from the written provisions of the contract. The clear and explicit meaning of these provisions, interpreted in their ordinary and popular sense, unless used by the parties in a technical sense or a special meaning is given to them by usage, controls judicial interpretation. Thus, if the meaning a layperson would ascribe to contract language is not ambiguous, we apply that meaning." *Santisas v. Goodin,* 17 Cal. 4th 599, 608 (1998) (internal citations and quotation marks omitted).

The "prevailing party," for purposes of § 1717, is the "party who recovered a greater relief in the action on the contract." Cal. Civ. Code § 1717(b)(1). "[I]n deciding whether there is a 'party prevailing on the contract,' the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources." *Hsu v. Abbara*, 9 Cal. 4th 863, 876 (1995).

Section 1717 applies even where the action is not for breach of contract. In applying § 1717, "California courts liberally construe 'on the contract' to extend to any action as long as an action 'involves' a contract and one of the parties would be entitled to recover attorney fees under the contract if that party prevails." *In re Rossco Holdings, Inc.*, 2014 WL 2611385, at *7 (C.D. Cal. May 30, 2014) (quoting *In re Baroff*, 105 F.3d 439, 442–443 (9th Cir. 1997)). For instance, in *Rossco*, claims for declaratory relief, damages, and injunctive relief in a bankruptcy proceeding were deemed to be actions "on the contract" because "the 'fight' between the parties was based on their 2010 Agreement" and "[m]ore importantly, in order to resolve that dispute, the Bankruptcy Court found that it was required to interpret the 2010 Agreement." *Id.* at *6–7. Thus, under *Rossco*, the relevant question is whether the claims in the underlying matter "turn upon interpreting a contract." *Id.* at *3.

Gibson, Dunn & Crutcher LLP

Actions sounding in fraud trigger the right to recover attorney's fees if the contractual provision is broadly worded to encompass tort claims. For example, in *Marsu, B.V. v. Walt Disney Co.*, 185 F.3d 932, 939 (9th Cir. 1999), the Ninth Circuit affirmed an award of attorney's fees for tort claims where the contract provided that "*[a]ny dispute, difference, claim or counterclaim between the parties arising out of or in connection with this agreement* shall be submitted to state or federal court. . . . The prevailing party in *any action* hereunder shall be entitled to recover . . . reasonable attorneys' fees." *Id.* (emphases in original). The Ninth Circuit held that the provision applied to the plaintiff's tort claims because they arose "out of or in connection with" the contract. *Id.* (citing *Lerner v. Ward*, 13 Cal. App. 4th 155, 160 (1993) (attorney's fees provision for claims "arising out of this Agreement" includes tort claims)).

## IV.   ARGUMENT

### A.   Section 6 of the Agreement Authorizes an Award of Attorney's Fees

Section 1717 authorizes an award of attorney's fees where the parties' contract provides for such recovery. Cal. Civ. Code § 1717(a). Here, Section 6 of the Agreement plainly authorizes such an award. Section 6 provides for the recovery of "***all costs and losses, including actual attorneys' fees***, incurred by USC" where Plaintiff files a lawsuit "based on, referring to, or incorporating" alleged "events, acts or omissions" that predated the execution of the Agreement. ECF 1-2, at 6 (emphasis added). As set forth above, Plaintiff's complaints in both this action and the Prior Action referenced were based on pre-2008 events, acts, and omissions. *See*, *supra*, Section (II)(C). Accordingly, Section 6 authorizes an award of attorney's fees and costs.[3]

### B.   As the Prevailing Party, USC is Entitled to the Fees and Costs It Incurred

---

[3] In addition to being entitled to fees under the Agreement, USC is also entitled to an award of reasonable attorneys' fees pursuant to Code of Civil Procedure § 425.16(c)(1) because it successfully moved to strike Plaintiff's claims. ECF 93 at 7. USC incurred, and is requesting an award of $5,092.64 in fees for 6.2 hours of work directly related to the filing of the anti-SLAPP motion. This total reflects the time spent drafting the motion and meeting and conferring with Plaintiff. ECF 67; Fogelman Decl., Ex. A at 7-8. The entries related to the anti-SLAPP motion are highlighted in blue in USC's fee summary. *Id.*

Gibson, Dunn & Crutcher LLP

Under Section 1717, the "prevailing party" is the "party who recovered a greater relief in the action on the contract." Cal. Civ. Code § 1717(b)(1). Here, there can be no question that USC was the prevailing party in this action and the Prior Action. Plaintiff sought in over $18,000,000 in both actions but took nothing, because he voluntarily dismissed the Prior Action and because all of his claims in this action were dismissed with prejudice. Prior Action, ECF 1; ECF 1-1; ECF 94. Thus, as the prevailing party, USC is entitled to recover the fees and costs incurred in this action and the Prior Action.

### 1.    USC Is the Prevailing Party in the Instant Action

In determining the prevailing party, courts compare the relief awarded with the parties' "litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources." *Hsu*, 9 Cal. 4th at 876. Here, Plaintiff was seeking to recover more than $18,500,000 in damages, treble damages, his attorney's fees and costs, and injunctive relief. ECF 1-1, at 5. He achieved ***none*** of these objectives. The Court denied Plaintiff's motion for a preliminary injunction and dismissed his claims with prejudice. ECF 68; ECF 93; ECF 94. By contrast, the Court granted USC's motion to dismiss and anti-SLAPP motion and declined to enter an injunction. ECF 93; ECF 94. Plainly, USC is the prevailing party in this action.

### 2.    USC Is the Prevailing Party in the Prior Action

USC was also the prevailing party in the Prior Action because Plaintiff voluntarily dismissed his complaint rather than oppose USC's motion to dismiss. By its terms, the Agreement contemplates the recovery of fees even where Plaintiff voluntarily dismisses a lawsuit, so long as the lawsuit references events prior to the execution of the Agreement. Nor does Section 1717 preclude such recovery. Even though Section 1717 states that "[w]here an action has been voluntarily dismissed . . . there shall be no prevailing party for purposes of this section," Cal. Civ. Code § 1717(b)(2), California courts do not apply an inflexible rule precluding recovery where a complaint is voluntarily dismissed. *See, e.g.*, *Jackson v. Homeowners Ass'n Monte Vista Estates-E.*, 93 Cal. App. 4th 773, 784 (2001); *Santisas v. Goodin*, 17 Cal. 4th 599, 613 (1998).

1    Rather, courts base their "decision on a pragmatic definition of the extent to which each
2    party has realized its litigation objectives." *Santisas*, 17 Cal. 4th at 622.

3        In *Bassam v. Bank of America*, for example, the defendant sought to recover
4    attorneys' fees pursuant to a contractual provision. No. CV1500587ABFFMX, 2016 WL
5    6267930, at *2 (C.D. Cal. Mar. 4, 2016). The Court found that the defendant was the
6    prevailing party, even though the plaintiffs had voluntarily dismissed certain contract
7    claims, because they did so "*only after* filing three complaints (the FAC was filed in lieu
8    of an opposition to the first MTD), after Defendants filed three motions to dismiss—the
9    first was rendered moot by Plaintiffs' filing of the FAC, the other two were granted—
10   and after the court struck Plaintiffs' two tort claims (negligence and negligent infliction
11   of emotional distress) without leave to amend." *Id.*

12       The same logic applies here. Plaintiff voluntarily dismissed his Prior Action, not
13   because he was attempting in good faith to comply with his obligations under the
14   Agreement, but because he found that his "case was sinking, Titanic-like." *Catello v.*
15   *I.T.T. General Controls*, 152 Cal. App. 3d 1009, 1013 (1984). But he immediately filed
16   a new lawsuit based on the same claims and allegations, and every single one of those
17   claims was determined to be meritless by this Court in this instant action.

18       As a result under Section 1717 and the plain terms of the Agreement, USC is
19   entitled to an award of attorney's fees and costs for the Prior Action.[4]

20
21
22
23
    _____

24   [4]  While California public policy generally encourages voluntary dismissals, that policy
25   is subverted when a plaintiff voluntarily dismisses an action and immediately re-files
     it to avoid dismissal. Section 1717(b)(2) was enacted because "permitting recovery
     of attorney fees by defendant in all cases of voluntary dismissal before trial would
26   encourage plaintiffs to maintain pointless litigation in moot cases or against insolvent
     defendants to avoid liability for those fees." *Santisas*, 17 Cal. 4th at 613. The public
27   benefits when litigation does not drag on unnecessarily. *Id.* at 621–22. Plaintiff's
     tactical dismissal of the Prior Action turned these policies on their head.
28

**C.    Federal Rule of Civil Procedure 41(d) Authorizes the Award of Fees Where a Plaintiff Re-Files His Prior Action**

The Federal Rules of Civil Procedure also provide for the recovery of attorneys' fees where a lawsuit is voluntarily dismissed. Federal Rule of Civil Procedure 41(d) states that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d). Rule 41(d) is "intended to serve as a deterrent to forum shopping and vexatious litigation." *Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996) (citation omitted); *see also Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000) (stating that 41(d) is "intended to prevent attempts to gain any tactical advantage by dismissing and re-filing the suit"). Importantly, courts have held that attorneys' fees are also recoverable under Rule 41(d). *Esquivel*, 913 F. Supp. at 1392.

There is no question that Plaintiff's Complaint here includes the same claims that Plaintiff asserted against USC in the Prior Action.  Plaintiff simply *added* new claims:

| Prior Action Compl. | Prior Action FAC | Prior Action SAC | Current Compl. |
| --- | --- | --- | --- |
| RICO | RICO | RICO | RICO |
| Injunctive Relief | | | |
| | Declaratory Relief | Declaratory Relief | Declaratory Relief |
| | Breach of Contract | Breach of Contract | Breach of Contract |
| | IIED | IIED | IIED |
| | NIED | NIED | NIED |
| | Bivens | Bivens | Bivens |
| | Retaliation | Retaliation | Retaliation |
| | Constructive Fraud | Constructive Fraud | Constructive Fraud |
| | | Fraud | Fraud |

Gibson, Dunn & Crutcher LLP

| | | Rescission | Rescission |
|---|---|---|---|
| | | | Due Process & First Amendment |

Prior Action, ECF 1; Prior Action, ECF 33; Prior Action 52-1; ECF 1, ECF 1-2. Thus, Rule 41(d) also provides for the recovery of USC's fees and costs in the Prior Action.

## D.    USC is Entitled to the Fees and Costs It Incurred on All Claims

USC is entitled to recover all of the fees and costs it incurred in defeating Plaintiff's claims. Section 1717(a) provides for a fees award in "any action on a contract" and "incurred to enforce that contract." Cal. Civ. Code § 1717(a).

"California courts construe the term 'on a contract' liberally." *Turner v. Schultz*, 175 Cal. App. 4th 974, 979 (2009) (citation omitted). The question of whether a dispute is "on a contract" within the meaning of section 1717 depends on whether underlying contract defines the rights and obligations of the parties involved in the proceeding in which attorney's fees are sought, such that the underlying contract is not collateral to the proceeding. *See Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1340 (9th Cir. 1986) (holding that action was "on a contract" for the purpose of awarding fees under section 1717 because "the underlying contract between the parties is not collateral to the proceedings but plays an integral part in defining the rights of the parties"); *Barrientos v. 1801–1825 Morton LLC*, 583 F.3d 1197, 1216 (9th Cir. 2009) (same).

Here, there can be no question the Agreement is integral to defining the parties' rights and obligations. By entering into the Agreement, Plaintiff not only agreed to waive all claims against USC, but also agreed not to file any lawsuits based on alleged events predating the execution of the Agreement. ECF 1-2, at 6. By filing the Prior Action and this action, Plaintiff was breaching the Agreement. As a result, the defense of every single claim was integral to the vindication of USC's rights under the Agreement.

**E.    The Fees Incurred by USC Were Reasonable**

Under both Federal and California law, the starting point for analyzing the reasonableness of attorney's fees and costs is a determination of the actual fees and costs incurred. *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1131–33, 1141 (2001); s*ee also Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1028 (9th Cir. 2000); *Serrano v. Priest*, 20 Cal. 3d 25, 49 n.23 (1977); *Oakland v. Oakland Raiders*, 203 Cal. App. 3d 78, 82–83 (1988); *Hadley v. Krepel*, 167 Cal. App. 3d 677, 685–86 (1985).

The Ninth Circuit requires a district court to calculate an award of attorney's fees by first calculating the "lodestar." *Caudle*, 224 F.3d at 1028. The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly fee. *See Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). "A strong presumption exists that the lodestar . . . represents a reasonable fee." *G&G Fire Sprinkler, Inc. v. Bradshaw*, 136 F.3d 587, 600 (9th Cir. 1998). "California uses the same method for calculating attorneys' fees." *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 2005 WL 927179, at *5 (C.D. Cal. Jan. 18, 2005).

**1.    USC's Hourly Rates Are Reasonable**

USC's attorneys are entitled to be compensated at rates that reflect the reasonable value of their services. *Ketchum*, 24 Cal. 4th at 1133. Declarations regarding the rates charged by attorneys of comparable ability and reputation for legal work of similar complexity suffice to establish the reasonable hourly rate. *See Cambridge Elecs. Corp.*, 2005 WL 927179, at *5; *see also Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946–47 (9th Cir. 2007); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate."). "The relevant community is that where the district court sits." *Cambridge Elecs. Corp.*, 2005 WL 927179, at *5.

To that end, USC has submitted a copy of the Public Rates report, published by Thomson Reuters, showing the prevailing rates for California attorneys. Fogelman Decl., Ex. B. The Public Rates report shows that the rates charged by Gibson Dunn are within the range of rates charged generally by similar firms engaged in similar work. *Id.* For instance, the rates charged by Pachulski Stang Ziehl Young Jones & Weintraub in the 2019 *Sedgwick LLP* matter in the Northern District are roughly equivalent to the rates charged by Gibson Dunn here. *Id.* at 123. Moreover, the hourly rates charged by Gibson Dunn for this matter are lower than the rates charged by the firm generally. Fogelman Decl., ¶ 9. The fact that thousands of sophisticated clients are willing to, and do, pay these rates on an ongoing basis is, in itself, evidence that the rates reflect the reasonable value of the services rendered by Gibson Dunn. *Cf. Housing Rights Ctr. v. Sterling*, 2005 WL 3320738, at *2 (C.D. Cal. Nov. 1, 2005) (noting, in 2005, that "rates of up to $1,000 per hour" in the Los Angeles legal market are "in line with this Court's experience").

### 2.    The Total Time USC Billed Was Reasonable

The detailed billing summary submitted by USC demonstrates that the time billed by Gibson Dunn was reasonable and necessary. The billing records and the declarations of James P. Fogelman, Shannon Mader, and Katarzyna Ryzewska are all *prima facie* evidence that fees and costs listed were "reasonably and necessarily incurred." *Hadley*, 167 Cal. App. 3d at 682; *see also Perkins v. Mobile Housing Bd.*, 847 F.2d 735, 738 (11th Cir. 1988) (before the compensation claimed is denied, "it must appear that the time claimed is obviously and convincingly excessive under the circumstances"); *United Steelworkers*, 896 F.2d at 407 (holding that it was error for court to reduce hours claimed by prevailing party without setting forth an appropriate rationale for each such reduction).

As set forth in the billing summary and the Fogelman Declaration, the time spent included: reviewing Plaintiff's voluminous filings; researching and analyzing Plaintiff's claims; researching and reviewing Plaintiff's litigation history; researching and drafting

three motions to dismiss and an anti-SLAPP motion; researching and drafting oppositions to Plaintiff's PI Motions, Motion for Leave to Amend, and Motion for Reconsideration; and meeting and conferring with Plaintiff and his attorneys. Fogelman Decl., ¶ 5, Ex. A. Considering the legal and factual issues involved, the total hours billed by Gibson Dunn attorneys—223.3—is more than reasonable. *Id.* at ¶ 6. Importantly, the total amount that USC is seeking is actually less than the total amount charged to the client. *Id.* at ¶ 6, Ex. A.

As such, Plaintiff has no basis to challenge the appropriateness of the time billed by Gibson Dunn, and therefore, USC is entitled to recover all of its fees and costs. *See, e.g.*, *Solonin v. Metro. Life Ins. Co.*, No. SACV1602231AGKESX, 2018 WL 5928140, at *4 (C.D. Cal. June 18, 2018) (awarding $140,000 in fees); *Fischer v. Zespri Int'l Ltd.*, No. 207CV5729ODWCTX, 2014 WL 12807761, at *3 (C.D. Cal. Jan. 31, 2014) (awarding $615,959.63 in trial court fees, $165,872.50 in appellate fees, $32,442.70 in costs, $14,999.04 for temporary in-house counsel, and $32,006.70 for international local counsel); *Canal v. Dann*, 2011 WL 3903166, at *4 (N.D. Cal. Sept. 6, 2011) (awarding $461,297.90 in fees); *Makreas v. First Nat'l Bank of N. California*, No. 11-CV-02234-JST, 2014 WL 2582027, at *6 (N.D. Cal. June 9, 2014) (awarding $312,946.50 in fees); *Metabolife Int'l v. Wornick*, 213 F. Supp. 2d 1220, 1228 (S.D. Cal. 2002) (awarding $318,687.99 in fees and costs).

An award of the full amount of USC's fees and costs is particularly appropriate here, given that USC repeatedly sought to minimize their fees and costs by seeking to resolve these cases on the pleadings. With each motion to dismiss, USC sought dismissal with prejudice. Each time, however, Plaintiff amended his complaint, improperly attempted to amend his complaint without leave of the Court, and/or voluntarily dismissed his complaint to avoid a dispositive ruling. At no time did Plaintiff ever make a meaningful effort to address the pleading defects identified by USC. Far from seeking to minimize USC's fees and costs, Plaintiff filed a wholly frivolous PI Motion and Motion for Reconsideration. Indeed, Plaintiff continued to press ahead even after the

DEFENDANT USC KECK SCHOOL OF MEDICINE'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

Court found that that "Plaintiff has shown no likelihood of success on the merits." ECF 68, at 2. In short, Plaintiff is wholly responsible for the fees and costs that USC incurred. Further, the total number of hours billed to USC is significantly less than the total time actually spent by Gibson Dunn. Fogelman Decl., ¶ 6, Ex. A. USC is not seeking fees for all work done by Gibson Dunn related to this litigation, and thus, at the end of the day, Plaintiff is getting a bargain for the legal work that Gibson Dunn put into defending USC.

### 3.    The Amount of Costs Sought by USC is Reasonable

USC is entitled to "***all costs and losses, including actual attorneys' fees***, incurred by USC" where Plaintiff files a lawsuit "based on, referring to, or incorporating" alleged "events, acts or omissions" that predated the execution of the Agreement. ECF 1-2, at 6 (emphasis added). USC is seeking $273.33 ($168.80 for the Prior Action and $104.53 for the present action) in costs related to the delivery of mandatory chamber copies per the Court's Standing Order, Section 3(b), which are recoverable under the Agreement and Local Rule 54-3.10. Additionally, USC requests an award of $735.99 ($202.54 for the Prior Action and $533.45 for the present action) related to the filings conducted by Gibson Dunn's e-filing vendor, First Legal, Pacer charges, in-house duplication, or research, which are recoverable under the Agreement. A breakdown of these costs is submitted as part of Exhibit A. Fogelman Decl., Ex. A, at 9-13.

### V.    CONCLUSION

Accordingly, and for the reasons set forth above, USC respectfully requests that this Court, pursuant to Rules 41(d) and 54(d)(2) of the Federal Rules of Civil Procedure, Central District of California Local Rules 54-2 and 54-7, and California Civil Code § 1717, award it the amount of $182,925.97 in attorneys' fees and $1,009.32 in costs, and any fees and costs incurred in the preparation of this Motion.

Dated: February 18, 2020                    GIBSON, DUNN & CRUTCHER LLP

1

By: _____ */s/ James P. Fogelman* _____
James P. Fogelman

2

3

Attorney for USC Keck School of Medicine

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT USC KECK SCHOOL OF MEDICINE'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS