1  James P. Fogelman, SBN 161584
   Shannon E. Mader, SBN 235271
2  Katarzyna Ryzewska, SBN 300386
   GIBSON, DUNN & CRUTCHER LLP
3  333 South Grand Avenue
     Los Angeles, California 90071-3197
4  Telephone: (213) 229-7000
     Facsimile: (213) 229-7520
5  JFogelman@gibsondunn.com
   SMader@gibsondunn.com
6  KRyzewska@gibsondunn.com

7  Attorneys for Defendant
   USC Keck School of Medicine
8

9                    UNITED STATES DISTRICT COURT
10                  CENTRAL DISTRICT OF CALIFORNIA

11 | DR. JEFFREY ISAACS,                              | CASE NO. 2:19-CV-08000-DSF-RAO |
   |                                                   |                                |
12 |         Plaintiff,                                | **DEFENDANT USC KECK SCHOOL OF MEDICINE'S REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND COSTS** |
13 |   v.                                              | |
14 | USC KECK SCHOOL OF MEDICINE, GIESEL SCHOOL OF MEDICINE AT DARTMOUTH, DARTMOUTH HITCHCOCK MEDICAL CENTER, NH BOARD OF MEDICINE, GIBSON, DUNN & CRUTCHER LLP and JOHN or JANE DOE, | |
18 |         Defendants.                               | |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................... 1

II. ARGUMENT .................................................................................................. 2

    A. The Court's Order Did Not Limit Recovery to Fees Incurred in Connection with the Anti-SLAPP Motion ......................................... 2

    B. USC Is the Prevailing Party ................................................................. 2

    C. USC Is Entitled to Recover the Fees It Incurred in Defending against All of Plaintiff's Frivolous Claims ......................................... 4

    D. USC Is Entitled to Recover the Fees It Incurred in Defending against Plaintiff's Frivolous Claims in the Prior Action ...................... 6

    E. Plaintiff's "Unclean Hands" Argument Also Fails ............................... 7

    F. There Is Nothing "Unfair" about Awarding Fees Pursuant to a Contract .............................................................................................. 8

    G. USC's Fees Were Reasonable and Are Amply Documented ............ 11

III. CONCLUSION ............................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abdallah v. United Sav. Bank*,
  43 Cal. App. 4th 1101 (1996), *as modified on denial of reh'g*
  (Mar. 22, 1996) .................................................................................................. 6

*Akins v. Enterprise Rent–A–Car Co.*,
  79 Cal. App. 4th 1127 (2000) ............................................................................. 5

*Amtower v. Photon Dynamics, Inc.*,
  158 Cal. App. 4th 1582 (2008) ........................................................................... 5

*Arrow Elecs., Inc. v. E.ON AG*,
  No. CV 05-2388 SVW (SSX), 2008 WL 11342597
  (C.D. Cal. Nov. 12, 2008) ................................................................................ 11

*Barrientos v. 1801-1825 Morton LLC*,
  583 F.3d 1197 (9th Cir. 2009) ............................................................................ 5

*Behm v. Fireside Thrift Co.*,
  272 Cal. App. 2d 15 (1969) ................................................................................ 8

*Billon, Inc. v. Slatin*,
  No. SACV1600788CJCJPRX, 2018 WL 1409746
  (C.D. Cal. Jan. 3, 2018) ..................................................................................... 2

*Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*,
  162 Cal. App. 4th 858 (2008) ............................................................................. 5

*Bockman v. Lucky Stores, Inc.*,
  No. CIV S 83-039 RAR, 1986 WL 425 (E.D. Cal. Nov. 20, 1986) .................. 11

*Cummins v. Shupps*,
  No. CV1108081BROMANX, 2013 WL 12124099
  (C.D. Cal. Aug. 9, 2013) .................................................................................... 9

*Crossroads Partners v. Utah Crossing, Ltd.*,
  191 F.3d 459 (9th Cir. 1999) .............................................................................. 6

*David S. Karton, A Law Corp. v. Dougherty*,
  231 Cal. App. 4th 600 (2014), *as modified on denial of reh'g*
  (Dec. 12, 2014) .......................................................................................... 2, 3

*Dell Merk, Inc. v. Franzia*,
  132 Cal. App. 4th 443 (2005) ............................................................................ 5

*Esquivel v. Arau*,
  913 F. Supp. 1382 (C.D. Cal. 1996) ............................................................. 6, 7

*Garza v. City of Los Angeles*,
  No. 216CV03579SVWAFM, 2018 WL 5859549
  (C.D. Cal. June 25, 2018) ................................................................................ 11

*Greenflight Venture Corp., et al. v. True Software Scandinavia A.B.*,
  2016 WL 3901170 (N.D. Cal May 13, 2016) .................................................. 9

*Grolsche Bierbrouwerij Nederland, B.V. v. Dovebid, Inc.*,
  2011 WL 5080175 (N.D. Cal. 2011) ................................................................ 3

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ................................................................................. 11, 12

*Hsu v. Abbara*,
  9 Cal. 4th 863 (1995) .................................................................................. 3, 8

*Isaacs v. Dartmouth-Hitchcock Med. Ctr.*,
  No. 12-CV-040-LM, 2014 WL 1572559 (D.N.H. Apr. 18, 2014) ................. 10

*Isaacs v. DHMC et al.*,
  No. 2:19-CV-02011-DSF-RAO (C.D. Cal. 2019) ............................................ 1

*Isaacs v. Trustees of Dartmouth Coll.*,
  No. 17-CV-040-LM, 2018 WL 734182 (D.N.H. Feb. 5, 2018),
  No. 17-CV-040-LM, 2018 WL 2225097 (D.N.H. May 15, 2018),
  No. 18-1560, 2018 WL 6042640 (1st Cir. 2019), *cert. denied*,
  589 U.S. 15 (2019) .......................................................................................... 10

*Isaacs v. U.S. Dept. of Justice*,
  No. 1:18-CV-10886 (D. Mass. Apr. 9, 2019) ................................................. 10

*Isaacs v. United States Dep't of Educ.*,
  No. CV 17-11221-FDS, 2018 WL 1257760 (D. Mass. Mar. 12, 2018) .......... 10

*Kendall-Jackson Winery, Ltd. v. Superior Court*,
    76 Cal. App. 4th 970 (1999) ............................................................................. 8

*Kulas v. Arizona*,
    156 F. App'x 29 (9th Cir. 2005) ....................................................................... 9

*LegalForce, Inc. v. LegalZoom.com, Inc.*,
    No. 18-CV-07274-MMC, 2019 WL 1170777
    (N.D. Cal. Mar. 13, 2019) ................................................................................ 6

*Marshall v. Marshall*,
    232 Cal. App. 2d 232 (1965) ............................................................................ 8

*McGrath v. County of Nevada*,
    67 F.3d 248 (9th Cir. 1995) ............................................................................ 11

*Miller v. Dugan*,
    764 F.3d 826 (8th Cir. 2014) .......................................................................... 12

*Nielson v. Union Bank of California, N.A.*,
    No. CV0206942MMMCWX, 2003 WL 27374136
    (C.D. Cal. Mar. 31, 2003) ................................................................................ 7

*Pollard v. FCA US LLC*,
    No. 817CV00591JLSJCG, 2020 WL 57270 (C.D. Cal. Jan. 3, 2020) ....................... 3

*Reudy v. Clear Channel Outdoors, Inc.*,
    693 F. Supp. 2d 1091 (N.D. Cal. 2010), *aff'd sub nom.*
    *Reudy v. CBS Corp.*, 430 F. App'x 568 (9th Cir. 2011) ............................................ 6

*In re Rossco Holdings, Inc.*,
    No. CV 14-917-JFW, 2014 WL 2611385 (C.D. Cal. May 30, 2014) .................... 11

*Salas v. Sierra Chem. Go.*,
    59 Cal. 4th 407 (2014) ..................................................................................... 8

*Scott Co. of California v. Blount, Inc.*,
    20 Cal. 4th 1103 (1999) ................................................................................... 3

*Sepehry-Fard v. Countrywide Home Loans. Inc.*,
    No. 13-CV-05769-BLF, 2014 WL 2707738 (N.D. Cal. June 13, 2014) .................. 9

*St. Julien v. Bank of Am.*,
    No. CV142410FMOMRWX, 2016 WL 9211677
    (C.D. Cal. Aug. 31, 2016) ................................................................................ 3

Gibson, Dunn & Crutcher LLP

DEFENDANT USC KECK SCHOOL OF MEDICINE'S REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND COSTS

*Whitepages, Inc. v. Isaacs*,
   196 F. Supp. 3d 1128 (N.D. Cal. 2016), *aff'd*,
   698 F. App'x 613 (Fed. Cir. 2017) ............................................................................. 9

*Yenidunya Invs., Ltd. v. Magnum Seeds, Inc.*,
   2012 WL 538263 (E.D. Cal. 2012), *aff'd*,
   562 F. App'x. 560 (9th Cir. 2014) .............................................................................. 3

**Statutes**

Cal. Civ. Code § 1717(b)(1) ............................................................................................ 2

**Rules**

C.D. Cal. Local Rule 54-1 ............................................................................................... 2

Fed. R. Civ. P. 41(d) ............................................................................................ 1, 2, 6, 7

Fed. R. Civ. P. 43(c) ..................................................................................................... 12

Fed. R. Civ. P. 54 ............................................................................................. 1, 2, 3, 7, 12

Fed. R. Civ. P. 78(b) ..................................................................................................... 12

## I. INTRODUCTION

Plaintiff's Opposition is long on offensive rhetoric but short on substance; the Opposition fails to articulate **any** substantive basis to deny USC's Motion for Attorneys' Fees and Costs (the "Motion"). USC, as the prevailing party, is unquestionably entitled to recover its reasonable attorneys' fees and costs on a host of grounds: Federal Rules of Civil Procedure 41(d) and 54(d)(2); Central District of California Local Rules 54-2 and 54-7; California Civil Code § 1717 ("Section 1717"); and the April 4, 2008 settlement agreement between USC and Plaintiff (the "Agreement"). And USC's request to recover $182,925.97 in attorneys' fees and $1,009.32 in costs is more than reasonable, and does not even cover all of the fees and expenses it has incurred defending against Plaintiff's frivolous claims, let alone cover any of the fees incurred by its counsel of record, who were also wrongly sued by Plaintiff simply for defending USC in this Action and in the identical Prior Action Plaintiff filed. *See Isaacs v. DHMC et al.*, No. 2:19-CV-02011-DSF-RAO (C.D. Cal. 2019) (the "Prior Action"). Plaintiff has made no showing that either the hours billed or the rates charged are unreasonable or that any other valid basis exists to deny recovery by USC.

Plaintiff is a vexatious litigant who has been filing frivolous lawsuits for nearly a decade, seeking to blame others for his failed medical career. No one forced Plaintiff to file this Action or forced Plaintiff to dismiss the Prior Action in an attempt to forum shop, or forced Plaintiff to file numerous frivolous motions, and multiple complaints against multiple innocent parties. Plaintiff and his counsel have nobody to blame but themselves, though blame is irrelevant in any event: USC is entitled to recover its attorneys' fees and costs as a matter of law.

USC entered into the Agreement in 2008 for the very purpose of protecting itself against further litigation by Plaintiff. Plaintiff filed this Action and the Prior Action knowing that doing so was a clear breach of the Agreement and knowing that USC would be entitled to recover its fees and costs as a result. The Motion should be granted.

## II. ARGUMENT

### A. The Court's Order Did Not Limit Recovery to Fees Incurred in Connection with the Anti-SLAPP Motion

Plaintiff argues that the Court's Order limited USC's recovery to fees incurred in connection with USC's Motion to Strike Plaintiff's Complaint ("Anti-SLAPP Motion"). ECF 110 at 6, 8, 12-14. Not so. The Court's Order simply stated that "USC and Gibson Dunn may file a motion for a determination of reasonable attorney's fees under § 425.16 no later than February 24, 2020." ECF 93 at 7-8. Nothing in the Order precludes USC from seeking to recover its fees and costs pursuant to Federal Rules of Civil Procedure 41(d) and 54(d)(2), Central District of California Local Rules 54-2 and 54-7, or California Civil Code § 1717 ("Section 1717"). Plaintiff's bizarre suggestion that the Court effectively already denied USC's Motion, even before it had been filed, defies common sense.

### B. USC Is the Prevailing Party

Plaintiff cannot genuinely deny that USC is "the party in whose favor judgment [was] entered." C.D. Cal. Local Rule 54-1 ("The 'prevailing party' entitled to costs under F.R.Civ.P. 54(d) is the party in whose favor judgment is entered, unless otherwise determined by the Court."). Nor can Plaintiff deny that he "recovered no 'relief in the action on the contract.'" *David S. Karton, A Law Corp. v. Dougherty*, 231 Cal. App. 4th 600, 608 (2014), *as modified on denial of reh'g* (Dec. 12, 2014) (quoting Cal. Civ. Code § 1717(b)(1)). The Court's Order expressly states: "The motions to dismiss and the motions to strike are ***GRANTED***. . . . The Court will enter judgment ***in favor of Defendants*** without further delay." ECF 93 at 7 (emphasis added). And the Judgment expressly provides: "IT IS ORDERED AND ADJUDGED that ***Plaintiff take nothing***, that the action be ***dismissed with prejudice***, and that Defendants recover costs of suit pursuant to a bill of costs filed in accordance with 28 U.S.C. § 1920." ECF 94 (emphases added). Accordingly, because USC obtained an unqualified victory on Plaintiff's claims, it is the prevailing party under both federal and state law. *See, e.g.*, *Billon, Inc. v. Slatin*, No. SACV1600788CJCJPRX, 2018 WL 1409746, at *2 (C.D. Cal. Jan. 3, 2018)

2

DEFENDANT USC KECK SCHOOL OF MEDICINE'S REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND COSTS

(holding that defendants were entitled to recover attorney's fees pursuant to Section 1717 because they "obtained an unqualified victory on all three of Billon's claims"); *Scott Co. of California v. Blount, Inc.*, 20 Cal. 4th 1103, 1109 (1999) ("When a party obtains a simple, unqualified victory by completely prevailing on or defeating all contract claims in the action and the contract contains a provision for attorney fees, section 1717 entitles the successful party to recover reasonable attorney fees incurred in prosecution or defense of those claims."); *Pollard v. FCA US LLC*, No. 817CV00591JLSJCG, 2020 WL 57270, at *2 (C.D. Cal. Jan. 3, 2020) (holding that a party is a prevailing party under Rule 54 if the court decides that the party has achieved its main litigation objective) (citation omitted).[1]

Plaintiff's argument that USC did not "really" prevail because Plaintiff's claims were dismissed on statute of limitations grounds, among many other grounds, is entirely without merit. ECF 110 at 9. Indeed, even if Plaintiff's claims had only been dismissed on statute of limitations grounds, USC would be entitled to recover its fees and costs. The law provides that "[d]ismissals based on the expiration of the statute of limitations are treated as dismissal on the merits for the purpose of awarding attorneys' fees." *Yenidunya Invs., Ltd. v. Magnum Seeds, Inc.*, 2012 WL 538263, *2 (E.D. Cal. 2012), *aff'd*, 562 F. App'x. 560 (9th Cir. 2014). *See also St. Julien v. Bank of Am.*, No. CV142410FMOMRWX, 2016 WL 9211677, at *2 (C.D. Cal. Aug. 31, 2016) (same); *see also Grolsche Bierbrouwerij Nederland, B.V. v. Dovebid, Inc.*, 2011 WL 5080175, *1 & *3 (N.D. Cal. 2011) (defendants were prevailing party under Section 1717 on the grounds that plaintiff's claim was time-barred). Here, of course, the Court also dismissed

---

[1] *See also Hsu v. Abbara*, 9 Cal. 4th 863, 865–66 (1995) (holding that when the trial court "renders a simple, unqualified decision in favor of the defendant on the only contract claim in the action[,] . . . the defendant, who is unquestionably the sole victor, is the party prevailing on the contract as a matter of law and therefore entitled to reasonable attorney fees under section 1717"); *Karton*, 231 Cal. App. 4th at 609 ("The trial court awarded Karton no relief on its contract claim, so it cannot be the prevailing party on the contract.").

3

DEFENDANT USC KECK SCHOOL OF MEDICINE'S REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiff's claims on multiple additional grounds, including the grounds of res judicata and waiver/release. ECF 93 at 1-2.

### C. USC Is Entitled to Recover the Fees It Incurred in Defending against All of Plaintiff's Frivolous Claims

The Agreement authorizes an award of attorney's fees. Section 6 expressly provides that "[Plaintiff] agrees that *__he will not file any lawsuits . . . incorporating any events, acts or omissions through and including the date hereof__*," and that "*__if [Plaintiff]__* violates the promises made in this paragraph and *__files a lawsuit . . . of any kind with any court . . . against USC . . . based on any events, acts or omissions through and including the date hereof__*, [Plaintiff] will pay for *__all costs and losses, including actual attorneys' fees, incurred by USC in connection with said lawsuit__*." ECF 1-2, at 6 (emphases added). USC is entitled to recover the fees it incurred in defending against all of Plaintiff's meritless claims in both Actions.

Plaintiff's self-serving suggestion that Section 6 should not apply because his claims "can be traced to post contract behavior," and because he referred to alleged "events, acts or omissions" predating the Agreement only "for background," is disingenuous, to say the least, and legally irrelevant in any event. ECF 110, at 8, 10. Plaintiff's pleadings and motions include literally dozens of references to alleged "events, acts or omissions" predating the Agreement. ECF 110, at 8, 10; Prior Action, ECF 1, at 2-3, 5-9, 31-32; Prior Action, ECF 33, at 1, 6-12, 30, 41-42, 53, 56; Prior Action, ECF 36, at 3-4; ECF 1, at 2, 4, 5, 14-17, 25, 32, 33, 37, 44, 47, 54, 57, 62-64; ECF 1-1 at 1, 4, 13-43; ECF 1-2 at 27.

Far from being mere "background," these allegations were central to Plaintiff's claims. For instance, Plaintiff alleged that USC "illegally withheld the AAMC profile from a *__2008__* federal discovery production" and that this somehow caused USC to be in "breach of the settlements *__from the time they were formed__*." ECF 1 at 15, 37, 54 (emphases added). Plaintiff also alleged, as the basis for his purported RICO claim, that USC engaged in "multiple predicate acts, *__which were the subject of a federal lawsuit__*

4

*in 2007*." ECF 1 at 54 (emphasis added). And as part of his fraud claim, Plaintiff sought the "***re-opening of the claims and facts, pre-2008, that had been subject to settlement***." *Id.* at 67 (emphasis added). In addition, Plaintiff littered his pleadings and motions with false and malicious allegations against USC. *See, e.g.*, *id.* at 9 (accusing USC's deans of "abuse of office, corruption, and bribery"). Plaintiff included such scurrilous allegations solely to smear USC and impugn its leadership. Having repeatedly and intentionally included references to alleged pre-2008 "events, acts or omissions" in every pleading and brief, Plaintiff cannot now claim these allegations were merely "for background."

Nor can Plaintiff legitimately demand that USC's fees be reduced because he brought other claims. "California courts liberally construe the term 'on a contract' as used within section 1717. As long as the action 'involve[s]' a contract it is 'on [the] contract' within the meaning of [s]ection 1717." *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*, 162 Cal. App. 4th 858, 894 (2008) (quoting *Dell Merk, Inc. v. Franzia* (2005) 132 Cal. App. 4th 443, 455); *see also Barrientos v. 1801-1825 Morton LLC*, 583 F.3d 1197, 1216 (9th Cir. 2009) (holding that an action is "on a contract" whenever "the underlying contract between the parties is not collateral to the proceedings but plays an integral part in defining the rights of the parties"). Here, the action "involved" a contract. Plaintiff asserted broad claims for breach of contract, declaratory relief, and rescission based on the settlement agreements. ECF 1, at 33-38, 64; ECF 1-1, at 1-5. These claims were integral, not collateral, to Plaintiff's complaints. Therefore, Plaintiff's Action and Prior Action were based "on a contract." Moreover, "[a]llocation is not required when the issues are 'so interrelated that it would have been impossible to separate them into claims for which attorney fees are properly awarded and claims for which they are not.'" *Amtower v. Photon Dynamics, Inc.*, 158 Cal. App. 4th 1582, 1604 (2008), as modified (Feb. 15, 2008) (quoting *Akins v. Enterprise Rent–A–Car Co.*, 79 Cal. App. 4th 1127, 1133 (2000)). Here, all of Plaintiff's claims turned on the settlement agreements, USC's alleged breach of the settlement agreements, and the alleged "events, acts or omissions" that gave rise to the settlement agreements. ECF 1, at 2, 3, 5, 10-16, 20, 26, 29, 30-41,

43-44, 47, 53-55, 58-64; ECF 1-1, at 1-5. It would have been impossible to separate out USC's fees by claim. *See, e.g.*, *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1111 (1996), *as modified on denial of reh'g* (Mar. 22, 1996) (holding that an allocation was not required where the claims "were inextricably intertwined, making it impracticable, if not impossible, to separate the multitude of conjoined activities into compensable or noncompensable time units") (internal quotations and citations omitted). Indeed, USC's entire defense of the Action and identical Prior Action, and every claim asserted therein, was necessary to protect its rights under the Agreement, the very purpose of which was to prevent Plaintiff from filing *any* future lawsuit based on alleged pre-Agreement conduct. *Reudy v. Clear Channel Outdoors, Inc.*, 693 F. Supp. 2d 1091, 1097 (N.D. Cal. 2010), *aff'd sub nom. Reudy v. CBS Corp.*, 430 F. App'x 568 (9th Cir. 2011) (using ordinary rules of contract interpretation to interpret attorneys' fees provision, and noting that by suing on released claims, even for non-contract claims, the Court found that defendant was entitled to attorneys' fees in defending all claims). C.f. *Crossroads Partners v. Utah Crossing*, Ltd., 191 F.3d 459 (9th Cir. 1999) (holding that, had the settlement and release contained a provision permitting the recovery of attorneys' fees, the non-breaching party who successfully defended an action brought in violation of the release would have been entitled to such fees).

**D.   USC Is Entitled to Recover the Fees It Incurred in Defending against Plaintiff's Frivolous Claims in the Prior Action**

USC is also entitled to recover the fees it incurred in defending the Prior Action. Plaintiff's arguments regarding Rule 41(d) are irrelevant and wrong.

Plaintiff's reliance on *LegalForce, Inc. v. LegalZoom.com, Inc.*, No. 18-CV-07274-MMC, 2019 WL 1170777 (N.D. Cal. Mar. 13, 2019) is unavailing. The court there recognized that "the issue of whether a court may award fees under Rule 41(d)(1) has not been addressed by the Ninth Circuit." *Id.* at *2. However, courts in this District consistently have held that attorneys' fees are recoverable under Rule 41(d). *See, e.g.*, *Esquivel v. Arau*, 913 F. Supp. 1382, 1392 (C.D. Cal. 1996) (holding that attorneys' fees

are recoverable under rule 41(d)); *Nielson v. Union Bank of California, N.A.*, No. CV0206942MMMCWX, 2003 WL 27374136, at *6 (C.D. Cal. Mar. 31, 2003) (same).

Plaintiff is attempting to turn Rule 41(d) on its head. Under his interpretation, a plaintiff facing dismissal could circumvent Rule 41(d) simply by dismissing his or her complaint and re-filing the same complaint as a new action. In effect, Plaintiff is asking the Court to "create a gaping loophole to Rule 41(d) that would effectively vitiate its impact in these circumstances." *Nielson*, 2003 WL 27374136, at *3 (internal quotation marks omitted) (holding that defendants were entitled to recover their attorney's fees where the plaintiff voluntarily dismissed the first action after commencing the second action). *See also* ECF 99, at 19.

It is irrelevant that Plaintiff claims he dismissed the Prior Action based on the advice of counsel. Plaintiff admits the dismissal was not a mistake, but was done because he allegedly "discovered new evidence." ECF 110, at 11. Plaintiff, however, filed a motion to amend in the Prior Action that included the same alleged "new evidence" included in this Action. Prior Action, ECF 52, at 3. Yet, instead of waiting for the Court to rule on the parties' pending motions, Plaintiff elected to dismiss the Prior Action and file a new action to avoid an unfavorable ruling by the Court and to forum shop. Plaintiff's gamesmanship should not be rewarded.

USC is also seeking fees pursuant to Rule 41(d) and 54(d)(2) of the Federal Rules of Civil Procedure, Central District of California Local Rules 54-2 and 54-7, *and* Section 1717. Thus, while Rule 41(d) authorizes fees for the Prior Action, the issue is ultimately academic because the Agreement provides for the recovery of fees even where Plaintiff voluntarily dismisses the case. ECF 99, at 17-18.

### E. Plaintiff's "Unclean Hands" Argument Also Fails

Plaintiff's attempt to argue that USC's fee request is barred by the doctrine of unclean hands also fails. ECF 99 at 5, 9, 14. "[W]hen one party obtains a 'simple, unqualified win' on the single contract claim presented by the action, the trial court may not invoke equitable considerations unrelated to litigation success. . . . To admit such

factors into the 'prevailing party' equation would convert the attorney fees motion from a relatively uncomplicated evaluation of the parties' comparative litigation success into a formless, limitless attack on the ethics and character of every party who seeks attorney fees under section 1717." *Hsu*, 9 Cal. 4th at 877 (internal citations omitted).[2] Accordingly, because USC obtained a "simple, unqualified win" on Plaintiff's breach of contract claim, Plaintiff's "unclean hands" argument fails as a matter of law.

Plaintiff is attempting to re-litigate his failed breach of contract claim. ECF 99, at 5 (arguing that USC has unclean hands because it "never honored the settlement agreement"). Not only was Plaintiff's claim barred by the statute of limitations, waiver/release, and res judicata, but the Court found that Plaintiff "has simply not demonstrated any likelihood that he is correct on the merits of any of the claims in this case." ECF 68, at 2.

### F. There Is Nothing "Unfair" about Awarding Fees Pursuant to a Contract

Plaintiff claims it is "unfair" to award fees because he was proceeding *pro se* for part of the Prior Action. ECF 99, at 11-12. Plaintiff was always represented by counsel, even though they did not always appear as counsel of record, but in any event there is nothing unfair about awarding fees pursuant to a valid contract that Plaintiff freely and voluntarily entered into and that was intended to protect USC against the filing of lawsuits like this one and the Prior Action. ECF 1-2, at 6. The Agreement expressly provides for the recovery of fees in the event that Plaintiff files a lawsuit based on alleged "events, acts or omissions" predating the Agreement. ECF 1-2, at 6. USC is entitled to the benefit of its bargain, and there are no factors that would militate against the award of fees under these circumstances.

---

[2] Moreover, unclean hands is an affirmative defense. It applies "when a ***plaintiff*** has acted unconscionably, in bad faith, or inequitably in the matter in which the plaintiff seeks relief." *Salas v. Sierra Chem. Go.*, 59 Cal. 4th 407, 432 (2014) (emphasis added). The defense also raises issues of fact. *See Kendall-Jackson Winery, Ltd. v. Superior Court* (1999) 76 Cal. App. 4th 970, 978 (1999). As such, it must be raised prior to judgment. *See, e.g.*, *Marshall v. Marshall*, 232 Cal. App. 2d 232, 253 (1965); *Behm v. Fireside Thrift Co.*, 272 Cal. App. 2d 15, 21 (1969).

Plaintiff does not claim limited financial resources. Plaintiff is the founder and CEO of a technology corporation called Greenflight Venture Corporation, that "allows a mobile phone user to identify the name associated with a phone number through a reverse lookup." *Whitepages, Inc. v. Isaacs*, 196 F. Supp. 3d 1128, 1130 (N.D. Cal. 2016), *aff'd*, 698 F. App'x 613 (Fed. Cir. 2017). While USC has no way of knowing what sort of revenue Plaintiff derives from this or any other source, Plaintiff clearly has the resources to bring a continuous string of lawsuits against various defendants, including patent infringement suits. *See, e.g.*, *Greenflight Venture Corp., et al. v. True Software Scandinavia A.B.*, 2016 WL 3901170 (N.D. Cal May 13, 2016) (Amended Complaint). And even if Plaintiff were lacking in resources, that "lack of resources . . . has not deterred [him] in the least," and "any 'financial ruin' which may potentially befall [Plaintiff] is due to frivolous suits such as this, a situation entirely of [Plaintiff's] own creation." *Kulas v. Arizona*, 156 F. App'x 29, 31 (9th Cir. 2005) (internal citation omitted) (affirming an award for attorneys' fees against a *pro se* plaintiff).

Second, Plaintiff is anything but a typical *pro se* litigant. ECF 110, at 10. Plaintiff has continually been filing lawsuits against individuals, educational institutions, and state and federal governmental entities since 2006. *See* ECF 45, at 3-6. He is a sophisticated, serial litigant well-versed in manipulating the legal system to maximize the financial burden on his adversaries. *See Kulas*, 156 F. App'x at 31 (affirming fee award against a *pro se* plaintiff who could "recognize the objective merit (or lack of merit) of [his] claim" and who "has represented himself in approximately 19 lawsuits filed in the District of Arizona alone . . . [and] has represented himself before the Ninth Circuit more than 20 times"); *cf. Cummins v. Shupps*, No. CV1108081BROMANX, 2013 WL 12124099, at *5 (C.D. Cal. Aug. 9, 2013) (granting motion to dismiss where plaintiff improperly served defendant after finding that the *pro se* plaintiff had actively participated in the federal action, filing and responding to motions and appealing to the Ninth Circuit); *Sepehry-Fard v. Countrywide Home Loans. Inc.*, No. 13-CV-05769-BLF, 2014 WL 2707738, at *5 (N.D. Cal. June 13, 2014) (denying motion for leave to

amend where plaintiff failed to plead jurisdiction after finding that the "Plaintiff [w]as a sophisticated *pro se* litigant based upon the numerous federal court cases he has filed over the years").

Although Plaintiff claims he "was unable to find counsel for some time," Plaintiff filed the Prior Action with the aid of counsel, and had the advice of counsel throughout. ECF 110, at 11; ECF 1-1, at 44-47. On August 3, 2018, Keith Matthews sent a letter to USC of behalf of the Plaintiff threatening to sue USC for RICO violations, and attaching a copy of the Prior Action Complaint, which was later filed on March 18, 2019. ECF 1-1, at 44-46; Prior Action, ECF 1. On May 24, 2019, two months after filing the Prior Action Complaint, Mr. Matthews reached out to USC again, this time seeking to engage in a mediation with USC. ECF 1-1, at 47. Moreover, Mr. Matthews has been representing Plaintiff for years in parallel litigation against some of the other Defendants—litigation that resulted in the denial of certiorari on October 7, 2019, just one month after Plaintiff's voluntary dismissal of the Prior Action and the same day Mr. Matthews submitted his *pro hac vice* in this action. *See Isaacs v. Trustees of Dartmouth Coll.*, No. 17-CV-040-LM, 2018 WL 734182, at *1 (D.N.H. Feb. 5, 2018), No. 17-CV-040-LM, 2018 WL 2225097 (D.N.H. May 15, 2018), No. 18-1560, 2018 WL 6042640 (1st Cir. 2019), *cert. denied*, 589 U.S. 15 (2019) (No. 18-1411) (represented by Mr. Matthews and John F. Skinner); ECF 32. Indeed, Mr. Matthews and Mark Josephs have been assisting Plaintiff for years. *See Isaacs v. United States Dep't of Educ.*, No. CV 17-11221-FDS, 2018 WL 1257760, at *1 (D. Mass. Mar. 12, 2018) (represented by Mr. Josephs); *Isaacs v. Dartmouth-Hitchcock Med. Ctr.*, No. 12-CV-040-LM, 2014 WL 1572559, at *1 (D.N.H. Apr. 18, 2014) (ECF 52, Appearance of Counsel Keith Matthews); *Isaacs v. U.S. Dept. of Justice*, No. 1:18-CV-10886 (D. Mass. Apr. 9, 2019) (ECF 4, Appearance of Counsel Keith Matthews). While Plaintiff has more federal litigation experience than many lawyers, he certainly has not been acting alone.

In sum, to the extent that equitable considerations are relevant at all, they weigh heavily in favor of granting the Motion.

### G. USC's Fees Were Reasonable and Are Amply Documented

Under the Court's "Order re Format of Time and Expense Records," USC was required to submit a chronological record of the fees incurred, identifying the services rendered by timekeeper. It did so. It submitted a detailed record of all hours and services rendered and detailed declarations from James P. Fogelman, Shannon Mader, and Katarzyna Ryzewska describing the work that was done. No more is required. *See, e.g.*, *Garza v. City of Los Angeles*, No. 216CV03579SVWAFM, 2018 WL 5859549, at *3 (C.D. Cal. June 25, 2018) ("detailed, contemporaneous records" suffice); *In re Rossco Holdings, Inc.*, No. CV 14-917-JFW, 2014 WL 2611385, at *8 (C.D. Cal. May 30, 2014) ("[A]n attorney need not submit contemporaneous time records in order to recover attorney fees . . . Testimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.") (citation and internal quotation marks omitted).[3]

By contrast, Plaintiff has completely failed to meet his "'burden of providing specific evidence to challenge the accuracy and reasonableness of the hours charged.'" *Arrow Elecs., Inc. v. E.ON AG*, No. CV 05-2388 SVW (SSX), 2008 WL 11342597, at *2 (C.D. Cal. Nov. 12, 2008) (quoting *McGrath v. County of Nevada*, 67 F.3d 248, 255 (9th Cir. 1995)). Plaintiff has not even attempted to show that the hours billed or rates charged by Gibson Dunn are inaccurate or unreasonable. Considering the breadth of the legal and factual issues involved, the total hours billed—223.3—is completely reasonable. ECF 99, at 22-24; ECF 99-1; ECF 99-2; ECF 99-3. And the rates charged by Gibson Dunn are well within the range of rates generally charged by similar firms engaged in similar work. ECF 99-1 ¶ 9. Moreover, USC repeatedly asked Plaintiff to

---

[3] There is no requirement that fees be broken down by theory. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (recognizing that if the claims "involve a common core of facts," it may be "difficult to divide the hours expended on a claim-by-claim basis"); *Bockman v. Lucky Stores, Inc.*, No. CIV S 83-039 RAR, 1986 WL 425, at *4 (E.D. Cal. Nov. 20, 1986) ("[C]ounsel is not required to give a blow-by-blow, minute-by-minute dissertation of every minute, hour and method used in compiling the so-called composite time records.").

dismiss his meritless complaints and withdraw his frivolous preliminary injunction motion. Prior Action, ECF 14-1, at 2; Prior Action, ECF 41-1, at 2; ECF 45-2, at 4; ECF 61-1, at 1; ECF 64-2, at 2; ECF 67-1, at 2. Plaintiff not only refused, but doubled down on his dubious, and ultimately self-destructive, strategy by adding more claims and by naming Gibson Dunn as a defendant. Plaintiff has only himself to blame for USC's fees.

The Court has already stated that it would take USC's Motion under submission without oral argument. ECF 104. There is no requirement that the Court hold an evidentiary hearing. *See, e.g.*, Fed. R. Civ. P. 54. *See also* Fed. R. Civ. P. 78(b) ("[T]he court may provide for submitting and determining motions on briefs, without oral hearings."); Fed. R. Civ. P. 43(c) ("[T]he court may hear the matter on affidavits or may hear it wholly or partly on oral testimony[.]"). The Court can and should decide the issue on the papers. "Nothing more [is] required by Rule 54." *Miller v. Dugan*, 764 F.3d 826, 830 (8th Cir. 2014). Plaintiff has had months to challenge specific entries and has failed to do so. His request for an evidentiary hearing is just another stalling tactic. "A request for attorneys' fees should not result in a second major litigation," *Hensley*, 461 U.S. at 437.

### III. CONCLUSION

For all of the foregoing reasons, USC respectfully requests that the Court grant its Motion for Fees.

Dated: April 27, 2020

GIBSON, DUNN & CRUTCHER LLP

By: */s/ James P. Fogelman*
      James P. Fogelman

Attorney for USC Keck School of Medicine

DEFENDANT USC KECK SCHOOL OF MEDICINE'S REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND COSTS