**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFREY ISAACS, Dr., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> USC KECK SCHOOL OF MEDICINE; et al., <br><br> Defendants-Appellees. | No.   20-55239 <br><br> D.C. No. <br> 2:19-cv-08000-DSF-RAO <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted April 14, 2021[**]
Pasadena, California

Before: M. SMITH and IKUTA, Circuit Judges, and STEELE,[***] District Judge.

Appellant Jeffrey Isaacs challenges the district court's grant of Appellees'

motion to dismiss and special motion to strike pursuant to California Code of Civil

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable John E. Steele, United States District Judge for the Middle District of Florida, sitting by designation.

Procedure § 425.16. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. Our review is de novo for both the granting of Appellees' motion to dismiss, *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017), and Appellees' special motion to strike, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

  1. A district court may grant a motion to dismiss a complaint based on an affirmative defense, such as a statute of limitations, when the "defense is obvious on the face of a complaint." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). Here, the district court did not err in granting Appellees' motion to dismiss Isaacs's civil Racketeer Influenced and Corrupt Organizations Act (RICO) and state law claims because it is obvious from the face of the complaint that these claims are time barred.

  "The statute of limitations for civil RICO actions is four years." *Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001). This period "begins to run when a plaintiff knows or should know of the injury which is the basis for the action." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 365 (9th Cir. 2005). "The plaintiff is deemed to have had constructive knowledge if [he] had enough information to warrant investigation which, if reasonably diligent, would

have led to discovery of the fraud." *Pincay*, 238 F.3d at 1110 (quoting *Beneficial Standard Life Ins. Co. v. Madariaga*, 851 F.2d 271, 275 (9th Cir. 1988)).

Isaacs's complaint alleges that in June of 2015—when his appeal of the revocation of his medical license was dismissed—he "became reasonably suspicious, and informed, that [University of Southern California Keck School of Medicine (USC)] was not complying with the Settlement Agreements." Because the basis of his RICO claim is his inability to practice medicine and reputational harm caused by the revocation of his license, it is undeniable that Isaacs was aware of his injury by June of 2015. Isaacs filed his current lawsuit on September 16, 2019—over four years after his medical license was revoked and his injury was apparent.[1] Accordingly, it is obvious from the face of the complaint that Isaacs's RICO claim is time barred.

Pursuant to California law, contract and recission claims are subject to a four-year statute of limitations. Cal. Civ. Proc. Code §§ 337(a), (b). Again, Isaacs's complaint alleges that in June 2015, Isaacs suspected USC "was not

---

[1] Throughout his complaint, Isaacs alleges that he learned of his injury—the negative impact on his medical career, education and reputation—in 2019 when he found a copy of his Association of American Medical Colleges (AAMC) profile, which reflected his dismissal from USC for "Non Academic Reasons." Because the limitations period is triggered when an individual becomes *aware of or suspects* an injury (not when he finds smoking-gun evidence of his injury), the year in which Isaacs discovered this document does not affect our statute of limitations analysis.

3

complying with the Settlement Agreements." The limitations period, therefore, began running in June of 2015, rendering his current contract and recission claims time barred.

Intentional interference with contract is subject to a two-year statute of limitations. Cal. Civ. Proc. Code § 339(1). Isaacs's complaint alleges that John Doe—an unnamed defendant—notified Dartmouth's residency program of Isaacs's disciplinary records at USC, and thus, "deliberately defeated the purpose of the [settlement] agreements." Given that Dartmouth terminated Isaacs in 2012, Isaacs's claim against John Doe is time barred. Isaacs alleges that the New Hampshire Board of Medicine published "a fake order to the public, which is meant to defeat [Isaacs's] consideration vested by the settlement agreements." Again, the New Hampshire Board of Medicine published its initial order in 2014 and its finalized order in June 2015—thus, it is obvious from the face of the complaint that Isaacs's claim is time barred.

Finally, fraud and constructive fraud claims are subject to a three-year statute of limitations. Cal. Civ. Proc. Code § 338(d). The limitations period begins to run when the plaintiff "suspect[s] or should have suspected that an injury was caused by wrongdoing." *Kline v. Turner*, 105 Cal. Rptr. 2d 699, 702 (Ct. App. 2001). Isaacs's complaint alleges that "USC represented it would seal [his] disciplinary records" but that "representation was false." Again, Isaacs's

4

complaint alleges that by June of 2015, he suspected USC "was not complying with the Settlement Agreements." Therefore, he was aware of his injury more than three years before he filed his claim, rendering both his fraud claims time barred.

    2. The district court did not err in granting Appellees' motion to dismiss as to Isaacs's retaliation claim. Under both the Rehabilitation Act and the Americans with Disabilities Act (ADA), "[a] *prima facie* case of retaliation requires a plaintiff to show: '(1) involvement in a protected activity, (2) an adverse employment action[,] and (3) a causal link between the two.'" *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (quoting *Brown v. City of Tucson*, 336 F.3d 1181, 1187 (9th Cir. 2003)). Isaacs failed to allege that he was an employee of USC.

    3. The district court did not err in granting Appellees' motion to dismiss Isaacs's 42 U.S.C. § 1983 claim against the New Hampshire Board of Medicine for violating his Eighth Amendment rights. Pursuant to well-settled law, "[s]tate agencies . . . are not 'persons' within the meaning of [42 U.S.C.] § 1983, and are therefore not amenable to suit under that statute." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). It is undisputed that the New Hampshire Board of Medicine is a state agency. Therefore, Isaacs's Eighth Amendment claim, made via § 1983, is barred

by the Eleventh Amendment.[2]

4.  Isaacs's remaining constitutional claims were also properly dismissed. Isaacs alleges that Gibson Dunn and Crutcher LLP (Gibson Dunn) and USC violated his right to due process and his First Amendment right to "assemble and speak at USC events" when they "unilaterally restricted [his] freedom" to access the USC campus. The First and Fourteenth Amendments, however, do not apply to private actors unless those actors are exercising a function "traditionally exclusively reserved to the State." *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1926 (2019) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974)). Both USC and Gibson Dunn are private actors, and neither party was exercising traditional, exclusively state functions. Accordingly, Isaacs's claims fail as a matter of law.

5.  The district court did not err in granting Appellees' motion to strike Issacs's state law claims pursuant to California's anti-SLAPP statute, California Code of Civil Procedure § 425.16. "[A] party may file a motion to strike a cause of action against it if the complaint 'aris[es] from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue.'"

---

[2] In his brief, Isaacs argues that his claim is primarily against an investigator for New Hampshire Board of Medicine. Isaacs, however, did not name this person as a party to the suit. As such, the Eleventh Amendment precludes his claim.

*Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010) (quoting Cal. Civ. Proc. Code § 425.16(b)(1) (second alteration in original)). A court considering a party's motion to strike engages in a two-part inquiry: (1) "the defendant must make a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech"; and (2) the plaintiff must "demonstrate a probability of prevailing on the challenged claims." *Id.* (internal quotation marks omitted).

Isaacs's stricken claims relate to emails between him, a Gibson Dunn attorney, and USC's in-house counsel. Appellees' statements in these emails constitute protected speech, and most of them are reiterations of USC's legal position, "made in direct response to [Isaacs's] threats." Moreover, Isaacs did not establish a likelihood of success on the merits of these claims. Isaacs does not have a protected right to being on USC's campus—USC is a private school and may exclude Isaacs. The Gibson Dunn emails do not amount to "extreme and outrageous conduct," *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (listing the elements of a cause of action for intentional infliction of emotional distress), or "intentional acts designed to induce a breach or disruption of [a] contractual relationship," *Reeves v. Hanlon*, 95 P.3d 513, 517 (Cal. 2004) (listing the elements of intentional interference with contractual relations). The district court, therefore, did not err in granting the motion to strike.

**AFFRIMED**.

Case 2:19-cv-08000-DSF-RAO Document 117 Filed 04/22/21 Page 8 of 8 Page ID #:2906